IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ◆ | |
| | ◆ | |
| V. | ◆ | |
| | ◆ | |
| | ◆ | CIVIL ACTION B-02-184 |
| BROWNSVILLE INDEPENDENT SCHOOL | ◆ | |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ◆ | (JURY REQUESTED) |
| and EDDIE ERRISURIZ, in their official and | ◆ | |
| individual capacity, *and employees, agents, and all* | ◆ | |
| *those acting in concert or at their discretion* | ◆ | |

## PLAINTIFFS' OPPOSED MOTION TO REMAND
## AND MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, NORMA ORTIZ and CATALINA GARCIA, Plaintiffs in this action, and pursuant to 28 U.S.C. § 1447(c), respectfully requests that this Court enter an order remanding this action to the 357th District Court of Cameron County, Texas, on grounds other than lack of subject matter jurisdiction in that (1) notice of removal was not timely filed; and (2) Defendants further waived their right to removal by invoking the processes of the state court. Plaintiffs further ask that this court impose sanctions on Defendants for causing unnecessary delay in the form of court costs, expenses, and attorney's fees. The evidence herein that is incorporated by reference supports this motion and shows unto the Court the following:

## I.
## PROCEDURAL HISTORY

1.    On January 11, 2002, Plaintiffs' Original Petition was filed in the 357th District Court of Cameron County, Texas.

2.    On or about July 12, 2002, Defendants filed: Defendants' Standard Motion for Summary Judgment and Defendants' Rule 166a(i) "No Evidence" Motion for Summary Judgment.

1

3.     On August 9, 2002, Plaintiffs served on Defendants Plaintiffs' Fourth Supplemental Response to Defendants' Request for Disclosures alleging that Plaintiffs were seeking federal claims.

4.     On August 12, 2002, Defendants were placed on notice of said federal claims brought by Plaintiffs.

5.     On September 3, 2002, Defendants' filed Defendants' Objections and Motion to strike Plaintiffs' Summary Judgment Evidence.

6.     On September 3, 2002, Defendants' urged at a hearing before the state court both motions for summary judgment as well as their objections and motion to strike the evidence.

7.     On September 12, 2002, the state court granted Defendants' Standard Motion for Summary Judgment, Defendants' "No Evidence" Motion for Summary Judgment, and partially granted Defendants' Objections and Motion to Strike Plaintiffs' Summary Judgment Evidence.

8.     On or about September 24, 2002, Defendants filed their Notice of Removal.

## II.
## UNTIMELY NOTICE OF REMOVAL

1.     Defendants claim that this cause is removable and that this court has jurisdiction over the merits of Plaintiffs' causes of action; however, Defendants did not timely file notice of removal.  Defendants' failure to follow the proper steps in removing this lawsuit justifies remand back to the 357th District Court of Cameron County, Texas.

2.     Notice of removal must be filed within 30 days of the date the defendant learned that the case was removable.  *See* 28 U.S.C §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1325 (1999).  The removal statutes are to be strictly construed.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Brown v. Francis*, 75 F.3d 860, 865 (3rd Cir. 1996).  Any doubt about the propriety of removal is construed against removal.  *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

3.     If the initial suit was not removable, but the suit later becomes removable, the notice of removal must be filed within 30 days after the defendant's receipt, "through service or otherwise," of a copy of an amended pleading, motion, order, or *"other paper"*

from which the defendant can ascertain that the case has become removable. The phrase "other paper" refers solely to documents generated within the state court litigation itself. *Zbranek v. Hofheinz*, 727 F.Supp. 324, 326 (E.D.Tex. 1989). <u>Plaintiff's Fourth Supplemental Response to Defendants' Request for Disclosures</u> is a *"new paper or event that changed the facts regarding the removableness of the case."* See *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). *(See Exhibit A)*

4.     The U.S. Supreme Court has held that the states must permit § 1983 actions to be brought in their courts; federal and state courts have concurrent jurisdiction over 42 U.S.C. § 1983 actions. *Howlett v. Rose*, 496 U.S. 356, 358, 380-381 (1990); *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820 (1990). To bring a claim under § 1983, a Plaintiff must allege a *deprivation of rights secured by the Constitution and laws of the United States*. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). On <u>August 12, 2002</u>, Defendants received actual notice that Plaintiffs sued for:

**violations of the laws and Constitutions of the United States and Texas.**

*(See Exhibit A)*

5.     Therefore, it was on <u>August 12, 2002</u> that the 30-day time limitation for filing notice of removal was triggered requiring that Defendants file their notice of removal on or about <u>September 11, 2002</u> after it learned of Plaintiffs' new allegations and federal claims in addition to those arising under the Texas Constitution and common law. Defendants contend that they first learned of Plaintiffs' claims at the time they received a copy of Plaintiffs' Second Amended Original Petition. (incorrectly named Plaintiffs' Third Amended Original Petition) *(See Exhibit B)* However, Plaintiffs did not allege new claims in this amended pleading, but only those that were already alleged in their August 9, 2002 disclosure responses.

6.      Thus, Plaintiffs object to the removal of this cause as Defendants' right to removal has grossly lapsed.

## IV.
## WAIVER

1.      If a Defendant has the option to remove but proceeds to defend the action in state court, it waives its right to remove.  *Brown v. Demco, Inc.*, 792 F.2d 478, 483 (5th Cir. 1986); *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171 (W.D. Tenn. 1986).

2.      A Defendant simply cannot . . . 'experiment on his case in the state court, and, upon adverse decision, then transfer it to the federal court.' " *Bolivar Sand Co., Inc., 631 F.Supp at 172.* The key factor in determining whether an action constitutes a waiver is the Defendant's intent to seek a disposition of the action on the merits in state court. *Id.* at 173. The following have been found to "waive" a Defendant's right to remove: (1) motion to vacate order of attachment; (2) motion to vacate notice of taking; (3) petition for writ of prohibition following denial of motions to quash contempt citations and to dissolve injunction; (4) motion for directed verdict; (5) motion to dismiss; (6) motion for summary judgment; (7) cross-claims; (8) permissive counterclaims. *Id.*; *Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co.*, 933 F.Supp. 1060, 1062 (M.D. Fla. 1996); *Zbranek*, 727 F.Supp. at 326; *Bolivar Sand Co., Inc., 631 F.Supp at 173.*

3.      The facts indicate that on August 12, 2002, Defendants received actual notice that Plaintiffs sued for **violations of the laws and Constitutions of the United States and Texas.** *(See Exhibit A)* Defendants', however, failed to exercise their option of removing at this time.  Instead, Defendants' urged their motions for summary judgment and objections and motion to strike Plaintiffs' evidence at a hearing on September 3, 2002 and obtained rulings on September 12, 2002. *(See Exhibits C, D, E)* Defendants' then proceeded to remove the remaining claims on September 24, 2002 clearly attempting to experiment with the rulings in both state and federal despite their knowledge of Plaintiffs' federal claims of which

4

they were noticed on August 12, 2002. The Defendants' motions, both jointly and severally, invoked the processes, discretions, and powers of the state court on the merits of the case and were substantially clear and unequivocal intentions to prosecute this action in the state court.

    4.    Thus, Plaintiffs object to the removal of this cause as Defendants' right to removal has been waived by Defendants' conduct in state court.

## V.
## SANCTIONS

    1.    Plaintiffs ask that this court impose sanctions, or in the alternative, hold Defendants responsible for intentionally and improperly removing this cause knowing that it both (1) was not timely and (2) would cause injustices to Plaintiffs in the form of unnecessary delay of the trial, court costs, expenses, and attorney's fees.

    2.    Plaintiffs herein request that this court impose sanctions on Defendants by granting Plaintiffs costs of court, expenses, and attorney's fees due to Defendants' improper attempt to remove this cause of action following the passing of its deadline to remove and after vigorously litigating this matter in the state court thereby invoking processes, discretions, and powers of the state court. This court can impose sanctions if the document has been presented for an improper purpose such as to cause harassment or unnecessary delay or expense. *See* FRCP 11(b)(1); *Sheets v. Yamaha Motors, Inc.*, 891 F.2d 533, 538 (5th Cir. 1990). Defendants were noticed of Plaintiffs' federal allegations on August 12, 2002.

    3.    Alternatively, costs of court, expenses, and attorney's fees should be granted to Plaintiffs in that they are allowed by law due to Defendants' improper attempt to remove this action. 28 U.S.C §1447(c); *LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 315. It is not necessary for the court to find bad faith or improper purpose before it can award attorney's fees upon remand for erroneous removal. *Mirante v. Lee*, 3 F.3d 925, 928-929 (5th Cir. 1993); *Dalske v. Fairfield Comms., Inc.*, 17 F.3d 321, 324 (10th Cir. 1994).

4. Plaintiffs ask that this court impose sanctions, or in the alternative, hold Defendants responsible for intentionally and improperly removing this cause knowing that it was not timely and that they substantially invoked the state court's processes, causing injustices to Plaintiffs in the form of unnecessary delay, court costs, expenses, and attorney's fees.

VI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this case be remanded to the 357th District Court of Cameron County, Texas, and that this court grant it costs of court, expenses, and attorney's fees and all other relief to which they may be justly entitled.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577-1220
(956) 702-9675
(956) 702-9659 Fax

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601
Fed. I.D. No. 25659

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has this day been mailed to the following:

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

Signed on this *22* day of *October*, 2002.

Michael Pruneda

## CERTIFICATE OF CONFERENCE

I do hereby certify that Plaintiff's counsel attempted to determine whether Defendants were opposed or unopposed to this Motion and as no response was received at the time of the filing of this motion, Plaintiffs assume Defendants are "opposed".

Michael Pruneda

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ◆ | |
| | ◆ | |
| V. | ◆ | |
| | ◆ | |
| | ◆ | CIVIL ACTION B-02-184 |
| BROWNSVILLE INDEPENDENT SCHOOL | ◆ | |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ◆ | (JURY REQUESTED) |
| and EDDIE ERRISURIZ, in their official and | ◆ | |
| individual capacity, *and employees, agents, and all* | ◆ | |
| *those acting in concert or at their discretion* | ◆ | |

## ORDER SETTING HEARING

CAME ON for consideration the Plaintiffs' Opposed Motion to Remand and Motion for Sanctions, and after reviewing same, the Court is of the opinion that said motions should be set for hearing, it is therefore

ORDERED that Plaintiff's Opposed Motion to Remand and Motion for Sanctions is hereby set for hearing in the Courtroom of the U.S. District Court for the Southern District of Texas, sitting at Brownsville, Texas on the _____ day of _____, 20 ____, at _____ o'clock __.m.

Signed for entry at Brownsville, Texas, on this _____ day of _____, 20 ____.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | CIVIL ACTION B-02-184 |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ♦ | (JURY REQUESTED) |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, *and employees, agents, and all* | ♦ | |
| *those acting in concert or at their discretion* | ♦ | |

## ORDER OF REMAND

This cause having come for hearing on the Plaintiffs' Opposed Motion to Remand and Motion for Sanctions, and the Court having considered the arguments of counsel and briefing of same, it appears that grounds other than lack of subject matter jurisdiction exist in that notice of removal was defective and therefore void and waived.

THEREFORE, it is ordered that the Plaintiffs' Opposed Motion to Remand be GRANTED, and that this action be REMANDED to the 357th District Court of Cameron County, Texas.

Signed for entry at Brownsville, Texas, on this _____ day of _____, 20 ____.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | CIVIL ACTION B-02-184 |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ♦ | (JURY REQUESTED) |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, *and employees, agents, and all* | ♦ | |
| *those acting in concert or at their discretion* | ♦ | |

## ORDER IMPOSING SANCTIONS

This cause having come for hearing on the Plaintiffs' Opposed Motion to Remand and

Motion for Sanctions, and the Court having considered the arguments of counsel and briefing

of same, it appears that grounds exist to impose sanctions on Defendants in the amount of

$_____.

THEREFORE, it is ordered that the Plaintiffs' Motion for Sanctions be GRANTED in

the amount stated above.

Signed for entry at Brownsville, Texas, on this _____ day of

_____, 20 ____.


_____
JUDGE PRESIDING

# EXHIBIT A

August 9, 2002

*Via CM, RRR*
*7001 0320 0002 7226 7407*

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

      Re:    *Norma Ortiz and Catalina Garcia v. Brownsville Independent School District;*
              *Cause No. 2002-01-153-E*

Dear Mr. De Los Santos:

      Enclosed, please find the following supplemental discovery responses along with attachments.

          (1)      Plaintiffs' Third Supplemental Response to Defendants' Discovery Requests; and

          (2)      Plaintiffs' Fourth Supplemental Response to Defendants' Request for Disclosures.

      Should you have any questions, please do not hesitate to call.

                        Sincerely,

                        THE PRUNEDA LAW FIRM, P.L.L.C.

                        Michael Pruneda

Enclosures/ Attachments

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Jose De los Santos
Walsh, Anderson, Brown,
Schulze & Aldridge
100 NE Loop 410, Suite 1000
San Antonio, Tx 78216

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)   B. Date of Delivery
Jerush Watson                            8-12-02

C. Signature
X _____   □ Agent
                      □ Addressee

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
   ☒ Certified Mail   □ Express Mail
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)
   7001 0320 0002 7226 7407

PS Form 3811, March 2001         Domestic Return Receipt         102595-01-M-1424

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

San Antonio, Tx 78216                    UNIT ID: 0048

| | | |
|---|---|---|
| Postage | $ | 3.95 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 8.00 |

Postmark Here
Clerk: KFRZNT
08/09/02

Sent To  Jose De Los Santos
Street, Apt. No.;
or PO Box No.  100 NE Loop 410, Suite 1000
City, State, ZIP+4  San Antonio, Tx 78216

7001 0320 0002 7226 7407

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ✦ | IN THE 357th DISTRICT COURT |
| | ✦ | |
| V. | ✦ | |
| | ✦ | |
| | ✦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ✦ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ✦ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ✦ | |
| and EDDIE ERRISURIZ, in their official and | ✦ | |
| individual capacity, and employees, agents, and all | ✦ | |
| those acting in concert or at their discretion | ✦ | CAMERON COUNTY, TEXAS |

### PLAINTIFFS' FOURTH SUPPLEMENTAL RESPONSE TO DEFENDANTS' REQUEST FOR DISCLOSURES

TO:  Defendants by and through their attorneys of record:

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

COMES NOW, Plaintiff Norma Ortiz and Catalina Garcia, supplementing their responses

to Defendants' requests pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

By: _____

*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel of record as noted below:

Signed on this the 9 day of August, 2002:

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

Michael Praneda

SUPPLEMENTAL DISCOVERY RESPONSES

# RULE 194.2

(c)     Contentions

RESPONSE:

The facts plead support the following causes of action against the·Defendant B.I.S.D. for violations of the laws and Constitutions of the United States and Texas and against the individual Defendants for invasion of privacy and intentional infliction of emotional distress.

The Plaintiffs generally allege that Defendant Brownsville I.S.D. and Defendants Randy Dunn, Noe Sauceda, Marilyn Del Bosque-Gilbert, Eddie Errrisuriz, in their official capacity, unlawfully subjected them to political discrimination based on their political speech, political associations, and candidacy resulting in adverse employment actions to Plaintiffs in that they were demoted, threatened, intimidated, excluded, refused employment, and prevented from speaking on matters of public concern.

The Plaintiffs generally allege that Defendants Randy Dunn, Noe Sauceda, Marilyn Del Bosque-Gilbert, Eddie Errrisuriz, jointly and severally, unlawfully subjected them to severe emotional distress resulting from their extreme and outrageous conduct in speaking with community citizens about Plaintiffs and that they should stay away from them. These Defendants additionally unlawfully invaded Plaintiffs' privacy in that their personal, social, and employment relationships with persons were threatened and interfered with by communicating verbal and written threats and innuendo knowing that such actions would cause harm to Plaintiffs.

Plaintiff is not required to marshal all evidence that may be offered at trial or to brief legal issues. T.R.C.P. 194.2(c)

(e)     Fact Witnesses

RESPONSE:

Catalina Garcia
3144 E. 19th
Brownsville, Texas
541-7200

Plaintiff will testify as to facts made the basis of this cause of action, including but not limited to: employment background, electoral candidacy, investigations and complaints, and meetings, hiring practices, employment/ personnel vacancies, complaints, admissions/statements of Defendants/ third parties, and her physical/ mental state, and economic injury.

Norma Ortiz
2477 Price Rd.
Brownsville, Texas
546-7275

Plaintiff will testify as to facts made the basis of this cause of action, including but not limited to:
employment background, investigations and complaints, and meetings, hiring practices,
employment/ personnel vacancies, complaints, admissions/statements of Defendants/ third parties,
and her physical/ mental state, and economic injury.

Noe Sauceda
164 Creek Bend
Brownsville, Texas
548-8012

Defendant in this action.  Plaintiffs cannot speculate as to what knowledge he may or may not have;
however, Plaintiffs believe he may testify as to relevant facts made basis of this cause of action.

Johnny Cavazos
315 Paredes Line Rd.
Brownsville, Texas
542-2508

May have knowledge as to relevant facts made the basis of this cause of action including but not
limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended
personnel changes, Defendant's personnel, staff, elections, complaints, and or other information
unknown at this time.

Ottis Powers
1642 E. Price Rd.
Brownsville, Texas
542-1649

May have knowledge as to relevant facts made the basis of this cause of action including but not
limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended
personnel changes, Defendant's personnel, staff, elections, complaints, and or other information
unknown at this time.

Pat Lehman
1642 E. Price Rd.
Brownsville, Texas
542-1649

May have knowledge as to relevant facts made the basis of this cause of action including but not
limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended
personnel changes, Defendant's personnel, staff, elections, complaints, and or other information
unknown at this time.

Joe Colunga
1642 E. Price Rd.
Brownsville, Texas

542-1649

May have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Hector Gonzalez
1900 Price Rd.
Brownsville, Texas

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Paula Hoskins
1900 Price Rd.
Brownsville, Texas
544-4713

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Charles Hoskins
1263 Sierra Valley Circle
Brownsville, Texas
544-4713

May have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Orlando Treviño
1642 E. Price Rd.
Brownsville, Texas
542-1649

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Kenneth Lieck
2675 Laredo Rd.
Brownsville, Texas

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Mary Rosas
600 E. Jackson
548-7000

May have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Adrian Garcia
3144 E. 19th
Brownsville, Texas

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Abel Guerra
314 Love Rose St.
Brownsville, Texas
548-8069

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Joe Cadriel
1642 E. Price Rd.
Brownsville, Texas
542-1649

May have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Drue Brown
1900 Price Rd.
Brownsville, Texas

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

George Dominguez
4721 Nolana Dr.
Brownsville, Texas

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Raquel Ayala
1900 Price Rd.
Brownsville, Texas
542-2689

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Orlando Cano
375 Media Luna Rd
3502
Brownsville, Texas
544-8484

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Jose Cano
1900 Price Rd.
Brownsville, Texas
982-2795

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Berta Peña
1900 Price Rd.
Brownsville, Texas
542-2689

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Oscar Tapia
4501 Carmen Ave.
#34
Brownsville, Texas
548-8069

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants; Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Francisco Sifuentes
307 Rancho Viejo Blvd
Brownsville, Texas
831-9422
May have knowledge as to relevant facts made the basis of this cause of action including but not
limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended
personnel changes, Defendant's personnel, staff, elections, complaints, and or other information
unknown at this time.

Julia Arellano
1448 E. Van Buren
Brownsville, Texas
546-1964

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Deborah Dunn
1900 Price Rd.
Brownsville, Texas
542-2689

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Randy Dunn
1900 Price Rd.
Brownsville, Texas
542-2689

May have knowledge as to relevant facts made the basis of this cause of action including but not
limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended
personnel changes, Defendant's personnel, staff, elections, complaints, and or other information
unknown at this time.

Mary Garcia
1674 Yale Ave
Brownsville, Texas
541-0200

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Margie Flores
1363 Milam Rd.
Brownsville, Texas
982-2898

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Patricia Perez
1025 Alta Mesa
Brownsville, Texas
548-1985

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Fred Fuller
1900 Price Rd.
Brownsville, Texas
542-2689

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Rosie Peña
5321 Clearview Dr.
Brownsville, Texas
542-3988

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Belinda Ochoa
1900 Price Rd.
Brownsville, Texas
542-2689

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Judy Rodriguez
2045 Lincoln St
Brownsville, Texas
541-8244

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,·
complaints, and or other information unknown at this time.

Dino Chavez
905 E. Los Ebanos Blvd.
Suite A
Brownsville, Texas
490-6363

May have knowledge as to relevant facts made the basis of this cause of action including but not
limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended
personnel changes, Defendant's personnel, staff, elections, complaints, and or other information
unknown at this time.

Johnny Piñeda
1900 Price Rd.
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Lupita Garcia
1900 Price Rd.
Brownsville, Texas
542-2689

Employee or former employee who may have knowledge as to relevant facts made the basis of this
cause of action including but not limited to: statements/ admissions of Defendants, Defendants'
future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections,
complaints, and or other information unknown at this time.

Humberto Garcia
325 Kings Hwy
Suite 4
Brownsville, Texas
548-1507

May have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Michael Pimentel
141 La Vaca
San Antonio, Texas 78210
(210) 299-5500

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Lucy Longoria
95 Poinciana
Apt. 218
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Diana Cisneros
1900 Price Rd.
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Lilly Champion
1900 Price Rd.
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants'

future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Berta Vasquez
1900 Price Rd.
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Hugh Emerson
1642 E. Price Rd.
Brownsville, Texas
548-8000
May have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Marilyn del Bosque Gilbert
1642 E. Price Rd.
Brownsville, Texas
548-8000

May have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Eddie Errisuriz, Jr.
1642 E. Price Rd.
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Mary Joe Monfils
1642 E. Price Rd.
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Jesse Muñiz
1642 E. Price Rd.
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Susan Fox
1642 E. Price Rd.
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Daniel Garcia
1642 E. Price Rd.
Brownsville, Texas
548-8000

Employee or former employee who may have knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

Criselda Valdez
Brownsville Herald

Has knowledge as to relevant facts made the basis of this cause of action including but not limited to: statements/ admissions of Defendants, Defendants' future intentions, actual or intended personnel changes, Defendant's personnel, staff, elections, complaints, and or other information unknown at this time.

(i)     Discoverable Witness Statements

RESPONSE:

See attached witness statement.

(j)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, as an alternative, an authorization permitting the disclosure of such medical records and bills

## RESPONSE:

See attached.

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA § | | |
| § | | |
| **Plaintiffs** § | | |
| § | | |
| **vs.** § | **CIVIL ACTION NO.** _____ | |
| § | | |
| BROWNSVILLE INDEPENDENT § | | |
| SCHOOL DISTRICT, RANDY DUNN, § | | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, § | | |
| in their official and individual capacity, and § | | |
| employees, agents, and all those acting in § | | |
| concert or at their discretion § | | |
| § | | |
| **Defendants** § | | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

1.

Please take notice that Defendant Brownsville Independent School District, hereby removes to this Court the state court action described below.

2.

This action was commenced on January 11, 2002, in the 357th Judicial District Court of Cameron County, Texas, as Cause No.2002-01-153-E. Defendants Brownsville Independent School District, Randy Dunn, Marilyin del Bosque Gilbert, Noe Sauceda and Eddie Errisuriz, were served with citation and received their first notice of this cause on January 15, 2002. As of this date, the case was styled Norma Ortiz and Catalina Garcia vs. Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque Gilbert, Noe Sauceda and Eddie Errisuriz. In Plaintiffs' Third

Amended Original Petition filed and served on Defendants on August 27, 2002, Plaintiffs have alleged for the first time a federal cause of action under 42 U.S.C. § 1983, claiming that they have been deprived of their rights, as set forth below, contrary to the First and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiffs, Ortiz and Garcia, claim that they have been deprived of their rights to free speech and freedom of association and that Defendants have conspired to deprive them of their rights under the First and Fourteenth Amendments. Plaintiff, Garcia, further claims that she has been deprived of her right to due process speech, right to privacy and right to obtain public information in accordance with the Texas Open Records Act, in violation of the First and Fourteenth Amendments. Please be advised that on August 28, 2002, the District Court granted the parties' Joint Motion to Dismiss Marilyn del Bosque-Gilbert, in her individual and official capacities, from this suit with prejudice. On or about September 12, 2002, the District Court granted the individual Defendants (Randy Dunn, Noe Sauceda, and Eddie Errsuriz) Standard and No-Evidence Motions for Summary Judgment and denied all of Plaintiffs' claims against these individuals, leaving only the School District as a Defendant.

3.

This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343; therefore, it is removable to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441, since it is a civil action over which the Federal district courts have original jurisdiction over the subject matter pursuant to the statutory provisions noted above, and since the case arises under the laws of the Constitution and the United States.

4.

This Notice of Removal is filed within thirty (30) days of receipt by Defendant of Plaintiffs' Third Amended Original Petition, and is therefore timely filed pursuant to the provisions of 28 U.S.C. §1446(b).

5.

A copy of all process, pleadings and orders served on Defendant in this action and the State court docket sheet is attached to this Notice, pursuant to Civil Local Rule 81 of the Southern District of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant, Brownsville Independent School District prays that this cause be removed to the United States District Court for the Southern District of Texas, Brownsville Division, and that the said Court grant said Defendant all relief, special or general, at law or in equity, to which it shows itself justly entitled.

Respectfully Submitted,

WALSH, ANDERSON, BROWN,
  SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216
Tel No.  210-979-6633
Fax No. 210-979-7024

By:

JOE A. DE LOS SANTOS,
Attorney-in-Charge
State Bar No. 24007100
Admission No. 24370

DANIEL M. "MATT" BURNS
State Bar No. 03443900

ATTORNEYS FOR DEFENDANT
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been sent by certified mail, return receipt requested on the __24__ day of September, 2002, to:

Michael Pruneda
The Pruneda Law Firm, P.L.L.C
P.O. Box T
Pharr, Texas 78577

**Certified Mail, Return Receipt Requested
No. 7002 0510 0002 6095 5873**

JOE A. DE LOS SANTOS

- 4 -

# EXHIBIT C

Copy

CAUSE NO. 2002-01-153-E

| | |
|---|---|
| **NORMA ORTIZ and CATALINA GARCIA** § | **THE 357ᵀᴴ DISTRICT COURT** |
| § | |
| **VS.** § | |
| § | |
| **BROWNSVILLE INDEPENDENT** § | **OF** |
| **SCHOOL DISTRICT, RANDY DUNN,** § | |
| **MARILYN DEL BOSQUE GILBERT,** . § | |
| **NOE SAUCEDA,and EDDIE ERRISURIZ,** § | |
| in their official and  individual capacity, and § | |
| employees, agents, and all those acting in § | |
| concert or at their discretion § | **CAMERON COUNTY, TEXAS** |

## ORDER GRANTING DEFENDANTS' "NO EVIDENCE" MOTION
## FOR SUMMARY JUDGMENT UNDER RULE 166a(i)

On this day came on to be heard the No Evidence Motion for Summary Judgment under Rule

166a(i) filed by Defendants RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, and

Plaintiffs' Response thereto.  The Court, having reviewed and considered the said Motion, the

summary judgment evidence and the arguments of counsel, and having reviewed the items on file

herein, is of the opinion that said Motion should be GRANTED.  Therefore, it is hereby

ORDERED that Defendants' No Evidence Motion for Summary Judgment be and the same

is hereby GRANTED.  It is further

ORDERED, ADJUDGED and DECREED that Plaintiffs take nothing against Defendants,

RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, that all of Plaintiffs' claims be and the

same are hereby DENIED, and that all relief requested by Plaintiffs be and the same is hereby

DENIED.

SIGNED this *12* day of ___Sept___, 2002.

 

ROLANDO OLVERA, DISTRICT JUDGE
357th JUDICIAL DISTRICT COURT

9/13/02
COPIES TO:
HON JOE DE LOS SANTOS
HON MICHAEL PRUNEDA

FILED 4:30 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

SEP 1 2 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

-2-

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| **NORMA ORTIZ and CATALINA GARCIA** § | | **THE 357ᵀᴴ DISTRICT COURT** |
| § | | |
| **VS.** § | | |
| § | | |
| **BROWNSVILLE INDEPENDENT** § | | **OF** |
| **SCHOOL DISTRICT, RANDY DUNN,** § | | |
| **MARILYN DEL BOSQUE GILBERT,** § | | |
| **NOE SAUCEDA, and EDDIE ERRISURIZ,** § | | |
| **in their official and individual capacity, and** § | | |
| **employees, agents, and all those acting in** § | | |
| **concert or at their discretion** § | | **CAMERON COUNTY, TEXAS** |

## DEFENDANTS' RULE 166a(i) NO EVIDENCE
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Come the Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque Gilbert, Noe Sauceda and Eddie Errisuriz (hereinafter, "the Defendants"), in all capacities in which said Defendants have been sued, and file their Motion for Summary Judgment under Rule 166a(i). Defendants would respectfully show the Court as follows:

### I.
### STATEMENT OF THE CASE

On or about January 11, 2002, Plaintiffs Ortiz and Garcia sued the Brownsville Independent School District, board members, Randy Dunn and Marilyn Del Bosque-Gilbert, and administrators Superintendent Noe Sauceda and Area Superintendent of Human Resources, Eddie Errisuriz, for alleged violations of their civil rights under Article 1, Section 8 of the Texas Constitution. Plaintiffs

are specifically alleging that the Defendants retaliated against Plaintiffs based on their political speech, associations and/or affiliations. On June 26, 2002, Plaintiffs filed an Amended Petition to add two causes of action, Intentional Infliction of Emotional Distress and Invasion of Privacy against the individual Defendants[1]. The Defendants timely filed an answer categorically denying Plaintiffs' allegations and will show the Court that they are entitled to summary judgment as a matter of law. Defendants filed and served this Motion on Plaintiffs at least twenty-one (21) days before the hearing on the Motion.

## II.
## NO EVIDENCE SUMMARY JUDGMENT STANDARD

A defendant may prevail on a "no-evidence" motion for summary judgment if the defendant can show that an adequate time for discovery has passed and that the plaintiff has no evidence to support one or more essential elements of his claim. TEX. R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence. *See Id.* A "no-evidence" summary judgment must be granted if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the non-movant's claim on which the non-

---

[1]The Court should note that Plaintiffs are suing Defendants, in their official capacity, under Article I, Section 8 of the Texas Constitution. (See Exhibit F, Plaintiffs' Supplemental Response to Defendants' Discovery Request, subsection (c)). Plaintiffs are also suing Dr. Sauceda, Mr. Randy Dunn, Marilyn del Bosque Gilbert and Mr. Eddie Errsuirz, in their individual capacities, for invasion of privacy and intentional infliction of emotional distress. (See Exhibit F-3 of Defendants' Standard Motion for Summary Judgment, Plaintiffs' Supplemental Response to Defendants' Discovery Request, subsection (c)). Plaintiffs do not seek any monetary damages against the School District or the individual defendants under Article I, Section 8 of the Texas Constitution. (See Exhibit F-1 and F-2 of Defendants' Standard Motion for Summary Judgment, Plaintiff Ortiz' Responses to Defendants' First Set of Discovery Requests, Request for Admission No. 8; Plaintiff Garcia's Responses to Defendants' First Set of Discovery Requests, Request for Admission No. 7.).

*Cause No. 2002-01-153-E*
*Defendants' Rule 166a(i) No Evidence Motion for Summary Judgment*
*Page 2 of 10*

movant would have the burden of proof at trial[2].  *See Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).  If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists.  *Havner*, 953 S.W.2d at 711.  However, if less than a scintilla of evidence exists, the legal effect is that there is no evidence.  *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).  In the instant case, an adequate time for discovery has passed.  As noted above, this action was commenced on January 11, 2002.

## III.
## NO EVIDENCE SUMMARY JUDGMENT ARGUMENT

**A.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' ARTICLE 1, SECTION 8 CLAIMS UNDER THE TEXAS CONSTITUTION AS A MATTER OF LAW.**

The Bill of Rights of the Texas Constitution provides: "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." Tex. Const. art. I, § 8.  Because the Texas Constitution provides broader protection than its federal counterpart, case law interpreting the Texas Constitution's free speech clause generally has followed federal free speech analysis.  *See Davenport v. Garcia*, 834 S.W.2d 4, 10 (Tex. 1992); *Alcorn v. Vaksman*, 877 S.W.2d 390, 401-02 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (following federal free speech standard established in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).

---

[2] Under the "no-evidence" summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193, 197 n.3 (Tex. App.–Houston [1ˢᵗ Dist.] 1998, pet. denied).

*Cause No. 2002-01-153-E*
*Defendants' Rule 166a(i) No Evidence Motion for Summary Judgment*
*Page 3 of 10*

In order to successfully assert a claim of retaliatory discharge under Article I, Section 8 of the Texas Constitution, an employee-plaintiff has the burden of showing that: (1) the employee's speech involved a matter of public concern as determined by the content, form, and context of the speech and (2) the employee's speech was a substantial or motivating factor in the employer's conduct. *Alcorn*, 877 S.W.2d at 401-02; *see also Mt. Healthy*, 429 U.S. at 287. Once the employee-plaintiff makes the initial showing, the burden shifts to the employer to show that it would have taken the same employment action even absent the employee's protected conduct. *Mt. Healthy*, 429 U.S. at 287. The employee-plaintiff can refute the employer's showing by demonstrating that the employer's explanation for the adverse action is merely pretextual. *Coughlin v. Lee*, 946 F.2d 1152, 1157 (5th Cir. 1991).

1. ASSUMING, *ARGUENDO,* THAT PLAINTIFFS' SPEECH, ASSOCIATIONS AND/OR AFFILIATIONS WERE PROTECTED, PLAINTIFFS CANNOT ESTABLISH THAT THEIR SPEECH WAS A SUBSTANTIAL OR MOTIVATING FACTOR IN THE DISTRICT'S EMPLOYMENT DECISIONS.

As to the second element, Plaintiffs are required to show a causal connection between the "protected activity" and the adverse employment action. The Defendants maintain that they are entitled to a "no-evidence" summary judgment because Plaintiffs cannot, by pleadings, depositions, answers to interrogatories, or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact to: (1) show a casual nexus between their alleged protected activity and the alleged employment action; and/or (2) how each individual Defendant is responsible for the alleged employment action against the Plaintiffs.

2. THERE IS NO EVIDENCE TO ESTABLISH THAT THE DEFENDANTS' LEGITIMATE, NONDISCRIMINATORY REASON FOR THEIR ACTIONS WITH RESPECT TO THE PLAINTIFFS IS

"PRETEXTUAL."

Even assuming, *arguendo*, that the Court entertains Plaintiffs' "prima facie" case of retaliation, Plaintiffs cannot, by pleadings, depositions, answers to interrogatories, or other admissible evidence, demonstrate: (1) that the Defendants' proffered reason was not the true reason for the employment decision; and (2) that retaliation was in fact the real reason for the District's employment decision. *Coughlin v. Lee*, 946 F.2d 1152, 1157 (5th Cir. 1991). Plaintiffs have not and cannot establish the necessary elements to show they were retaliated against by the Defendants and, therefore, as a matter of law, Plaintiffs' claim for retaliation under Article I, Section 8 of the Texas Constitution should be summarily dismissed.

**B.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AS A MATTER OF LAW.**

It has been generally stated that to recover under an intentional infliction of emotional distress theory, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was *extreme and outrageous*; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by plaintiff was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 622 (Tex. 1993) (emphasis added). Extreme and outrageous conduct means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman*, 855 S.W.2d 619, 621. This has been described as an "exceptionally difficult burden" to meet for a plaintiff. *C.M. v. Tomball Regional Hosp.*, 961 S.W.2d 236, 244 (Tex. App. – Houston

*Cause No. 2002-01-153-E*
*Defendants' Rule 166a(i) No Evidence Motion for Summary Judgment*
*Page 5 of 10*

[1ˢᵗ Dist.] 1997, no writ). More insults, indignities, threats, annoyances, petty oppression, or other trivialities are not considered extreme and outrageous conduct. *Horton v. Montgomery Ward & Co., Inc.,* 827 S.W.2d 361, 369 (Tex. App. – San Antonio 1992, writ denied). Similarly, conduct is not considered extreme or outrageous simply because it is rude or tortious. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994). Conduct may be morally unjustifiable, unscrupulous, and ignominious without rising to the level of extreme and outrageous. *Lassiter v. Wilkenfeld,* 930 S.W.2d 803, 808 (Tex. App. – Beaumont 1996, writ denied.).

The context of the alleged incident is important in determining "extreme and outrageous" character. Texas case law specifically requires that the individual facts be considered in determining "extreme and outrageous" conduct in divorce cases, common sources of intentional infliction of emotional distress claims. *Villasenor v. Villasenor,* 911 S.W.2d 411, 416 (Tex. App. – San Antonio 1995, no writ). Generally, outrageous conduct is found when the recitation of *the facts* to an average member of the community would arouse his or her resentment against the actor, and lead him or her to actually describe the actions as outrageous. *Horton,* 827 S.W.2d at 369.

It is for the court to determine whether there is a possibility that severe emotional distress could be found and for the jury to decide whether it in fact existed. Restatement (Second) of Torts, § 46, Comment h; *See also, Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex. 1993).

1.    **NO LEGAL BASIS EXISTS FOR HOLDING DEFENDANTS LIABLE UNDER AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM UNDER STATE LAW.**

The conduct that Plaintiffs are alleging is "extreme and outrageous" is speaking with community citizens about Plaintiffs and telling them they should stay away from them. (See Plaintiffs' Amended Original Petition). Even assuming, *arguendo,* for purposes of this summary

judgment motion, that the Defendants made such remarks, making such remarks does not, as a matter of law, rise to the requisite level of "extreme or outrageous" conduct necessary to create a genuine material fact question on the issue and, therefore, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' intentional infliction of emotional distress claim. *See Diamond Shamrock Refining vs. Mendez*, 844 S.W.2d 198 (Tex. 1992) (falsely depicting plaintiff as a thief was not sufficiently extreme or outrageous to support a claim for intentional infliction of emotional distress)

Moreover, Plaintiffs have not shown that their alleged emotional injuries rise to the requisite level of "severe emotional distress." A party seeking recovery for mental anguish, even when advancing a cause of action that does not require the 'severe' damages required for intentional infliction of emotional distress, must prove more than 'mere worry, anxiety, vexation, embarrassment, or anger.'" *Escalante v. Koerner*, 28 S.W.3d 641, 646 (Tex. App. – Corpus Christi 2000, writ denied). Emotional distress such as difficulty concentrating, feelings of insecurity and embarrassment do not constitute severe emotional distress and "are exactly the kinds of relatively minor emotional distress that the term 'severe' is meant to filter out..." *Gorges Foodservice, Inc., v. Huerta*, 964 S.W.2d 656, 669 (Tex. App. – Corpus Christi 1997, no pet.). Neither do feelings of anger, depression, and humiliation constitute "severe emotional distress." *Villasenor*, 911 S.W.2d at 416. Emotional distress is "severe" when it becomes "so extreme that no reasonable [person] could be expected to endure it without undergoing unreasonable suffering." *Tidelands Auto. Club v. Walters*, 699 S.W.2d 939, 941 (Tex. App. – Beaumont 1985, ref. n.r.e.). Furthermore, a plaintiff's proof of severe emotional distress must be wholly independent of the extreme and outrageous conduct of a defendant. *Id.* at 944. Consequently, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' intentional infliction of emotional distress claim.

## C.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON

PLAINTIFFS' INV... ..ON OF PRIVACY CLAIMS AS A ... .TTER OF LAW.

Under Texas law, the elements of a cause of action for invasion of privacy[3] are the following: (1) the defendant publicized something about the plaintiff's private life; (2) the publicity would be highly offensive to a reasonable person; (3) the matter publicized is not of legitimate public concern; and (4) the plaintiff suffered an injury as a result of the defendant's disclosure. *Star -Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473-74 (Tex. 1995); *Industrial Found v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 682 (Tex. 1976); *Anonsen v. Donahue*, 857 S.W.2d 700, 703 (Tex. App.—Houston [1ˢᵗ Dist.] 1993, writ denied).

1.    NO LEGAL BASIS EXISTS FOR HOLDING DEFENDANTS LIABLE UNDER AN INVASION OF PRIVACY CLAIM UNDER STATE LAW.

Plaintiffs allege that Defendants invaded their privacy by communicating verbal and written threats and innuendo to other persons knowing that such actions would cause harm to Plaintiffs. (Plaintiff Amended Original Petition). Even assuming, *arguendo*, for purposes of this summary judgment motion, that Defendants made such remarks, making such remarks, alone, does not support a viable claim for invasion of privacy and, therefore, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' invasion of privacy claim. First, "publicity" for purpose of an invasion of privacy claim means that a matter is communicated to the public at large or disseminated to so many people that it becomes public knowledge. *Industrial Found. v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 682 (Tex. 1976). "Publicity" involves a larger audience than a defamatory "publication," which requires a communication to only one third person. *Id.* at 683-84. Examples of "publicity" for purposes of an invasion of privacy claim include newspapers, magazine articles and pamphlets distributed to a large group, radio and T.V. broadcasts and/or public speeches. *See*

---

[3]Under Texas law, there is no "False-light" invasion of privacy. That is, publicity that unreasonably places a person in a false position in the public eye is not a recognized cause of action in Texas. *Cain v. Hearst Corp.*, 878 S.W.2d 577, 584 (Tex. 1994).

Restatement (2d) of Torts §6___) cmt. a. Plaintiffs have not pled and cannot prove that Defendants "publicized" something about the their private lives. Consequently, Plaintiffs cannot, by pleadings, depositions, answers to interrogatories, or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact to support a viable claim against the Defendants for Invasion of Privacy.

## IV.
## CONCLUSION AND PRAYER

An adequate time for discovery has passed and Plaintiffs have no evidence to support one or more essential elements of their claims. Therefore, the Defendants are clearly entitled to dismissal of all claims being made by the Plaintiffs. For these reasons, the Defendants ask the Court to grant this motion and enter a final summary judgment denying all relief requested in Plaintiffs' Amended Original Petition.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
  SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas  78216
TEL NO.  (210) 979-6633
FAX NO. (210) 979-7024


JOE DE LOS SANTOS
State Bar No. 24007100
DANIEL M. "MATT" BURNS
State Bar No. 03443900

ATTORNEYS FOR DEFENDANTS,
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT, ET. AL.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Rule 166a(i) No Evidence Motion for Summary Judgment has been sent via certified mail, returned receipt requested on this 12 day of July, 2002 to the following counsel of record:

Michael Pruneda                    **Certified Mail, No. 7001 0360 0003 2629 7853**
The Pruneda Law Firm, P.L.L.C      **Return Receipt Requested**
P.O. Box T
Pharr, Texas 78577


JOE A. DE LOS SANTOS

*Cause No. 2002-01-153-E*
*Defendants' Rule 166a(i) No Evidence Motion for Summary Judgment*
*Page 10 of 10*

# EXHIBIT D

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | § | THE 357ᵀᴴ DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | OF |
| SCHOOL DISTRICT, RANDY DUNN, | § | |
| MARILYN DEL BOSQUE GILBERT, | § | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, | § | |
| in their official and individual capacity, and | § | |
| employees, agents, and all those acting in | § | |
| concert or at their discretion | § | CAMERON COUNTY, TEXAS |

### ORDER GRANTING DEFENDANTS' STANDARD
### MOTION FOR SUMMARY JUDGMENT UNDER RULE 166a

On this day came on to be heard the Standard Motion for Summary Judgment under Rule

166a filed herein by Defendants, RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, and

Plaintiffs' Response thereto.   The Court, having reviewed and considered the said Motion, the

summary judgment evidence and the arguments of counsel, and having reviewed the items on file

herein, is of the opinion that said Motion should be GRANTED.   Therefore, it is hereby

ORDERED that Defendants' Standard Motion for Summary Judgment be and the same is

hereby GRANTED.   It is further

ORDERED, ADJUDGED and DECREED that Plaintiffs take nothing against Defendants,

RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, that all of Plaintiffs' claims be and the

same are hereby DENIED, and that all relief requested by Plaintiffs be and the same is hereby

DENIED.

SIGNED this 12 day of _Sept_ , 2002.

ROLANDO OLVERA, DISTRICT JUDGE
357th JUDICIAL DISTRICT COURT

9/13/02
COPIES TO:
HON JOE DE LOS SANTOS
HON MICHAEL PRUNEDA

FILED 4:30 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

SEP 1 2 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

-2-

## CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA § | | THE 357ᵀᴴ DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | OF |
| SCHOOL DISTRICT, RANDY DUNN, | § | |
| MARILYN DEL BOSQUE GILBERT, | § | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, | § | |
| in their official and individual capacity, and | § | |
| employees, agents, and all those acting in | § | |
| concert or at their discretion | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' STANDARD MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes the Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque Gilbert, Noe Sauceda and Eddie Errisuriz (hereinafter, "the Defendants"), in all capacities in which said Defendants have been sued, and file their Motion for Summary Judgment under Rule 166a. Defendants would respectfully show the Court as follows:

## I.
## STATEMENT OF THE CASE

On or about January 11, 2002, Plaintiffs Ortiz and Garcia sued the Brownsville Independent School District, board members, Randy Dunn and Marilyn Del Bosque-Gilbert, and administrators Superintendent Noe Sauceda and Area Superintendent of Human Resources, Eddie Errisuriz, for alleged violations of their civil rights under Article 1, Section 8 of the Texas Constitution. Plaintiffs are specifically alleging that the Defendants retaliated against Plaintiffs based on their political speech, associations and/or affiliations. On June 26, 2002, Plaintiffs filed an Amended Petition to add two causes of action, Intentional Infliction of Emotional Distress and Invasion of Privacy against

the individual Defendants[1].  The Defendants timely filed an answer categorically denying Plaintiffs'

allegations and will show the Court that they are entitled to summary judgment as a matter of law.

Defendants filed and served this Motion on Plaintiffs at least twenty-one (21) days before the hearing

on the Motion.

## II.
## SUMMARY JUDGEMENT STANDARD

A defendant may prevail on a motion for summary judgment if it can disprove as a matter

of law at least one element of a plaintiff's cause of action. TEX. R. CIV. P. 166a; *Wornick Co. v.*

*Casas*, 856 S.W.2d 732, 733 (Tex. 1993); *Lear Siegler, Inc., v. Perez*, 819 S.W.2d 470, 471 (Tex.

1991). It is only when a defendant disproves one of the essential elements of the plaintiff's causes

of action that plaintiff carries the burden of producing controverting evidence raising a genuine issue

of material fact as to the negated element. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d

671, 678 (Tex. 1979).  This Honorable Court may decide this case on the summary judgment

evidence attached and incorporated in this Motion for Summary Judgment.

## III.
## SUMMARY JUDGMENT EVIDENCE

This case calls out for summary disposition; the material facts are undisputed and the relevant

law is clear.  The Defendants incorporate by reference for all purposes the following items attached

to and made part of their Motion for Summary Judgment:

---

[1]The Court should note that Plaintiffs are suing Defendants, in their official capacity, under Article I, Section 8 of the Texas Constitution. (See Exhibit F, Plaintiffs' Supplemental Response to Defendants' Discovery Request, subsection (c)). Plaintiffs are also suing Dr. Sauceda, Mr. Randy Dunn, Marilyn del Bosque Gilbert and Mr. Eddie Errsuirz, in their individual capacities, for invasion of privacy and intentional infliction of emotional distress. (See Exhibit F, Plaintiffs' Supplemental Response to Defendants' Discovery Request, subsection (c)).  Plaintiffs do not seek any monetary damages against the School District or the individual defendants under Article I, Section 8 of the Texas Constitution. (See Exhibit F, Plaintiff Ortiz' Responses to Defendants' First Set of Discovery Requests, Request for Admission No. 8; Plaintiff Garcia's Responses to Defendants' First Set of Discovery Requests, Request for Admission No. 7.).

*Cause No. 2002-01-153-E*
*Defendants' Standard Motion for Summary Judgment*
*Page 2 of 19*

1.  Exhibit "A": The Affidavit of Dr. Noe Sauceda, Superintendent of the Brownsville Independent School District, with attachments;

2.  Exhibit "B": The Affidavit of John R. Dunn, Board Member of the Brownsville Independent School District, with attachments;

3.  Exhibit "C": The Affidavit of Marilyn Del Bosque-Gilbert, Board Member of the Brownsville Independent School District, with attachments;

4.  Exhibit "D": The Affidavit of Eddie Errisuriz, Jr., Assistant Superintendent of Human Resources for the Brownsville Independent School District;

5.  Exhibit "E": The Affidavit of Judy Cuellar-Garcia, Administrator for Classified Personnel for the Brownsville Independent School District, with attachments; and

6.  Exhibit "F": The Affidavit of Joe A. De Los Santos, Attorney for the Defendants with attachments.

## IV.
## STATEMENT OF FACTS

In May 1, 2001, Dr. Sauceda was hired by the Board of Trustees for the Brownsville Independent School District to act as Superintendent of Schools. As Superintendent, Dr. Sauceda was responsible for the day-to-day operations of the School District, including the responsibility of assigning/reassigning and evaluating personnel (other than himself[2]) and organizing the District's central administration office. (Exhibit A-1). In this capacity, Dr. Sauceda reports directly to the Board of Trustees and is responsible for keeping the Board informed on issues, needs and the operation of the District. (Exhibit A-1). <u>It is, therefore, important that the lines of communication between the Board and the Superintendent's office remain open and clear.</u> (Exhibit A-1).

Under the previous administration's organizational structure, the Board and the Superintendent had separate secretarial support staff. (Exhibit A). In fact, the Board was assigned its own secretary to perform various tasks, including, but not limited to, providing clerical services

---

[2] The Superintendent is the only District employee who is directly hired and evaluated by the Board of Trustees. (Exhibit A).

to individual board members, handling requests for information by individual board members and, at times, making travel arrangements for individual board members. (Exhibit A). The Board's secretary was also physically located in a separate office. (Exhibit A). In the first few months as Superintendent, Dr. Sauceda noted serious problems with the organizational structure of the central administration office. (Exhibit A). Dr. Sauceda was uncomfortable with the lines of communication between his office and the Board, through its own secretary. (Exhibit A). In Dr. Sauceda's opinion, the organizational structure that existed before his tenure did not lend itself to clear and open communication between individual board members and his office. (Exhibit A). Dr. Sauceda was also uncomfortable with the organizational structure because it did not provide any review mechanism for Board requests for travel or reimbursement requests, which was one of the Superintendent's duties.  (Exhibit A-1).

By way of example, before beginning his tenure as Superintendent in May of 2001, certain members of the Board had been accused of misappropriating funds for personal travel. (Exhibit A). The allegations were investigated by the Texas Education Agency ("TEA") and the local District Attorney's office. (Exhibit A). The controversy surrounding these allegations and the investigation that ensued was labeled "Travel Gate" by the local media.  (Exhibit A). Although the events surrounding the investigation occurred before his tenure as Superintendent began, Dr. Sauceda was asked by TEA to evaluate the events and take measures to avoid similar occurrences. (Exhibit A-2). In addressing the matter, Dr. Sauceda reported to the TEA that he had reviewed the financial records associated with board travel and, with Board approval, implemented corrective measures to monitor board member requests for travel. (Exhibit A-2). The corrective measures included, but were not limited to, adopting: (1) office procedures prohibiting the advance of travel expenses for spouses,

family and friends; (2) office procedures requiring that the Superintendent and Chief Financial Officer approve all Board and Superintendent travel prior to any expenses being incurred for that travel; and (3) having one of the Superintendent's secretaries, <u>instead of the board's own secretary,</u> make these arrangements as an additional safeguard. (Exhibit A-2).

During the Summer and early Fall of 2001, Dr. Sauceda also received complaints from certain board members that his office was not providing them information in a timely manner. (Exhibit A). Dr. Sauceda was concerned about the complaints because they directly related to his performance as Superintendent of Schools. <u>As noted above, the Superintendent is responsible for keeping the Board informed on issues, needs and the operation of the District.</u> (Exhibit A-1). In an effort to address these complaints in an effective manner, Dr. Sauceda requested that the individual board members send any future communications or requests for information directly to his office and not to the Board's secretary so that he could ensure that the request would be processed under his supervision. (Exhibit A). Dr. Sauceda explained to the Board that it was only fair to channel such requests to his office if he was going to be evaluated on how well he provided the requested information. (Exhibit A). The Board initially agreed to channel all such requests through Dr. Sauceda's office. (Exhibit A). Dr. Sauceda also addressed the issue with Plaintiff Norma Ortiz, who was acting then as the Board's secretary. (Exhibit A). Dr. Sauceda explained to Plaintiff Ortiz that he wanted her to direct any communications and/or requests by board members to his office to promote better board/superintendent communications. (Exhibit A). After several attempts to work within the former system, Dr. Sauceda decided, in his capacity as Superintendent, to reorganize the central administration office. (Exhibit A). None of the other named defendants possess the authority to reorganize the central administration office nor did they direct or suggest that

Dr. Sauceda reorganize the District's central administration office or take any other adverse employment action against Plaintiff Norma Ortiz. (Exhibits A, B, C, D, and E).

In November of 2001, Dr. Sauceda informed Plaintiff Norma Ortiz that she would be reassigned from her position as Board Secretary to a position that would be commensurate in pay grade and level in accordance with Board Policy DK (Local). (Exhibits A-3 and A-4). Dr. Sauceda determined it was in the best interest of the District to reorganize the office in an effort to facilitate better board member/superintendent communication, provide a safeguard to review and approve board member requests for information or travel, and create an organizational system that he could be comfortable with and work under. (Exhibit A). Dr. Sauceda informed Plaintiff Ortiz that the position of board secretary would be eliminated and the functions associated with that position would be absorbed by his current secretarial support staff. (Exhibit A-3). Dr. Sauceda did not interview for a replacement. (Exhibit A). Dr. Sauceda had no plans of later reviving the position of board secretary and he did not do so. (Exhibit A).

Although Plaintiff Catalina Garcia did express her intentions of submitting applications for employment with the District to Dr. Sauceda, he never stated to Plaintiff that she should not submit her applications or that she would be denied employment with the District based on her political speech, affiliations, and/or associations. (Exhibit A). To the contrary, Dr. Sauceda stated to Plaintiff Garcia that she needed to go through the District's process of applying, interviewing, and, ultimately, being selected for a vacant position like any other applicant. (Exhibit A).

By way of background, classified employees typically serve the School District as support staff and are considered at-will employees under District employment policies. (Exhibit E). Individuals interested in such employment with the District submit an application along with their

resume, which is kept on file with the District. (Exhibit E). Interested individuals will also fill out

what the Department refers to as a "Letter of Intent" for specific positions that are vacant. (Exhibit

E). The administrators who seek to fill available positions will contact the Department and they are

provided a list of applicants for the position. (Exhibit E). Interviews are scheduled and these

administrators will provide the Department with Personnel Requisitions. (Exhibit E). These

requisitions are subsequently forwarded to the Area Administrator of Human Resources and the

Superintendent of Schools for final processing. (Exhibit E). Plaintiff Catalina Garcia[3] was permitted

to file an application for classified positions and her application was made available to department

managers in the same manner as other applicants. (Exhibit E). Dr. Sauceda was never asked to

review a Personnel Requisition concerning Plaintiff Garcia, he never exercised his authority to

overrule a Personnel Requisition concerning Plaintiff Garcia and he never directed, suggested, or

implied that any person should not submit such a requisition for his review or approval for Plaintiff

Garcia. (Exhibit A). None of the other named Defendants possess the authority to directly hire

applicants nor did the other named Defendants direct or suggest that Dr. Sauceda not hire Plaintiff

Catalina Garcia. (Exhibits A, B, C, D, and E).

Similarly, although the named defendants attend the District's board meetings, none of the

named Defendants have the authority to run the meetings. (Exhibits A, B, C, and D). It is not the

function of the named Defendants to preside over these meetings or enforce the time limits or

content restrictions set out in Board Policy BED (Legal and Local). (Exhibits A, B, C, and D).

Under District Policy, the Presiding Officer runs the meetings, including the public comment portion

of the meetings. (Exhibit A-5). The Defendants never interfered with Plaintiff Garcia's attempts to

---

[3]The District attempted to interview Plaintiff Garcia even before she ran for office. (Exhibit E). Although the District
scheduled reasonable times for Plaintiff Garcia to come in and interview, Plaintiff Garcia failed to keep her scheduled
appointments on two separate occasions (Exhibit E-1).

voice her opinions at board meetings or in any way limited her time to address the Board. (Exhibits A, B, C, and D). Further, the named Defendants are not aware of a time that the Presiding Officer of the Board interfered with Plaintiff Garcia's attempts to voice her opinions or limited her time to address the Board in a manner that was not in accord with our Board Policy. (Exhibits A, B, C, and D).

**VI.**
**ARGUMENTS AND AUTHORITY**

A.    **THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' ARTICLE 1, SECTION 8 CLAIMS UNDER THE TEXAS CONSTITUTION AS A MATTER OF LAW.**

As noted above, Plaintiffs Norma Ortiz and Catalina Garcia sued the Brownsville Independent School District, board members, Randy Dunn and Marilyn Del Bosque-Gilbert, and administrators Superintendent Noe Sauceda and Area Superintendent of Human Resources, Eddie Errisuriz, in their official capacities, for alleged violations of their civil rights under Article 1, Section 8 of the Texas Constitution. (See Plaintiffs' Amended Original Petition). In essence, Plaintiff Ortiz claims that the Defendants (the School District, Dr. Noe Sauceda, Mr. Randy Dunn, Ms. Marilyn Del Bosque Gilbert and Mr. Eddie Errisuriz) reassigned her from the position of board secretary because of her political speech, affiliations and associations. (Plaintiffs' Amended Petition). Plaintiff Garcia claims that the Defendants (the School District, Dr. Noe Sauceda, Mr. Randy Dunn, Ms. Marilyn Del Bosque Gilbert and Mr. Eddie Errisuriz) denied her employment with the School District because of her political speech, affiliations and associations. (Plaintiffs' Amended Original Petition). Based upon the pleadings and summary judgment evidence summarized above and in accordance with the applicable authorities noted below the Defendants are entitled to judgment as a matter of law.

1.  **NO LEGAL BASIS EXISTS FOR HOLDING THE DEFENDANTS LIABLE FOR POLITICAL RETALIATION.**

The Bill of Rights of the Texas Constitution provides: "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." Tex. Const. art. I, § 8. Because the Texas Constitution provides broader protection than its federal counterpart, case law interpreting the Texas Constitution's free speech clause generally has followed federal free speech analysis. *See Davenport v. Garcia*, 834 S.W.2d 4, 10 (Tex. 1992); *Alcorn v. Vaksman*, 877 S.W.2d 390, 401-02 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (following federal free speech standard established in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).

In order to successfully assert a claim of retaliatory discharge under Article I, Section 8 of the Texas Constitution, an employee-plaintiff has the burden of showing that: (1) the employee's speech involved a matter of public concern as determined by the content, form, and context of the speech and (2) the employee's speech was a substantial or motivating factor in the employer's conduct (must show causation). *Alcorn*, 877 S.W.2d at 401-02; *see also Mt. Healthy*, 429 U.S. at 287. Once the employee-plaintiff makes the initial showing, the burden shifts to the employer to show that it would have taken the same employment action even absent the employee's protected conduct. *Mt. Healthy*, 429 U.S. at 287. The employee-plaintiff can refute the employer's showing by demonstrating that the employer's explanation for the adverse action is merely pretextual. *Coughlin v. Lee*, 946 F.2d 1152, 1157 (5th Cir. 1991).

2.  **ASSUMING, *ARGUENDO*, THAT PLAINTIFFS' SPEECH, ASSOCIATIONS AND/OR AFFILIATIONS WERE PROTECTED, PLAINTIFFS CANNOT ESTABLISH THAT THEIR SPEECH WAS A SUBSTANTIAL OR MOTIVATING FACTOR IN THE DISTRICT'S EMPLOYMENT DECISIONS.**

a.   **Plaintiff Norma Ortiz' Article I, Section 8 Claim against Dr. Noe Sauceda.**

As to the second element, Plaintiffs are required to show a causal connection between the "protected activity" and the adverse employment action.  *Fowler v. Smith*, 68 F.3d 124 (5th Cir. 1995).  As established by the summary judgment evidence, Dr. Sauceda acted under his authority as Superintendent of Schools to reorganize the central administration office.  (Exhibit A).  Dr. Sauceda determined it was in the best interest of the District to reorganize the office in an effort to facilitate better board member/superintendent communication, provide a safeguard to review and approve board member requests for information or travel, and create an organizational system that he could be comfortable with and work under.  (Exhibit A).  On November 1, 2001, Dr. Sauceda informed Plaintiff Ortiz that the position of board secretary would be eliminated and the functions associated with that position would be absorbed by his current secretarial support staff.  (Exhibit A-3).  Dr. Sauceda did not interview for a replacement.  (Exhibit A).  Dr. Sauceda had no plans of later reviving the position of board secretary and he did not do so.  (Exhibit A).  Defendant Sauceda maintains that he is entitled to summary judgment because Plaintiff Ortiz cannot by pleadings, depositions, answers to interrogatories or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact that he reassigned Plaintiff Ortiz because of her political speech, affiliations, and/or associations.  Because Plaintiff Ortiz cannot raise a genuine issue of material fact on this element, the Court should grant the Defendants' Summary Judgment Motion as a matter of law.

b.   **Plaintiff Norma Ortiz' Article I, Section 8 Claim against Randy Dunn, Marilyn Del Bosque Gilbert and Eddie Errisuriz.**

As to the other named Defendants, it is clear from the summary judgment evidence summarized above and attached to this motion, that Mr. Randy Dunn and Ms. Marilyn Del Bosque

Gilbert **do not possess the authority as board members to reorganize the central administration office.** (Exhibits B and C). Further, the summary judgment evidence makes clear that Mr. Dunn and Ms. Del Bosque Gilbert never asked, suggested, directed or threatened that any District employee (including Dr. Sauceda), board member or any other person take any adverse employment action against Plaintiff Ortiz. (Exhibits B and C). Similarly, as Area Administrator for Human Resources, Mr. Eddie Errisuriz **does not possess the authority to reorganize the central administration office** nor has he ever directed or suggested that Dr. Sauceda reorganize the office or take any other adverse employment action against Plaintiff Ortiz. (Exhibit D). Defendants Dunn, Del Bosque Gilbert and Errisuriz maintain that they are also entitled to summary judgment because Plaintiff Ortiz cannot by pleadings, depositions, answers to interrogatories or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact: (1) these individuals had the capacity or authority to reorganize the central administration office; and/or (2) that these individuals directed, threatened, or suggested that Dr. Sauceda reorganize the central administration office or take any other adverse employment action against Plaintiff Ortiz. Because Plaintiff Ortiz cannot raise a genuine issue of material fact on this element, the Court should grant the Defendants' Summary Judgment Motion as a matter of law.

**c.      Plaintiff Catalina Garcia's Article I, Section 8 Claim against Dr. Noe Sauceda.**

As to the second element, Plaintiff Garcia is also required to show a causal connection between the "protected activity" and the adverse employment action. *Fowler v. Smith*, 68 F.3d 124 (5th Cir. 1995). As noted above, Plaintiff Garcia claims that she was denied the opportunity for employment based on her political speech, affiliations and associations. (*See* Plaintiff Amended Original Petition). As established by the summary judgment evidence, although Plaintiff Catalina

Garcia did express her intentions of submitting applications for employment with the District to Dr. Sauceda, he never stated to Plaintiff Garcia that she should not submit her applications or that she would be denied employment with the District based on her political speech, affiliations, and/or associations. (Exhibit A). To the contrary, Dr. Sauceda stated to Plaintiff Garcia that she needed to go through the District's process of applying, interviewing, and, ultimately, being selected for a vacant position like any other applicant. (Exhibit A). Plaintiff Catalina Garcia was permitted to file an application for classified positions and her application was made available to department managers in the same manner as other applicants. (Exhibit E). Dr. Sauceda was never asked to review a Personnel Requisition concerning Plaintiff Garcia, he never exercised his authority to overrule a Personnel Requisition concerning Plaintiff Garcia and he never directed, suggested, or implied that any person should not submit such a requisition for his review or approval for Plaintiff Garcia. (Exhibit A). Defendant Sauceda maintains that he is entitled to summary judgment because Plaintiff Ortiz cannot by pleadings, depositions, answers to interrogatories or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact that he denied her employment because of her political speech, affiliations, and/or associations. Because Plaintiff Garcia cannot raise a genuine issue of material fact on this element, the Court should grant the Defendants' Summary Judgment Motion as a matter of law.

**d.      Plaintiff Catalina Garcia's Article I, Section 8 Claim against Randy Dunn, Marilyn Del Bosque Gilbert and Eddie Errisuriz.**

Once again, as to the other named Defendants, it is clear from the summary judgment evidence summarized above and attached to this motion, that Mr. Randy Dunn and Ms. Marilyn Del Bosque Gilbert **do not possess the authority to hire applicants for the School District.** (Exhibits B and C). Further, the summary judgment evidence makes clear that Mr. Dunn and Ms. Del Bosque

Gilbert never asked, suggested, directed or threatened that any District employee (including Dr. Sauceda), board member or any other person take any adverse employment action against Plaintiff Garcia. (Exhibits B and C). Similarly, as Area Administrator for Human Resources, Mr. Eddie Errisuriz never directed that any District employee (including Dr. Sauceda) not consider, interview, or hire Plaintiff Garcia for any position for which she may have applied at BISD. (Exhibit D). Defendants Dunn, Del Bosque Gilbert and Errisuriz maintain that they are also entitled to summary judgment because Plaintiff Ortiz cannot by pleadings, depositions, answers to interrogatories or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact that they denied Plaintiff Garcia employment because of her political speech, associations and/or affiliations. Because Plaintiff Garcia cannot raise a genuine issue of material fact on this element, the Court should grant the Defendants' Summary Judgment Motion as a matter of law.

e.    **Plaintiff Catalina Garcia's Article I, Section 8 Claim against the School District and the individual Defendants.**

Finally, although the named Defendants attend the District's board meetings, **none of these individuals possess the authority to run the meetings**. (Exhibits A, B, C, and D). As the summary judgment evidence makes clear, it is not the function of the named Defendants to preside over these meetings or enforce the time limits or content restrictions set out in Board Policy BED (Legal and Local). (Exhibits A, B, C, and D). Under District Policy, the Presiding Officer runs the meetings, including the public comment portion of the meetings. (Exhibit A-5). The Defendants never interfered with Plaintiff Garcia's attempts to voice her opinions at board meetings or in any way limited her time to address the Board. (Exhibits A, B, C, and D). Further, the named Defendants are not aware of a time that the Presiding Officer of the Board interfered with Plaintiff Garcia's attempts to voice her opinions or limited her time to address the Board in a manner that was not in

accord with our Board Policy. (Exhibits A, B, C, and D). In light of the foregoing, Plaintiffs' claim

for retaliation under Article I, Section 8 of the Texas Constitution should be summarily dismissed.

**B.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AS A MATTER OF LAW.**

It has been generally stated that to recover under an intentional infliction of emotional

distress theory, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the

defendant's conduct was *extreme and outrageous*; (3) the defendant's actions caused the plaintiff

emotional distress; and (4) the emotional distress suffered by plaintiff was severe. *Twyman v.

Twyman*, 855 S.W.2d 619, 622 (Tex. 1993) (emphasis added). Extreme and outrageous conduct

means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Twyman*, 855 S.W.2d 619, 621. This has been described as an "exceptionally difficult burden" to

meet for a plaintiff. *C.M. v. Tomball Regional Hosp.*, 961 S.W.2d 236, 244 (Tex. App. – Houston

[1st Dist.] 1997, no writ). Mere insults, indignities, threats, annoyances, petty oppression, or other

trivialities are not considered extreme and outrageous conduct. *Horton v. Montgomery Ward & Co.,

Inc.*, 827 S.W.2d 361, 369 (Tex. App. – San Antonio 1992, writ denied). Similarly, conduct is not

considered extreme or outrageous simply because it is rude or tortious. *Natividad v. Alexsis, Inc.*,

875 S.W.2d 695, 699 (Tex. 1994). Conduct may be morally unjustifiable, unscrupulous, and

ignominious without rising to the level of extreme and outrageous. *Lassiter v. Wilkenfeld*, 930

S.W.2d 803, 808 (Tex. App. – Beaumont 1996, writ denied.).

The context of the alleged incident is important in determining "extreme and outrageous"

character. Texas case law specifically requires that the individual facts be considered in determining

"extreme and outrageous" conduct in divorce cases, common sources of intentional infliction of

emotional distress claims. *Vi.    senor v. Villasenor,* 911 S.W.2d 411, 4    (Tex. App. – San Antonio 1995, no writ). Generally, outrageous conduct is found when the recitation of *the facts* to an average member of the community would arouse his or her resentment against the actor, and lead him or her to actually describe the actions as outrageous. *Horton,* 827 S.W.2d at 369.

It is for the court to determine whether there is a possibility that severe emotional distress could be found and for the jury to decide whether it in fact existed. Restatement (Second) of Torts, § 46, Comment h; *See also, Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex. 1993).

1.    **NO LEGAL BASIS EXISTS FOR HOLDING DEFENDANTS LIABLE UNDER AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM UNDER STATE LAW.**

As noted above, Plaintiffs are also alleging that the individual Defendants are liable to them for Intentional Infliction of Emotional Distress. (See Exhibit F). The conduct that Plaintiffs are alleging is "extreme and outrageous" is "speaking with community citizens about Plaintiffs and they should stay away from them." (See Exhibit F). Even assuming, *arguendo,* for purposes of this summary judgment motion, that the Defendants made such remarks, making such remarks does not, as a matter of law, rise to the requisite level of "extreme or outrageous" conduct necessary to create a genuine material fact question on the issue and, therefore, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' intentional infliction of emotional distress claim. *See Diamond Shamrock Refining vs. Mendez,* 844 S.W.2d 198 (Tex. 1992) (falsely depicting plaintiff as a thief was not sufficiently extreme or outrageous to support a claim for intentional infliction of emotional distress)

Moreover, Plaintiffs have not shown that their alleged emotional injuries rise to the requisite level of "severe emotional distress." A party seeking recovery for mental anguish, even when advancing a cause of action that does not require the 'severe' damages required for intentional infliction of emotional distress, must prove more than 'mere worry, anxiety, vexation, embarrassment, or anger.'" *Escalante v. Koerner,* 28 S.W.3d 641, 646 (Tex. App. – Corpus Christi 2000, writ denied). Emotional distress such as difficulty concentrating, feelings of insecurity and

embarrassment do not const... e *severe* emotional distress and "are t... tly the kinds of relatively minor emotional distress that the term 'severe' is meant to filter out..." *Gorges Foodservice, Inc., v. Huerta,* 964 S.W.2d 656, 669 (Tex. App. – Corpus Christi 1997, no pet.). Neither do feelings of anger, depression, and humiliation constitute "severe emotional distress." *Villaseñor,* 911 S.W.2d at 416. Emotional distress is "severe" when it becomes "so extreme that no reasonable [person] could be expected to endure it without undergoing unreasonable suffering." *Tidelands Auto. Club v. Walters,* 699 S.W.2d 939, 941 (Tex. App. – Beaumont 1985, ref. n.r.e.). Furthermore, a plaintiff's proof of severe emotional distress must be wholly independent of the extreme and outrageous conduct of a defendant. *Id.* at 944. Consequently, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' intentional infliction of emotional distress claim.

## C.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' INVASION OF PRIVACY CLAIMS AS A MATTER OF LAW.

Under Texas law, the elements of a cause of action for invasion of privacy[4] are the following: (1) the defendant publicized something about the plaintiff's private life; (2) the publicity would be highly offensive to a reasonable person; (3) the matter publicized is not of legitimate public concern; and (4) the plaintiff suffered an injury as a result of the defendant's disclosure. *Star -Telegran, Inc. v. Doe,* 915 S.W.2d 471, 473-74 (Tex. 1995); *Industrial Found v. Texas Indus. Acc. Bd.,* 540 S.W.2d 668, 682 (Tex. 1976); *Anonsen v. Donahue,* 857 S.W.2d 700, 703 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

### 1.    NO LEGAL BASIS EXISTS FOR HOLDING DEFENDANTS LIABLE UNDER AN INVASION OF PRIVACY CLAIM UNDER STATE LAW.

Plaintiffs allege that Defendants invaded their privacy "in that their personal, social, and employment relationships with persons were threatened and interfered with by communicating verbal and written threats and innuendo knowing that such actions would cause harm to Plaintiffs." (Exhibit

---

[4]Under Texas law, there is no "False-light" invasion of privacy. That is, publicity that unreasonably places a person in a false position in the public eye is not a recognized cause of action in Texas. *Cain v. Hearst Corp.,* 878 S.W.2d 577, 584 (Tex. 1994).

F).  Even assuming, *arguendo*, .or purposes of this summary judgment n... .ion, that Defendants made such remarks, making such remarks, alone, does not support a viable claim for invasion of privacy and, therefore, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' invasion of privacy claim.  First, "publicity" for purpose of an invasion of privacy claim means that a matter is communicated to the public at large or disseminated to so many people that it becomes public knowledge.  *Industrial Found. v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 682 (Tex. 1976).

"Publicity" involves a larger audience than a defamatory "publication," which requires a communication to only single third person.  *Id.* at 683-84.  Examples of "publicity" for purposes of an invasion of privacy claim include newspapers, magazine articles and pamphlets distributed to a large group, radio and T.V. broadcasts and/or public speeches.  *See* Restatement (2d) of Torts §652D cmt. a.  Plaintiffs have not pled and cannot prove that Defendants "publicized" something about the their private lives.  Consequently, Plaintiffs cannot, by pleadings, depositions, answers to interrogatories, or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact to support a viable claim against the Defendants for Invasion of Privacy.

## IV.
## CONCLUSION AND PRAYER

Based upon the summary judgment evidence submitted to the Court and upon the authorities cited above, all of the claims made against Defendants should be dismissed, with prejudice.  In essence, the Plaintiff has failed to state a claim against the Defendants for which relief should be provided.  The Defendants believe that they are entitled to an entry of summary judgment in their favor as to all of Plaintiffs' claims, and respectfully requests that this Court enter such a judgment.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
  SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas  78216
TEL NO.  (210) 979-6633
FAX NO. (210) 979-7024


JOE DE LOS SANTOS
State Bar No. 24007100
DANIEL M. "MATT" BURNS
State Bar No. 03443900

ATTORNEYS FOR DEFENDANTS,
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT, ET. AL.

*Cause No. 2002-01-153-E*
*Defendants' Standard Motion for Summary Judgment*
*Page 18 of 19*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Standard Motion for Summary Judgment has been sent via certified mail, returned receipt requested on this 12 day of July, 2002 to the following counsel of record:

Michael Pruneda                      **Certified Mail, No. 7001 0360 0003 2629 7853**
The Pruneda Law Firm, P.L.L.C        **Return Receipt Requested**
P.O. Box T
Pharr, Texas 78577

JOE A. DE LOS SANTOS

# EXHIBIT E

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | § | THE 357TH DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | OF |
| SCHOOL DISTRICT, RANDY DUNN, | § | |
| MARILYN DEL BOSQUE GILBERT, | § | |
| NOE SAUCEDA,and EDDIE ERRISURIZ, | § | |
| in their official and  individual capacity, and | § | |
| employees, agents, and all those acting in | § | |
| concert or at their discretion | § | CAMERON COUNTY, TEXAS |

## ORDER

On this day came on to be considered Defendants' Objections and Motion to Strike Plaintiff's

Summary Judgment Evidence filed herein by Defendants, RANDY DUNN, NOE SAUCEDA and

EDDIE ERRISURIZ. The Court, having reviewed and considered the said Motion, the summary

judgment proof provided by Plaintiffs, and the arguments of counsel, is of the opinion that the

objections as set out in Defendants' Objections and Motion to Strike should be resolved as follows:

Plaintiffs' Exhibit A: _____ GRANTED ___✓___ DENIED

Plaintiffs' Exhibit B: _____ GRANTED ___✓___ DENIED

Plaintiffs' Exhibit C: ___✓___ GRANTED _____ DENIED

Plaintiffs' Exhibit D: ___✓___ GRANTED _____ DENIED

Plaintiffs' Exhibit E: ___✓___ GRANTED _____ DENIED

Plaintiffs' Exhibit F: ___✓___ GRANTED _____ DENIED

Plaintiffs' Exhibit G: ___✓___ GRANTED _____ DENIED

Plaintiffs' Exhibit H: ___✓___ GRANTED _____ DENIED

-1-

Plaintiffs' Exhibit I ___ GRANTED _____ DENIED

SIGNED this 12 day of ___Sept___, 2002.

ROLANDO OLVERA, DISTRICT JUDGE
357th JUDICIAL DISTRICT COURT

9/13/02
COPIES TO:
HON JOE DE LOS SANTOS
HON MICHAEL PRUNEDA

FILED 4:30 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 12 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

-2-

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | § | THE 357TH DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | OF |
| SCHOOL DISTRICT, RANDY DUNN, | § | |
| MARILYN DEL BOSQUE GILBERT, | § | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, | § | |
| in their official and individual capacity, and | § | |
| employees, agents, and all those acting in | § | |
| concert or at their discretion | § | CAMERON COUNTY, TEXAS |

FILED 3:37 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
SEP 0 3 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORNEJO DEPUTY
PLT

## DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now Comes the Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque[1] Gilbert, Noe Sauceda and Eddie Errisuriz (hereinafter, "the Defendants"), in all capacities in which said Defendants have been sued, and files this their Objections and Motion to Strike Plaintiffs' Summary Judgment Evidence and would respectfully show the Court as follows:

### I.
### OBJECTIONS TO PLAINTIFFS' SUMMARY JUDGMENT PROOF

Summary judgment evidence must be admissible under the rules of evidence. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997). In other words, facts must be proved and supported by the same evidence that would be introduced at trial. TEX. R. CIV. P. 166a(f). Much of the "evidence" Plaintiff has submitted to the Court in response to Defendant's Motion(s) for Summary Judgment is inadmissible and not relevant to the material issues raised and addressed in Defendant's respective Motions for Summary Judgment. The Defendants objects to this

---

[1] Plaintiffs have agreed to dismiss Marilyn del Bosque Gilbert, in both her individual and official capacity, from the above-referenced lawsuit with prejudice.

inadmissible evidence in its entirety and asks the Court to strike and not consider it for any purpose.

*Longoria*, 938 S.W.2d 29, 30.

1.    **Plaintiffs' Pleadings As Summary Judgment Evidence**

As to Plaintiffs' pleadings[2], to the extent Plaintiffs rely on their pleadings to create fact

issues, the Defendants object to such use as pleadings are not competent summary judgment

evidence. *Laidlaw Waste Sys. Inc., v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995).

Specifically, Defendant objects to section(s) I., IV., V., VI., VII., and VIII. of Plaintiffs' Response to

Defendants' "No Evidence" Motion for Summary Judgment Under Rule 166a(i) & Standard Motion

for Summary Judgment Under Rule 166a to the extent that the factual assertions and opinions stated

therein have no support in competent summary judgment evidence. *Laidlaw Waste Sys. Inc.*, 904

S.W.2d 656, 660. For these specific reasons, the Defendants requests that the Court strike and not

consider this inadmissible evidence for any purpose.

2.    **Exhibit A: Affidavit of Plaintiff Norma Ortiz[3]**

The affidavit submitted by Plaintiff Norma Ortiz as summary judgment evidence is replete

with conclusions, unsupported by facts, and contains other inadmissible and immaterial allegations.

*Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (conclussory statements in affidavits

are not proper summary judgment evidence); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.

1984) (legal conclusions are not competent summary judgment evidence); *Harley-Davidson Motor*

*Co. v. Young*, 720 S.W.2d 211, 216 (Tex. App.-Houston [14th Dist.] 1986, no writ) (unsubstantiated

_____

[2] Defendants were not served with a copy of Plaintiffs' Third Amended Original Petition. Defendants object to any attempt by Plaintiffs' to use a Third Amended Original Petition as summary judgment evidence as pleadings are not competent summary judgment proof. Further, Defendants reserve the right to object to any additional parties or causes of action Plaintiffs plan to file with the Court, if any.

[3] Attached as Exhibit 1, Defendants' have attached copies of the Plaintiffs' "evidence" with the appropriate page numbers and lines marked for the Court's reference and convenience.

opinions are not competent summary judgment evidence).

Specifically, Defendants object to Plaintiffs' Exhibit A, page 1, paragraph 4, lines 12 to 15, as Plaintiff Ortiz' allegations about Joey Lopez' alleged comments constitute inadmissible hearsay without any foundation. *Southland Corp. v. Lewis*, 940 S.W.2d 83, 85 (Tex. 1997). Defendants also object to Plaintiffs' Exhibit A, page 1, paragraph 4, line16, as Plaintiff Ortiz' assertions of being "extremely nervous and scared" cannot be readily controverted and, consequently, is not admissible summary judgment evidence. TEX. R. CIV. P. 166a(c). With respect to Plaintiffs' Exhibit A, page 1, paragraph 5, lines 19-21, Defendants object to Plaintiff's reference to her beliefs or feelings as that "evidence" is, once again, not readily controvertible and not competent summary judgment proof. TEX. R. CIV. P. 166a(c). Defendants specifically object to Plaintiffs' Exhibit A, page 1, paragraph 5, lines 22 to 23, as Plaintiff Ortiz' allegations of wrongdoing on the part of Randy Dunn are based on a unidentified "newspaper article" and amount to no more than mere conclusions and hearsay. As noted above, conclusory statements and hearsay are not competent summary judgment proof. *Purcell v. Bellinger*, 940 S.W.2d 599, 602 (Tex. 1997). Finally, Defendants object to Plaintiffs' Exhibit A, page 1, paragraph 6, lines 29-33, as Plaintiff Ortiz' assertions of belief and unsupported factual and legal conclusions are not competent summary judgment proof. *Ryland Group, Inc.*, 924 S.W.2d 120, 122. For these specific reasons, the Defendants requests that the Court strike and not consider this inadmissible evidence for any purpose.

3.   **Exhibit B: Affidavit of Plaintiff Catalina Garcia**

The affidavit submitted by Plaintiff Catalina Garcia as summary judgment evidence is also replete with conclusions, unsupported by facts, and contains other inadmissible and immaterial allegations. *Ryland Group, Inc.*, 924 S.W.2d 120, 122; *Brownlee*, 665 S.W.2d 111, 112; *Young*, 720

S.W.2d 211, 216.

Specifically, Defendants object to Plaintiffs' Exhibit B, page 1, paragraph 4, lines 12 to 21, as Plaintiff Garcia's assertions of belief and unsupported factual conclusions are not competent summary judgment evidence. *Ryland Group, Inc.*, 924 S.W.2d 120, 122. That is, Defendants cannot readily controvert Plaintiff Garcia's state of mind, feelings or belief. Moreover, it is well settled that to establish facts through an interested witness, the testimony must be uncontroverted, clear, positive, direct, credible, free from contradiction, and susceptible to being readily controverted. TEX. R. CIV. P. 166a(c). On or about January 11, 2002, Plaintiff Garcia alleged to this Court that she met with Dr. Sauceda about her interest in employment with the BISD. (See Plaintiffs; Original Petition). Plaintiff Garcia claimed that Dr. Sauceda denied her request and stated in response: "how would Mrs. Del Bosque and Mr. Dunn feel if you were hired?" and "that's the price you pay for getting into politics." (See Plaintiffs' Original Petition). On June 27, 2002, the Court ordered Plaintiff Garcia to provide the Defendants a tape she claimed supported her Article I, Section 8 against Dr. Noe Sauceda. (See Court's Order on Motion to Compel). This "smoking gun" purportedly evidenced the inflammatory allegations Plaintiff Garcia is now trying to establish via her affidavit. ( Plaintiffs' Exhibit B, page 1, paragraph 4, lines 12 to 19). It is important that this Court note that on July 22, 2002, Plaintiff Garcia contradicted her own testimony:

Ms. GARCIA:          "Okay. I'll go ahead and look it up."

Well, anyway, there is an issue that I would like to discuss with you, Mr. President, and some of you board members. I have this tape. And I was told previously that being a politician, I'll have to pay the price and that's the reason why I might not get hired in the district. Being a citizen from Brownsville, I know that there's been previous board members that are now employed by BISD. I have two conversations here, and I would like for one of you to have the courtesy to call me so you can *listen* to the tape.

Thank you.

UNIDENTIFIED SPEAKER: Thank you.

(This is the end of the videotape being played during the deposition.)

AQ.    (BY MR. BURNS)    Okay.    You made some allegations regarding that audiotape, in particular I believe you said you were told that having been a politician you could not be hired in the district; is that correct?

A.    That is correct.

Q.    Okay.  Had you listened to that - - listened to that tape - -

A.    No, sir.

Q.    Before that meeting?

A.    It's been awhile.  And I haven't heard it in a long time.

Q.    But my question is: Did you listen to the tape before that meeting?

A.    Did I listen to the tape before this meeting?

Q.    Yes, ma'am.

A.    No, sir.

Q.    So you didn't really know what was on that tape, did you?

A.    I got to hear some part of it.

Q.    Did you hear the part where you allege Doctor Sauceda told you that being a politician you had to pay the price?

A.    Did I hear the part?  I haven't heard the tape in awhile, sir.  I cannot answer that question.

**Q.    Okay.  Do you still contend that that tape contains statements by Doctor Sauceda that you are not going to be hired by the Brownsville ISD because of your political affiliations?**

**A.    I could not answer that right now, sir."  (See Excerpts of Defendants' Response to Plaintiff's Motion for Continuance and attachments, which is incorporated by reference for all purposes to Defendants' Objections and Motion to Strike Plaintiffs' Summary Judgment Evidence).**

In light of the foregoing, Defendants request that the Court specifically strike Plaintiff Garcia's affidavit, page 1, paragraph 4, lines 14 to 19, as the Plaintiff's own testimony is not clear, direct, or free from (her own) contradiction. *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989). Defendants also object to Plaintiffs' Exhibit B, page 1, paragraph 5, lines 23 to 27, as Plaintiff Garcia's assertions of belief and unsupported factual and legal conclusions are not competent summary judgment proof. *Ryland Group, Inc.*, 924 S.W.2d 120, 122. For the same reasons, Defendants specifically object to Plaintiffs' Exhibit B, page 1, paragraph 6, 34 to 37, page 2, paragraph 1, 43 to 52). With respect to Plaintiffs' Exhibit B, page 2, paragraph 1, lines 43 to 52, the Defendants request that the Court strike Plaintiff Garcia's allegations about what Ms. Drue Brown purportedly said to Plaintiff as these allegations clearly constitute inadmissable hearsay without any foundation. *Southland Corp. v. Lewis*, 940 S.W.2d 83, 85. Finally, Defendants object to Plaintiffs' Exhibit B, page 2, paragraphs 2 and 3, lines 53 to 66, as Plaintiff Garcia's assertions of belief, hearsay evidence, and unsupported factual and legal conclusions are not competent summary judgment proof. *Ryland Group, Inc.*, 924 S.W.2d 120, 122. For these specific reasons, the Defendants requests that the Court strike and not consider this inadmissible evidence for any purpose.

## 4.   Exhibit C: Affidavit of Johnny Cavazos

Defendants object to Plaintiffs' Exhibit C, in its entirety, Johnny Cavazos's assertions contain conclusory assertions that are not probative to any material issue in this case. For these specific reasons, the Defendants requests that the Court strike and not consider this inadmissible evidence for any purpose.

5.    **Exhibit D: Affidavit of Hector Gonzalez**

Defendants object to Plaintiffs' Exhibit D, in its entirety, Hector Gonzales' assertions contain conclusory assertions that are not probative to any material issue in this case. For these specific reasons, the Defendants requests that the Court strike and not consider this inadmissible evidence for any purpose.

6.    **Exhibits E, F and H: Letters from Joe Cadriel, Jr. and Hector Gonzales and some of Plaintiff Garcia's employment applications**

As noted above, the evidence presented in support of or in opposition to a motion for summary judgment must be admissible under the rules of evidence.    TEX. R. CIV. P. 166a(f). Defendants object to Plaintiffs' Exhibits E, F and H (purported letters from Joe Cadriel, Jr. and Hector Gonzales and some of Plaintiff Garcia's employment applications), in their entirety, due to the fact that these exhibits are not sworn statements and are being offered without any predicate or evidentiary foundation. *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App. - San Antonio 1997, pet. denied) (documents submitted as summary judgment proof must be authenticated by affidavit). Therefore, these Exhibits are not proper summary judgment evidence and should be stricken from the record with respect to both Motions.

7.    **Exhibit G: Affidavit of Otis Powers**

Defendants object to Plaintiffs' Exhibit G, in its entirety, Otis Powers' affidavit contains conclusory assertions that are not probative to any material issue in this case. For these specific reasons, the Defendants requests that the Court strike and not consider this inadmissible evidence for any purpose.

8.      **Exhibit I: Newspaper Article**

Defendants object to Plaintiffs' Exhibits I (a Newspaper article that purports to quote Randy Dunn) due to the fact that this exhibit is not a sworn statement or attached to a sworn statement and is being offered without any predicate or evidentiary foundation. *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.- San Antonio 1997, pet. denied) (documents submitted as summary judgment proof must be authenticated or sworn by affidavit). Furthermore, although a newspaper may be self-authenticating under Rule 902(6) of the Texas Rules of Evidence, the fact that a document is self-authenticating does not make the information contained therein admissible. *Director v. Lara*, 901 S.W.2d 635, 638 (Tex. App.- El Paso 1995, writ denied). Defendants specifically object to the statements contained in Exhibit I as theses statements constitute inadmissible hearsay and are offered without any evidentiary foundation to establish some exception to the hearsay rule. *City of Austin v. Houston Lighting & Power Co.*, 844 S.W.2d 773, (Tex. App.- Dallas 1992, writ denied). A careful review of the article clearly shows that these statements do not even purport to be statements or quotes by Randy Dunn. On its face, this article is not more than editorial commentary by an unknown person. For these specific reasons, the Defendants requests that the Court strike and not consider this inadmissible evidence for any purpose.

**II.**
**CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court strike the Plaintiffs' Summary Judgment Evidence. Defendants further request that Plaintiffs take nothing by this cause of action and that Defendants recover their costs of Court and receive such other and further relief to which Defendants may be justly entitled, either at law or in equity.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
SCHULZE & ALDRIDGE, P.C.
70 NE Loop 410, Suite 800
San Antonio, Texas 78216
TEL NO. (210) 979-6633
FAX NO. (210) 979-7024


By: _____
    JOE A. DE LOS SANTOS
    State Bar No. 24007100

    DANIEL M. "MATT" BURNS
    State Bar No. 03443900

    ATTORNEYS FOR DEFENDANTS
    BROWNSVILLE INDEPENDENT SCHOOL
    DISTRICT, ET. AL.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Objections and Motion to Strike Plaintiffs' Summary Judgment Evidence has been served via Hand Delivery on this 3rd day of September, 2002:

Michael Pruneda                    *Via Hand Delivery*
The Pruenda Law Firm, P.L.L.C
P.O. Box T
Pharr, Texas 78577


                    _____
                    JOE A. DE LOS SANTOS

## CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| **NORMA ORTIZ and CATALINA GARCIA** § | | **THE 357TH DISTRICT COURT** |

NORMA ORTIZ and CATALINA GARCIA §          THE 357TH DISTRICT COURT
                                        §
VS.                                     §
                                        §
BROWNSVILLE INDEPENDENT                 §
SCHOOL DISTRICT, RANDY DUNN,            §          OF
MARILYN DEL BOSQUE GILBERT,             §
NOE SAUCEDA, and EDDIE ERRISURIZ, §
in their official and  individual capacity, and §
employees, agents, and all those acting in  §
concert or at their discretion          §          CAMERON COUNTY, TEXAS

### <u>ORDER</u>

On this day came on to be considered Defendants' Objections and Motion to Strike Plaintiffs' Summary Judgment Evidence filed herein by Defendants, the Court, after reviewing the motion, the summary judgment proof provided by Plaintiffs, arguments of counsel, is of the opinion that the objections as set out in Defendants' Objections and Motion to Strike should be resolved as follows:

Plaintiffs' Exhibit A: _____ GRANTED          _____ DENIED

Plaintiffs' Exhibit B: _____ GRANTED          _____ DENIED

Plaintiffs' Exhibit C: _____ GRANTED          _____ DENIED

Plaintiffs' Exhibit D: _____ GRANTED          _____ DENIED

Plaintiffs' Exhibit E: _____ GRANTED          _____ DENIED

Plaintiffs' Exhibit F: _____ GRANTED          _____ DENIED

Plaintiffs' Exhibit G: _____ GRANTED          _____ DENIED

Plaintiffs' Exhibit H: _____ GRANTED          _____ DENIED

Plaintiffs' Exhibit I: _____ GRANTED          _____ DENIED

SIGNED this _____ day of _____, 2002.

_____

JUDGE PRESIDING