8

United States District Court
Southern District of Texas
FILED

NOV 0 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NORMA ORTIZ and CATALINA GARCIA §
                                 §
        **Plaintiffs**            §
                                 §
vs.                              §        CIVIL ACTION NO. B-02-184
                                 §
BROWNSVILLE INDEPENDENT          §
SCHOOL DISTRICT, RANDY DUNN,     §
NOE SAUCEDA, and EDDIE ERRISURIZ, §
in their official and individual capacity, and §
employees, agents, and all those acting in §
concert or at their discretion   §
                                 §
        **Defendants**           §

## DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the BROWNSVILLE INDEPENDENT SCHOOL DISTRICT[1] (hereinafter, "the

School District" or "the BISD") in the above-styled and numbered cause, and files it Response and

Opposition to Plaintiffs' Motion to Remand and Motion for Sanctions and would show the Court the

following:

**I.**
**PROCEDURAL BACKGROUND**

---

[1] Please be advised that on August 28, 2002, the District Court granted the parties' Joint Motion to Dismiss Marilyn del Bosque-Gilbert, in her individual and official capacities, from this suit with prejudice. As Plaintiffs acknowledge, on or about September 12, 2002, the District Court granted the individual Defendants (Randy Dunn, Noe Sauceda, and Eddie Errsuriz) Standard and No-Evidence Motions for Summary Judgment and denied all of Plaintiffs' claims against these individuals, leaving only the School District as a Defendant. (Plaintiffs' Motion to Remand and Motions for Sanctions).

1.    On September 25, 2002, the School District timely and properly removed this action to this Court. (*See* Defendant's Notice of Removal).  This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343; therefore, it is removable to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441. (*See* Defendant's Notice of Removal).  On October 22, 2002, Plaintiff's filed their Opposed Motion to Remand and Motion for Sanctions. (*See* Plaintiffs' Motion for Remand and Motion for Sanctions). In Plaintiffs' Motion for Remand, Plaintiffs request that this Court remand this action to the 357th District Court of Cameron County, Texas on grounds other than lack of subject matter jurisdiction. (Plaintiffs' Motion for Remand and Motion for Sanctions).  Specifically, Plaintiffs' allege that Defendants notice of removal was not timely filed and that Defendants further waived their right to remove by invoking the processes of the state court. (Plaintiffs' Motion for Remand and Motion for Sanctions).  The School District maintains that this Court should deny Plaintiff's Motion for Remand.

2.    By way of background, this action was commenced on January 11, 2002, in the 357th Judicial District Court of Cameron County, Texas, as Cause No.2002-01-153-E. (*See* Plaintiffs' Original Petition: Exhibit 1).  Plaintiffs Ortiz and Garcia sued the Brownsville Independent School District, board members, Randy Dunn and Marilyn Del Bosque-Gilbert, and administrators Superintendent Noe Sauceda and Area Superintendent of Human Resources, Eddie Errisuriz, for alleged violations of their civil rights under Article 1, Section 8 of the Texas Constitution.  Plaintiffs specifically alleged that the Defendants retaliated against Plaintiffs based on their political speech, associations and/or affiliations.  On June 26, 2002, Plaintiffs filed an Amended Petition to add two causes of action, Intentional Infliction of Emotional Distress and Invasion of Privacy against the individual Defendants.

(*See* Plaintiff First Amended Original Petition: Exhibit 2). The Defendants timely filed an answer categorically denying all of Plaintiffs' allegations.

3.      On or about July 16, 2002, Defendants filed a Standard and No-evidence Motion for Summary Judgment which was scheduled to be heard on August 22, 2002 at 9:00 a.m. (Defendants' Motions for Summary Judgment). Plaintiff subsequently filed a Motion to Continue on July 19, 2002, requesting more time to conduct discovery and the Court granted said Motion and rescheduled said Summary Judgment hearing for September 3, 2002.

## II.
## APPLICABLE LAW

1.      A case may be removed to federal court if it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States . . ." 28 U.S.C. §1441(b). The procedure for removal is governed by 28 U.S.C. §1446. Ordinarily, a case must be removed within thirty days after the initial pleading is received by the defendant. 28 U.S.C. §1446(b). However, the statute further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . a copy of the amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. 28 U.S.C. §1446(b).

2.      The analysis of this statute is controlled by the well-pleaded complaint rule. The rule provides that a "a properly pleaded complaint governs the jurisdictional determination, and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction. *Aaron v. National Union Fire Insurance Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990), *citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-92 (1987); *See also, Allen v.*

*R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

3.      Federal district court lacks discretion *sua sponte* to remand for purely procedural defects. *In re Allstate Insurance Co.*, 8 F.3d 219 (1993).  Furthermore, if plaintiff does not make a timely motion to remand, it waives all procedural defects except subject-matter jurisdiction. *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 786 (5th Cir. 1996).

4.      A defendant's intent to waive the right to remove must be "clear and unequivocal." *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989).  The key factor in determining whether an action constitutes waiver is the defendant's *intent to seek a disposition of the action on the merits* in state court, rather than to maintain the status quo. *Bolivar Sand Co. v. Allied Equip., Inc.*, F. Supp. 171, 173 (W.D. Tenn. 1986) (emphasis added). In other words, "the right to removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Beighley v. FDIC*, 868 F.2d 776, 782 (*citing* 1A Moore, Federal Practice ¶ 0.157[9]] at 153 (1987).  In applying the requirement that the waiver be "clear and unequivocal," courts have refused to find waiver where there has been a filing of a dispositive motion, but no ruling obtained. " *Beighley v. FDIC*, 868 F.2d 776, 782.

### III.
### TIMELY NOTICE OF REMOVAL

1.      In the instant matter, Plaintiff takes the position that the School District did not timely remove because on or about August 12, 2002, Plaintiffs served on Defendants Plaintiffs' Fourth Supplemental Response to Defendants' Request for Disclosures alleging a federal claim.  (*See* Plaintiffs' Motion to Remand and Motion for Sanctions).  Consequently, Plaintiffs argue that Defendants should have filed their notice of removal on or about September 11, 2002, thirty days after the Defendants learned of Plaintiff's federal claim.   Plaintiff cites *S.W.S Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th

Cir. 1996) for the proposition that this discovery response constituted "other paper" within the meaning of 28 U.S.C. §1446(b) requiring the District to remove.  This case is distinguishable from the instant one in that Plaintiffs conveniently fail to mention to the Court that they unequivocally excluded any intention of bringing any federal claims in state court.

2.    Paragraph VI of Plaintiffs' Original Petition included the statement that "Plaintiffs hereby gives notice to all that they only allege state claims in this suit and specifically exclude *and do not intend to litigate herein,* any federal cause of action.  The only causes of action that they intend to litigate in *this Court* are those concerning rights arising under the laws of the sovereign State of Texas." [emphasis supplied].

3.    Plaintiffs' First Amended Original Petition was thereafter filed on or about June 26, 2002. Paragraph VI of said pleading again included the statement that "Plaintiffs hereby give notice to all that they only allege state claims in this suit and specifically exclude and do not intend to litigate herein, any federal cause of action.  The only causes of action that they intend to litigate in this Court are those concerning rights arising under the laws of the sovereign State of Texas."

4.    Federal courts have made it clear that for a case to be removable it must set forth a claim arising under the federal law, and it is not enough that plaintiff *might* on the facts have asserted a federal claim, when, plaintiff clearly has chosen not to do so.  *J.H. Smith Co. v. Jordan Marsh Co.,* 161 F.Supp. 659 (D.C. Mass, 1958) (emphasis added); *Allen v. R & H Oil and Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995) (if plaintiff pleads damages less than jurisdiction amount in a diversity case, he or she generally may bar defendant from removal to federal court for plaintiff is the "master of his complaint").

5.    On or about August 27, 2002, seven days before the hearing on Defendants' Motions for

Summary Judgment, Plaintiffs filed their Third Amended Original Petition in this matter. [No Second

Amended Original Petition appears in the record]. Such pleading includes claims arising under federal

law, including claims premised on Title 42 U.S.C. § 1983, and other new theories of liability arising

under Texas law. (Exhibit 3). The Notice of Removal was filed within thirty (30) days of receipt by

Defendant of Plaintiffs' Third Amended Original Petition, and is therefore timely filed pursuant to the

provisions of 28 U.S.C. §1446(b). In short, the School District timely removed this action once

Plaintiffs, as masters of their pleadings, filed and served their Third Amended Original Petition which

clearly retracted their express, unequivocal assertions that they did not intend to pursue a federal

claim in state court . For these reasons, the School District asks the court to deny Plaintiffs' Motion

to remand and to retain the case on the Court's docket.

## IV.
## NO WAIVER

1.    In the instant matter, Plaintiffs also take the position that the School District waived its right

to remove this action to this Court. (*See* Plaintiffs' Motion to Remand and Motions for Sanctions).

Plaintiff specifically contends the School District waived its right to remove by urging Defendants'

Motions for Summary Judgment and Objections and Motion to Strike Plaintiffs' Evidence at the

hearing held on September 3, 2002 and by obtaining a ruling on September 12, 2002. (*See* Plaintiffs'

Motion to Remand and Motions for Sanctions). In short, Plaintiffs contend that Defendants' motions,

both jointly and severally, invoked the processes, discretions and powers of the state court on the

merits of the case and were substantially clear and unequivocal intentions to prosecute this action in

the state court.

2.      As noted above, on September 25, 2002, the Brownsville Independent School District timely and properly removed this action to this Court. (*See* Defendant's Notice of Removal). The School District did not fail to exercise their option of removing to federal court or engage in an experiment on this case as the Plaintiffs suggest. *Beighley*, 868 F.2d 776, 782. As the pertinent excerpts of the Reporter's Record of the September 3, 2002 Summary Judgment Hearing makes clear, because of unforseen circumstances, the *School District* did not and could not go forward with its Motion(s) for Summary Judgment or Motion to Strike Plaintiffs' Summary Judgment Evidence on September 3, 2002. (Reporter's Record attached as Exhibit 4). Instead, only the remaining individual defendants moved forward and argued their pending dispositive motions on September 3, 2002. (Exhibit 4). As Plaintiffs correctly note, on September 12, 2002, the District Court properly disposed of all the claims Plaintiffs brought against Dr. Sauceda, Randy Dunn and Eddie Errsuirz in their individual capacities. (See Plaintiffs' Motion to Remand and Motions for Sanctions). Plaintiffs contentions that it was the District's intent to experiment in state court by seeking a disposition of the action on the merits finds no support in the record. *Bolivar Sand Co. v. Allied Equip., Inc.*, F. Supp. 171, 173 (W.D. Tenn. 1986). Although the School District did file its Motions for Summary Judgment on or about July 12, 2002, the School District did not obtain a ruling from the state court. For the foregoing reasons, the School District asks the Court to deny Plaintiffs' Motion to Remand and to retain the case on the Court's docket.

### IV.
### SANCTIONS ARE NOT WARRANTED

1.      Plaintiffs also seeks reasonable costs and attorney's fees incurred as a result of the removal. 28 U.S.C. §1447(c). The propriety of removal is central to the determination of whether to impose

such fees.  Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).  This Court cannot conclude that the defendant acted improperly in this case.  This entire issue could have been avoided had Plaintiffs specified the federal statutory claims in their complaints and/or not specifically excluded any federal claims in the same.  (Exhibits 1 and 2).

2.      To the contrary, while the Certificate of Service in Plaintiffs' latest petition indicates that the pleading was served on counsel on August 27, 2002, prior to the three day Labor Day holiday, such pleading was not received in the offices of counsel for Defendants until Tuesday, September 3, 2002. It is the School District's position that the "eleventh hour" filing of Plaintiffs' Third Amended Original Petition was merely a  means of avoiding the merits of all the Defendants' Motions for Summary Judgment.  It defies credibility that the timing of Plaintiffs' "change of heart" regarding federal causes of action and other new theories of liability is coincidental.  For the foregoing reasons, this Court should, therefore, deny Plaintiff's requests for attorney's fees, costs and expenses.

WHEREFORE, PREMISES, Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, requests that the Court deny Plaintiff's Motion to Remand and Motion for Sanctions and retain the case on the Court's docket, and for such other and further relief to which Defendant may show itself entitled.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
 SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216
TEL NO. (210) 979-6633
FAX NO. (210) 979-7024

By: 

JOE A. DE LOS SANTOS,
Attorney-in-Charge
State Bar No. 24007100
Admission No. 24370

DANIEL M. "MATT" BURNS
State Bar No. 03443900

ATTORNEYS FOR DEFENDANT
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Response and Objections to Plaintiffs' Motion to Remand and Motion for Sanctions has been sent by certified mail, return receipt requested, and via telecopy on the ___ day of November, 2002, to:

Michael Pruneda                    **Certified Mail, Return Receipt Requested**
The Pruneda Law Firm, P.L.L.C      **No. 7002 0510 0002 6094 9124**
P.O. Box T                         **And Via Telecopy**
Pharr, Texas 78577

JOE A. DE LOS SANTOS

*CA No. B-02-84*
*Def's Response to Mtn to Remand & for Sanctions*
*Page 9 of 9*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-184 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, RANDY DUNN, | § | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, | § | |
| in their official and individual capacity, and | § | |
| employees, agents, and all those acting in | § | |
| concert or at their discretion | § | |
| | § | |
| | § | |
| **Defendants** | § | |

## APPENDIX TO DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND MOTION FOR SANCTIONS

| TAB | DESCRIPTION |
|---|---|
| 1 | Plaintiffs' Original Petition |
| 2 | Plaintiffs' First Amended Original Petition |
| 3 | Plaintiffs' Third Amended Original Petition |
| 4 | Excerpts of Court Reporter's Record of the September 3, 2002 Summary Judgment Hearing |

1

CAUSE NO. 2002-01-153-E

| NORMA ORTIZ and CATALINA GARCIA | ◆ | IN THE 357 DISTRICT COURT |
|---|---|---|
| | ◆ | |
| V. | ◆ | |
| | ◆ | |
| | ◆ | FILED 3:30 O'CLOCK P M |
| | ◆ | AURORA DE LA GARZA DIST. CLERK |
| BROWNSVILLE INDEPENDENT SCHOOL | ◆ | OF   JAN 11 2002 |
| DISTRICT, RANDY DUNN, MARILYN | ◆ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ◆ | DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| and EDDIE ERRISURIZ, in their official and | ◆ | |
| individual capacity, and employees, agents, and all | ◆ | |
| those acting in concert or at their discretion | ◆ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, PLAINTIFFS NORMA ORTIZ and CATALINA GARCIA (hereinafter referred to as "Plaintiffs"), complaining of BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion, (hereinafter called by name or referred to as "Defendants"), and for such causes of action shows unto the court the following:

### I.
### DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff, NORMA ORTIZ, is a resident of Cameron County, Texas.

Plaintiff, CATALINA GARCIA, is a resident of Cameron County, Texas.

# EXHIBIT |

Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, is an independent school district operating in Texas that can be served by delivering citation to its superintendent Noe Sauceda at 1900 Price Road, Brownsville, Texas 78521-2417 or wherever found.

Defendant, RANDY DUNN, is a resident of Cameron County, Texas and can be served by delivering citation to 1900 Price Road, Brownsville, Texas 78521-2417 or wherever found.

Defendant, MARILYN DEL BOSQUE GILBERT, is a resident of Cameron County, Texas and can be served by delivering citation to 1900 Price Road, Brownsville, Texas 78521-2417 or wherever found.

Defendant, EDDIE ERRISURIZ, is a resident of Cameron County, Texas and can be served by delivering citation to 1900 Price Road, Brownsville, Texas 78521-2417 or wherever found.

Defendant, NOE SAUCEDA, is a resident of Cameron County, Texas and can be served by delivering citation to 1900 Price Road, Brownsville, Texas 78521-2417 or wherever found.

Venue is proper in Cameron County, Texas in that the acts made the basis of this cause of action occurred in Cameron County. Further, both Plaintiffs and Defendants are located within and/ or are residents of Cameron County, Texas.

## III.
## FACTUAL ALLEGATIONS

Plaintiff Norma Ortiz is a long time employee of Brownsville I.S.D. and is a loyal, dedicated, and hard working employee. Plaintiff began her career with the Defendant on or about 1972 as a P.E. Aid and worked her way up to the Position of School Board Secretary. Plaintiff held the position of School Board Secretary for approximately (15) years. Despite Plaintiff Ortiz's performance, dedication, and efforts, Defendant failed to give Plaintiff the opportunity work free of hostility during her employment and continue in that position. Ultimately, Plaintiff Ortiz suffered a job demotion on November 28, 2001 to Secretary of Professional Development. The harassment of Plaintiff Ortiz also included threats to District employees and other persons to stay away from Plaintiff Ortiz and not to speak or associate with her. Plaintiff believes that the various acts of

unlawful discrimination and demotion resulted from her associations with certain board members and Plaintiff Garcia.

As a result, Plaintiff Ortiz sues the Defendants for violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

Plaintiff Garcia, a former employee of the Brownsville Independent School District, was a candidate for a seat on the Brownsville School Board for the May 6, 2001 election. Subsequent to the election, Plaintiff expressed her intentions of submitting applications for employment for several posted job openings. Plaintiff was asked by Defendant Sauceda *"how would Mrs. Del Bosque and Mr. Dunn feel if you were hired?"* Plaintiff Garcia continued to express her desire to hold a non-contractual position with the district. Defendant Sauceda responded: *"that's the price you pay for getting into politics."*

Plaintiff Garcia, also on many occasions, was not allowed to voice her opposition of matters that directly affected the school district during several meetings of the School Board and on other occasions was not allowed to continue speaking unlike others in attendance. The harassment of Plaintiff Garcia included, but is not limited to, threats to District employees and other persons to stay away from Plaintiff Garcia and not to speak or associate with her.

Plaintiff Garcia believes that the unlawful acts against her were in retaliation for her political involvement, speech, association, and candidacy in violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas. As a result, Plaintiff Garcia sues RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity, and employees, agents, and all those acting in concert or at their discretion for violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

## IV.
## CONSTITUTIONAL CAUSE OF ACTION—
### *FREE SPEECH, FREEDOM OF ASSOCIATION*

Plaintiff Ortiz alleges that the Defendants' actions as alleged establish arbitrary, capricious, unreasonable, unlawful and discriminatory acts which resulted in the denial of the Plaintiff Ortiz's civil rights under and in violation of, *Article I, section 8* of the Constitution of the State of Texas. These acts that subjected Plaintiff Ortiz to the deprivations of rights guaranteed to all individuals the freedom of speech, political expression, political affiliation and association were unlawful in that they were based to an impermissible extent on Plaintiff Ortiz's political speech and association.

Plaintiff Garcia alleges that the actions of RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity, and employees, agents, and all those acting in concert or at their discretion, as alleged establish arbitrary, capricious, unreasonable, unlawful and discriminatory acts which resulted in the denial of the Plaintiff Garcia's civil rights under and in violation of, *Article I, section 8* of the Constitution of the State of Texas. These acts that subjected Plaintiff Garcia to the deprivations of rights guaranteed to all individuals the freedom of speech, political expression, political affiliation and association were unlawful in that they were based to an impermissible extent on Plaintiff Garcia's political speech and association.

## V.
## INCORPORATION OF ALLEGATIONS

All of the allegations in each of the paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## VI.
## EXCLUSION OF FEDERAL CLAIMS

Plaintiffs hereby give notice to all that they only allege state claims in this suit and specifically exclude, and do not intend to litigate herein, any federal cause of action. The only

causes of action that they intend to litigate in this Court are those concerning rights arising under the laws of the sovereign State of Texas.

## VII.
## JURY TRIAL REQUEST

Plaintiffs request that a jury be convened in order that issues the basis of this lawsuit be tried.

## VIII.
## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered from an infringement of their civil rights. In all reasonable probability, Plaintiffs will continue to suffer such for a long time into the future, if not for the balance of their natural lives. Such injury will likely exist for the remainder of Plaintiffs' lifetime. Plaintiffs seek to recover all damages to which they may be appropriately entitled and the court deems proper.

## IX.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiffs' fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs and others. Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining all the Defendants herein, as alleged in their separate causes of action, from continuing with such action and future action. Additionally, Plaintiffs request that this court order a permanent injunction, based on the customary nature of the unlawful acts, that Defendants and employees, agents and all those acting in concert with them or at their discretion refrain from denying Plaintiffs the rights infringed upon in this action. Thereafter, Defendants shall comply, follow, govern, and enforce such orders.

## X.
## DISCOVERY REQUESTS

Attached to the Original Petition, Plaintiffs propounded to the Defendants:

1. Plaintiffs' Request for Disclosure to Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion;

2. Plaintiff's First Set of Interrogatories to Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion; and

3. Plaintiff's Request for Production to Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

## XI.
## DECLARATORY RELIEF

This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the Plaintiffs and grant such other necessary and proper relief allowed by a declaratory judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:

a). Entering a permanent injunction, declaratory judgment, restraining and enjoining the Defendants, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiffs or otherwise violate their rights; and

c). such other appropriate relief as Plaintiffs may be justly entitled and the Court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____

MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

2

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357th DISTRICT COURT |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ♦ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, and employees, agents, and all | ♦ | |
| those acting in concert or at their discretion | ♦ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED—
### *ORIGINAL PETITION*

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, PLAINTIFFS NORMA ORTIZ and CATALINA GARCIA (hereinafter referred to as "Plaintiffs"), complaining of BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion, (hereinafter called by name or referred to as "Defendants"), and for such causes of action shows unto the court the following:

### I.
### DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff, NORMA ORTIZ, is a resident of Cameron County, Texas.

Plaintiff, CATALINA GARCIA, is a resident of Cameron County, Texas.

Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, has been served and appeared herein.

Defendant, RANDY DUNN, has been served and appeared herein.

Defendant, MARILYN DEL BOSQUE GILBERT, has been served and appeared herein.

Defendant, EDDIE ERRISURIZ, has been served and appeared herein.

Defendant, NOE SAUCEDA, has been served and appeared herein.

# EXHIBIT 2

Venue is proper in Cameron County, Texas in that the acts made the basis of this cause of action occurred in Cameron County. Further, both Plaintiffs and Defendants are located within and/or are residents of Cameron County, Texas.

## III.
## FACTUAL ALLEGATIONS

Plaintiff Norma Ortiz is a long time employee of Brownsville I.S.D. and is a loyal, dedicated, and hard working employee. Plaintiff began her career with the Defendant on or about 1972 as a P.E. Aid and worked her way up to the Position of School Board Secretary. Plaintiff held the position of School Board Secretary for approximately (15) years. Despite Plaintiff Ortiz's performance, dedication, and efforts, Defendant failed to give Plaintiff the opportunity work free of hostility during her employment and continue in that position. Ultimately, Plaintiff Ortiz suffered a job demotion on November 28, 2001 to Secretary of Professional Development. The harassment of Plaintiff Ortiz also included threats to District employees and other persons to stay away from Plaintiff Ortiz and not to speak or associate with her. Plaintiff believes that the various acts of unlawful discrimination and demotion resulted from her associations with certain board members and Plaintiff Garcia.

As a result, Plaintiff Ortiz sues the Defendants for violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

Plaintiff Garcia, a former employee of the Brownsville Independent School District, was a candidate for a seat on the Brownsville School Board for the May 6, 2001 election. Subsequent to the election, Plaintiff expressed her intentions of submitting applications for employment for several posted job openings. Plaintiff was asked by Defendant Sauceda *"how would Mrs. Del Bosque and Mr. Dunn feel if you were hired?"* Plaintiff Garcia continued to express her desire to hold a non-contractual position with the district. Defendant Sauceda responded: *"that's the price you pay for getting into politics."*

Plaintiff Garcia, also on many occasions, was not allowed to voice her opposition of matters that directly affected the school district during several meetings of the School Board and on other occasions was not allowed to continue speaking unlike others in attendance. The harassment of Plaintiff Garcia included, but is not limited to, threats to District employees and other persons to stay away from Plaintiff Garcia and not to speak or associate with her.

Plaintiff Garcia believes that the unlawful acts against her were in retaliation for her political involvement, speech, association, and candidacy in violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

As a result, Plaintiff Garcia sues Defendants for violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

## IV.
## CONSTITUTIONAL CAUSE OF ACTION—
### *FREE SPEECH, FREEDOM OF ASSOCIATION*

Plaintiff Ortiz alleges that the Defendants' actions as alleged establish arbitrary, capricious, unreasonable, unlawful and discriminatory acts which resulted in the denial of the Plaintiff Ortiz's civil rights under and in violation of, *Article I, section 8* of the Constitution of the State of Texas.

These acts that subjected Plaintiff Ortiz to the deprivations of rights guaranteed to all individuals the freedom of speech, political expression, political affiliation and association were unlawful in that they were based to an impermissible extent on Plaintiff Ortiz's political speech and association.

Plaintiff Garcia alleges that the actions of Defendants' as alleged establish arbitrary, capricious, unreasonable, unlawful and discriminatory acts which resulted in the denial of the Plaintiff Garcia's civil rights under and in violation of, *Article I, section 8* of the Constitution of the State of Texas. These acts that subjected Plaintiff Garcia to the deprivations of rights guaranteed to all individuals the freedom of speech, political expression, political affiliation and association were unlawful in that they were based to an impermissible extent on Plaintiff Garcia's political speech and association.

## V.
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

Plaintiffs assert that Defendants RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ's repeated and continuous actions, in the nature of extreme and outrageous conduct, were intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Such actions were also committed with the knowledge of Plaintiffs' special sensitivity to such conduct. Defendants' actions caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in amounts that exceed the minimum jurisdictional requirements of this Court. Plaintiff sues Defendants for such actions.

## VI.
## INVASION OF PRIVACY

Defendants RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ's conduct, of intruding into Plaintiffs' private affairs, was of such a highly offensive nature as to cause objection to any reasonable person of ordinary sensibilities. As a result of these Defendants' actions, Plaintiffs sue these Defendants for the tort of invasion of privacy.

## VII.
## EXCLUSION OF FEDERAL CLAIMS

Plaintiffs hereby give notice to all that they only allege state claims in this suit and specifically exclude, and do not intend to litigate herein, any federal cause of action. The only causes of action that they intend to litigate in this Court are those concerning rights arising under the laws of the sovereign State of Texas.

## VIII.
## JURY TRIAL REQUEST

Plaintiffs request that a jury be convened in order that issues the basis of this lawsuit be tried.

## IX.
## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered from an infringement of their civil rights. In all reasonable probability, Plaintiffs will

continue to suffer such for a long time into the future, if not for the balance of their natural lives. Such injury will likely exist for the remainder of Plaintiffs' lifetime. Plaintiffs seek to recover against RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, both jointly and severally and in their individual capacity, all damages to which they may be appropriately entitled and the court deems proper. As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered mental pain and anguish and severe emotional distress. In all reasonable probability, Plaintiffs will continue to suffer such mental trauma, pain and anguish for a long time into the future, if not for the balance of their natural lives.

## X.
## INJUNCTIVE RELIEF

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered from an infringement of their civil rights. The continuing nature of the denial of Plaintiffs' fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs and others. Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining the Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, as alleged in their separate causes of action, from continuing with such action and future action. Additionally, Plaintiffs request that this court order a permanent injunction, based on the customary nature of the unlawful acts, that Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT and employees, agents and all those acting in concert with them or at their discretion refrain from denying Plaintiffs the rights infringed upon in this action. Thereafter, Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT shall comply, follow, govern, and enforce such orders.

## XI.
## DISCOVERY REQUESTS

Attached to the Original Petition, Plaintiffs propounded to the Defendants:

1. Plaintiffs' Request for Disclosure to Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion;

2. Plaintiff's First Set of Interrogatories to Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion; and

3. Plaintiff's Request for Production to Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:

a).   Judgment against the Defendants RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, both jointly and severally and in their individual capacity, for an amount compensating Plaintiffs for their damages and injuries, awarded in an amount in excess of the minimum jurisdictional limits of this Court not to exceed five million dollars ($5,000,000.00), such to be awarded by the jury;

b)    Entering a permanent injunction, restraining and enjoining the Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiffs or otherwise violate their rights now or in the future that may affect their future or continued employment; and

c).   such other appropriate relief as Plaintiffs may be justly entitled and the Court deems proper.


Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ◆ | IN THE 357th DISTRICT COURT |

NORMA ORTIZ and CATALINA GARCIA        ◆        IN THE 357th DISTRICT COURT

V.        ◆

◆

◆

BROWNSVILLE INDEPENDENT SCHOOL        ◆        OF
DISTRICT, RANDY DUNN, NOE SAUCEDA        ◆
and EDDIE ERRISURIZ, in their official and        ◆
individual capacity, *and employees, agents, and all*        ◆
*those acting in concert or at their discretion*        ◆        CAMERON COUNTY, TEXAS

# PLAINTIFFS' THIRD AMENDED—
## *ORIGINAL PETITION*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, PLAINTIFFS NORMA ORTIZ and CATALINA GARCIA, (hereinafter referred to as "Plaintiffs"), complaining of BROWNSVILLE INDEPENDENT SCHOOL, DISTRICT (Brownsville I.S.D.), RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, in their official and individual capacity, and employees, agents and all those acting in concert with them or at their discretion, (hereinafter called by name or referred to as "Defendants"), and for such causes of action shows unto the court the following:

## I.
## DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

Plaintiff, NORMA ORTIZ, is a resident of Cameron County, Texas.

Plaintiff, CATALINA GARCIA, is a resident of Cameron County, Texas.

Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, is a governmental entity operating under color of state law that has been served and thereafter appeared and answered.

Defendant, RANDY DUNN, is a resident of Cameron County, Texas acting at times under color of state law and has been served and appeared herein.

Defendant, EDDIE ERRISURIZ, is a resident of Cameron County, Texas acting at times under color of state law has been served and appeared herein.

Defendant, NOE SAUCEDA, is a resident of Cameron County, Texas acting at times under color of state law has been served and appeared herein.

**EXHIBIT 3**

Venue is proper in Cameron County, Texas in that the acts made the basis of the causes of action occurred in Cameron County and further both Plaintiff and Defendants are located in Cameron County, Texas.

### III.
### FACTUAL ALLEGATIONS

Plaintiff Norma Ortiz is a long time employee of Brownsville I.S.D. and is a loyal, dedicated, and hard working employee. Plaintiff began her career with the Defendant on or about 1972 as a P.E. Aid and worked her way up to the Position of School Board Secretary. Plaintiff held the position of School Board Secretary for approximately (15) years. Despite Plaintiff Ortiz's performance, dedication, and efforts, Defendant failed to give Plaintiff the opportunity work free of hostility during her employment and continue in that position. Ultimately, Plaintiff Ortiz suffered a job demotion on November 28, 2001 to Secretary of Professional Development. The harassment of Plaintiff Ortiz also included threats to District employees and other persons to stay away from Plaintiff Ortiz and not to speak or associate with her. Plaintiff believes that the various acts of unlawful discrimination and demotion resulted from her associations with certain board members and Plaintiff Garcia.

As a result, Plaintiff Ortiz' civil rights have been violated and therefore sues the Defendants for violations of the laws and Constitutions of the United States and Texas

Plaintiff Garcia, a former employee of the Brownsville Independent School District, was a candidate for a seat on the Brownsville School Board for the May 6, 2001 election. Subsequent to the election, Plaintiff expressed her intentions of submitting applications for employment for several posted job openings. Plaintiff was asked by Defendant Sauceda *how would Mrs. Del Bosque and Mr. Dunn feel if you were hired?* Plaintiff Garcia continued to express her desire to hold a non-contractual position with the district. Defendant Sauceda responded: *that's the price you pay for getting into politics.*

Plaintiff Garcia, also on many occasions, was not allowed to voice her opposition of matters that directly affected the school district during several meetings of the School Board and on other occasions was not allowed to continue speaking unlike others in attendance. The harassment of Plaintiff Garcia included, but is not limited to, threats to District employees and other persons to stay away from Plaintiff Garcia and not to speak or associate with her.

Plaintiff Garcia believes that the unlawful acts against her were in retaliation for her political involvement, speech, association, and candidacy in violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

As a result, Plaintiff Garcia's civil rights have been violated and therefore sues Defendants for violations of the laws and Constitutions of the United States and Texas.

### IV.
### 42 U.S.C. § 1983

The Defendants and employees, agents and all those acting in concert with them or at their discretion acting under color of law of Texas acted with a deliberate indifference and subjected Plaintiffs to the deprivations of the following rights, privileges and immunities secured by the laws and Constitutions and of the United States and Texas when they decided to discriminate, retaliate,

harass, demote, reassign, refuse to hire, and take other adverse actions against Plaintiffs and deny them further access to a meaningful job free from hostility and politics for which they were qualified and experienced:

(a)    The Defendants Brownsville I.S.D., Noe Sauceda, and Randy Dunn, in their official capacities, and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions in refusing to hire Plaintiff to an impermissible extent on Plaintiff's exercise of free speech due to her speech on matters of public concern. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(b)    The Defendants Brownsville I.S.D., Noe Sauceda, and Randy Dunn and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Norma Ortiz of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to reassign, transfer, and take adverse employment actions against Plaintiff to an impermissible extent on Plaintiff's exercise of free speech due to her support of political candidates. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(c)    The Defendant Brownsville I.S.D. and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions in refusing to hire Plaintiff to an impermissible extent on Plaintiff's exercise of her right to run for political office and candidacy in general. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(d)    The Defendants Brownsville I.S.D., Noe Sauceda, and Randy Dunn and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right to privacy under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to an impermissible extent on Plaintiff's private affairs such as personal and social relationships with others. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(e)    The Defendants Brownsville I.S.D., Noe Sauceda, and Randy Dunn and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs Norma Ortiz and Catalina Garcia of their right of freedom of association under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to an impermissible extent on Plaintiffs' exercise of their right to freely associate and/or disassociate with groups, public figures, political candidates, and others. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(f)     The Defendant Brownsville I.S.D. and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right of free speech and due process speech under the First and Fourteenth Amendments to the U.S. Constitution by refusing to provide Plaintiff Catalina Garcia an opportunity to speak freely and completely on matters of public concern in accordance with applicable policies and procedures. Such actions evidence Defendants' failure to abide by its own substantive and procedural requirements as stated in its policies and rules. Such actions by Defendants were performed in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(g)     The Defendants Noe Sauceda, Randy Dunn, and Eddie Errisuriz, in their official and individual capacities, and employees, agents and all those acting in concert with them or at their discretion conspired to deprive Plaintiffs Norma Ortiz and Catalina Garcia of their rights under the First and Fourteenth Amendments to the U.S. Constitution by committing such acts that caused injury to the Plaintiffs. Said actions were an attempt by Defendants to accomplish an unlawful purpose by unlawful means. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(h)     The Defendants Brownsville I.S.D. and Noe Sauceda, in his official capacity, and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia several times of her right to obtain Brownsville I.S.D. public information in accordance with the Texas Open Records Act in violation of her rights under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to an impermissible extent on Plaintiff's political speech on matters of public concern, political candidacy, and political associations. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

As a result of these unlawful deprivations, Plaintiffs according to the factual allegations, have effectively been subjected to discrimination, retaliation, harassment, demotion, reassignment, denial of employment, and other adverse actions, and as a result have suffered anxiety, mental anguish, humiliation, embarrassment, and other emotional harm and distress since being subjected to these unlawful actions and will continue to suffer lost wages in the past and future and other compensatory damages to which they are appropriately entitled and the court deems proper to be proved at trial.

## V.
## TX CONSTITUTIONAL CAUSES OF ACTION

(a)     The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs Norma Ortiz and Catalina Garcia of their right of free speech under *Article I, Section 8* of the Constitution of the State of Texas by basing their employment decisions to an impermissible extent on Plaintiffs' exercise of free speech on matters of public concern, political candidacy, political supports of candidates, and political associations. Such actions by Defendants were a customary

practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(b)   The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs Norma Ortiz and Catalina Garcia of their right of freedom of association under *Article I, Section 8* of the Constitution of the State of Texas by basing their employment decisions to an impermissible extent on Plaintiffs' exercise of their right to freely associate and/or disassociate with groups, public figures, political candidates, and others.    Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(c)   The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right of free and due process speech under *Article I, Section 19* of the Constitution of the State of Texas by refusing to provide Plaintiff Catalina Garcia an opportunity to speak freely and completely on matters of public concern in accordance with applicable policies and procedures.    Such actions evidence Defendants' failure to abide by its own substantive and procedural requirements as stated in its policies and rules.    Such actions by Defendants were performed in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

As a result of these unlawful deprivations, Plaintiffs according to the factual allegations, have effectively been subjected to discrimination, retaliation, harassment, demotion, reassignment, denial of employment, and other adverse actions, and as a result have suffered anxiety, mental anguish, humiliation, embarrassment, and other emotional harm and distress since being subjected to these unlawful actions and will continue to suffer lost wages in the past and future and other compensatory damages to which they are appropriately entitled and the court deems proper to be proved at trial.

## VI.
### 42 U.S.C. §1985(3)

Plaintiffs assert a cause of action against Defendants RANDY DUNN, NOE SAUCEDA, and EDDIE ERRISURIZ, in their individual and official capacities, for conspiracy to violate their respective civil rights.    Defendants conspired to illegally commit such acts that caused injury to the Plaintiffs.    Said actions were an attempt by Defendants to accomplish the deprivation of Plaintiffs' civil rights and privileges under the equal protection of the laws by taking actions in furtherance of their attempts to deprive and infringe upon Plaintiffs' individual and respective rights to free speech, freedom of association, and right to privacy.    Defendants were aware of the wrongful nature of their acts and benefited or intended to benefit by such actions.

## VII.
### INTENTIONAL INFLICTION
### OF EMOTIONAL DISTRESS

Plaintiff Catalina Garcia asserts that Defendants RANDY DUNN, NOE SAUCEDA, and EDDIE ERRISURIZ, in their individual capacities, engaged in repeated and continuous actions, in the nature of extreme and outrageous conduct, which were intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff.    Such actions

were also committed with the knowledge of Plaintiffs' special sensitivity to such conduct based on the actual or perceived threat of losing personal and social friendships wholly or in part. Such actions caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in amounts that exceed the minimum jurisdictional requirements of this Court. Plaintiff sues Defendants for such actions.

## VIII.
## INVASION OF PRIVACY

Plaintiff Catalina Garcia asserts that Defendants RANDY DUNN, NOE SAUCEDA, and EDDIE ERRISURIZ, in their individual capacities, intruded into Plaintiff's private affairs in the nature of personal and social friendships, was of such a highly offensive nature as to cause objection to any reasonable person of ordinary sensibilities. As a result of these Defendants' actions, Plaintiff sues these Defendants for the tort of invasion of privacy.

## IX.
## CIVIL CONSPIRACY

Plaintiffs assert a cause of action against Defendants RANDY DUNN, NOE SAUCEDA, and EDDIE ERRISURIZ, in their individual capacities, for civil conspiracy. Defendants conspired to illegally commit such acts that caused injury to the Plaintiffs. Said actions were an attempt by Defendants to accomplish an unlawful purpose by unlawful means. Defendants were aware of the wrongful nature of their acts and benefited or intended to benefit by such actions.

## X.
## JURY TRIAL REQUEST

Plaintiff requests that a jury be convened in order that issues the basis of this lawsuit be tried.

## XI.
## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered mental pain and anguish. In all reasonable probability, Plaintiffs will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of their natural lives. Plaintiffs have further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earnings will continue long into the future. As a result, Plaintiffs sue to regain all compensatory damages and any other relief to which they may be appropriately entitled and the court deems proper.

## XII.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiffs' fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs. Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining all the Defendants herein from continuing with such action and future action. Additionally, Plaintiffs request that this court order a permanent injunction, based on the customary nature of the unlawful act, that Defendants and employees, agents and all those acting in concert with them or at their discretion refrain from

denying Plaintiffs the rights infringed upon in this action and from taking any further action that would jeopardize their rights under the laws and Constitutions of the United States and Texas.

XIII.
ATTORNEY'S FEES

By reason of the allegations of this Petition in accordance with 42 U.S.C. 1983 and 42 U.S.C. 1988, Plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary. In this connection, Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. Reasonable attorneys' fees are further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Plaintiff fully expects that the Defendants will appeal this case. Plaintiff seeks attorneys' fees to compensate the Plaintiff for the attorneys' fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. As permitted, Plaintiff also seeks to recoup all litigation expenses expended in the prosecution of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:

a).    Judgment against Defendants for an amount compensating Plaintiffs for their damages and injuries in an amount in excess of the minimum jurisdictional limits of this Court with a maximum of thirty million dollars ($30,000,000.00), such to be awarded by the jury;

b).    Entering a permanent injunction, restraining and enjoining the Defendants, their officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiffs or otherwise violating their rights in a manner that is, may be, or can be construed as being negative or adverse;

c).    Prejudgment interest as allowed by law;

d).    Attorney, expert and litigation fees and expenses for trial and appeal;

e).    Interest on said judgment at the legal rate from date of judgment;

f).    Costs of suit herein;

g).    Nominal damages and such other appropriate relief as Plaintiffs are justly entitled and the Court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served to all counsel of record as noted below:

Signed on this the _27_ day of _August_, 2002.

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

_____
Michael Pruneda

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357ᵗʰ DISTRICT COURT |
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, *and employees, agents, and all* | ♦ | |
| *those acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

**PLAINTIFFS' REQUEST FOR JURY TRIAL**

NOW COME Plaintiffs, NORMA ORTIZ and CATALINA GARCIA, requesting that a

jury trial be held on said cause.  Pursuant to 216 of the Texas Rule of Civil Procedure a jury fee in

the sum of $30.00 has been paid to the District Clerk's office.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

1

```
 1                    REPORTER'S RECORD

 2                  VOLUME 1 OF 1 VOLUMES

 3          TRIAL COURT CAUSE NO. 2002-01-0153-E

 4   - - - - - - - - - - - - - x
                               :
 5   NORMA ORTIZ AND CATALINA  :   IN THE DISTRICT COURT
     GARCIA                    :
 6                             :
     VS                        :   357th JUDICIAL DISTRICT
 7                             :
     BROWNSVILLE INDEPENDENT   :
 8   SCHOOL DISTRICT, ET AL    :
                               :   CAMERON COUNTY, TEXAS
 9   - - - - - - - - - - - - - x

10
                   MOTION ON SUMMARY JUDGMENT
11

12       On the 3rd day of September, 2002, the following

13   proceedings came on to be heard in the above-entitled and

14   numbered cause before the Honorable 2002, Judge Presiding,

15   held in Brownsville, Cameron County, Texas.

16       Proceedings reported by computerized stenotype

17   machine.

18

19

20

21

22

23

24

25
```

CYNTHIA L. GARZA, CSR, RMR



2

```
 1                    A P P E A R A N C E S

 2    APPEARING FOR THE PLAINTIFFS:

 3         HON. MICHAEL PRUNEDA
           P.O. Box T
 4         Pharr, Texas  78577

 5    APPEARING FOR THE DEFENDANT:

 6         HON. JOE DE LOS SANTOS
           HON. MATT BURNS
 7         100 NE Loop 410, Suite 1000
           San Antonio, Texas  78216
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

```
1                        P R O C E E D I N G S
2                THE COURT:  All right.  Let's move on to
3      the civil docket.  02-01-0153-E, Norma Ortiz versus BISD.
4                MR. PRUNEDA:  Michael Pruneda for
5      plaintiffs, Your Honor.
6                THE COURT:  Yes, Mr. Pruneda.  Good
7      morning.
8                MR. PRUNEDA:  Good morning.
9                MR. DE LOS SANTOS:  Good morning, Your
10     Honor.  Joe De Los Santos and Matt Burns for the school
11     district and the individual defendants.
12               THE COURT:  All right.
13               MR. BURNS:  Your Honor, if I may approach?
14               THE COURT:  Yes, Mr. Burns.
15               MR. BURNS:  We have a, as previously been
16     provided to opposing counsel, just some objections to the
17     summary judgment evidence that we may need to refer to,
18     Your Honor, in the course of the hearing.
19               THE COURT:  Now, gentlemen, for
20     clarification, I see that on August 28th there was an
21     order on joint motion to dismiss with prejudice.  What
22     does that refer to?
23               MR. PRUNEDA:  To a single defendant, Judge,
24     that we dismissed from the this case.
25               THE COURT:  All right.  And that defendant
```

CYNTHIA L. GARZA, CSR, RMR

4

1    was Marilyn Del Bosque Gilbert.

2                    MR. PRUNEDA:  Correct.

3                    THE COURT:  And the remaining defendants

4    are still in the case?

5                    MR. PRUNEDA:  Every single one.

6                    THE COURT:  All right.  So we're ready to

7    proceed with the motion for summary judgment; is that

8    correct?

9                    MR. BURNS:  Yes.

10                    MR. PRUNEDA:  I believe, Judge, we also

11    have cross motions to quash that are being heard today,

12    too.

13                    THE COURT:  All right.  We'll consider all

14    those.

15                    Gentlemen, for the record, I need to

16    clarify something for the record before we proceed.  We

17    received a, shall we say, disturbing phone call from a

18    third party in this case.  And I don't recall the lady's

19    name and I don't have it in front of me, but let me say

20    this:  If it had been in court, it would have been grounds

21    for contempt.  In addition, I subsequently received a

22    letter from the same individual alleging that, perhaps,

23    this Court was not being fair with the plaintiffs and for

24    some unknown reason was also CC'ing a copy of that

25    lettering to a political opponent that I have in my

CYNTHIA L. GARZA, CSR, RMR

5

1    election.

2            This Court will not submit to any third

3    party blackmail, any third party political allegations or

4    innuendos, and all counsel of record are admonished to

5    make sure that this case does not become political.  I

6    will not tolerate that.

7            Obviously, for the record, this motion for

8    summary judgment, I believe, was filed on July 16th.  As,

9    Mr. Pruneda, you are well aware, the plaintiffs could have

10   had a hearing within 21 days; however, the case was not

11   scheduled until August 22nd, which was a full in excess of

12   35 days after the Rules of Civil Procedure allow for a

13   hearing.  And in addition, you were granted a continuance.

14           Today is now September 3rd.  So you now

15   basically have almost three times the ordinary time to

16   answer to this motion for summary judgment.  So any

17   innuendo that you have not had sufficient time to prepare

18   is ridiculous, and I will not tolerate that from any third

19   party.

20           I make that for the record because of the

21   fact that this lady did call and did send a letter to me

22   and my political opponent.  That's the only reason I bring

23   it up.  Obviously, there is no basis for that.

24           With that said, where are we and what do we

25   have on the plate?

CYNTHIA L. GARZA, CSR, RMR

1              MR. BURNS:  Your Honor, first we have two

2      motions for summary judgment.  They essential assert the

3      same grounds.  One is a no evidence motion for summary

4      judgment.  The second one is a standard motion for summary

5      judgment supported by affidavits.  And if I could just

6      proceed with those, I'll try to make it clear the context

7      in which I am referring to those motions, but for the most

8      part, we are referring to the no evidence summary judgment

9      motion.

10             THE COURT:  All right.  And Mr. Pruneda,

11     you have filed a motion to quash?

12             MR. PRUNEDA:  I filed a motion to quash and

13     they filed the cross motion to quash on a separate

14     deposition.

15             THE COURT:  What does your motion to quash

16     entail?

17             MR. PRUNEDA:  It was the objection to the

18     time and day and place of the deposition.  I was not given

19     previous notice of when this deposition was set.  It was

20     set.  I couldn't be there that day, so we quashed it.  And

21     then I subsequently set a deposition for two other

22     witnesses and they cross quashed those two.

23             So that's where we are.  They have nothing

24     to do with the summary judgment today, but they are being

25     heard this morning.

CYNTHIA L. GARZA, CSR, RMR

1          MR. BURNS:  The issue may be moot now

2    because we did hold a deposition of your witness on the

3    30th.

4          MR. PRUNEDA:  I think the motion that I

5    quashed is moot since they did depose that witness, but

6    mine are still alive for today for consideration, since I

7    still have not deposed the two that they have quashed.

8          MR. BURNS:  I can address that, Your Honor.

9    We did send him a letter saying that our client would be

10   available on 30th.  We didn't hear.  We didn't receive

11   notices for the depositions on the same day.  We made

12   clear in that letter that they would be available that

13   afternoon after we deposed the non-party witness.  We

14   didn't receive notices and we didn't hold the depositions.

15         THE COURT:  All right.  Mr. Pruneda?

16         MR. PRUNEDA:  Well, that is correct, and

17   the sole purpose of that, Judge, was I wasn't sure how

18   long they were going to take with that witness that

19   morning so I didn't bother to do it that afternoon on two

20   separate witnesses that I was going to depose.  So I

21   guess, you know, for purposes of the Court, if you want to

22   go ahead and grant the motion to quash, I mean, it's not

23   really anything that I can do about that.

24         THE COURT:  All right.

25         MR. BURNS:  I think we can probably agree

CYNTHIA L. GARZA, CSR, RMR

8

1    to pass on that motion to quash and if necessary

2    reschedule those.

3                MR. PRUNEDA:  Right.

4                THE COURT:  All right.  Based upon

5    announcements of counsel, it's passed and we will take it

6    under advisement, if necessary, at a later time.

7                All right.  Let's proceed with the motions

8    for summary judgment.

9                MR. BURNS:  Okay.  Your Honor, again, the

10    motions for summary judgment for Randy Dunn, Noe Sauceda

11    and Eddie Errisuriz.  As noted, Ms. Gilbert has previously

12    been non-suited.  The only other party that's not

13    accounted for is the Brownsville Independent School

14    District.

15                Our board president has seen fit to provide

16    an affidavit to the plaintiffs without consulting with

17    legal counsel, and there has also been a letter provided

18    by one of other trustees, or may have been provided by one

19    of other trustees, we can't tell.  The point, though, is

20    we appear to have a conflict of interest with respect to

21    the parties.

22                We have received informed consent from the

23    three individuals that are still in the case to go forward

24    this morning.  Unfortunately, because of the Open Meetings

25    Act restrictions, we haven't had a chance to check with

CYNTHIA L. GARZA, CSR, RMR

9

1    the Brownsville Independent School District as to whether

2    we can continue representation.  So we are only speaking

3    this morning as to those three individuals.  And because

4    of the conflict, we are going to be forced to not address

5    the Brownsville ISD's portions of the these motions for

6    summary judgment.

7                    THE COURT:  All right.

8                    MR. BURNS:  We will simply have to pass on

9    those and reserve it for a later date, if necessary.

10                    This Court has seen something of the

11    preview of the case in prior hearings.  To sum it up, the

12    plaintiffs claim that they have been subject to

13    retaliation by the school district and the individuals

14    based on their supporting board candidates or running for

15    office and believe they've suffered a discrimination at

16    the hands of the defendants.

17                    What we believe we can demonstrate this

18    morning is that this is a lawsuit that's desperately

19    seeking for a cause of action, a viable cause of action.

20    The plaintiff has squawked to the newspaper about this and

21    that, they have engaged in various fishing expeditions and

22    discovery.  They think they have been treated badly.

23                    And they are asking that the taxpayers

24    compensate them for that treatment to the tune of about

25    $5 million.

41

THE STATE OF TEXAS:

COUNTY OF CAMERON:

CERTIFICATE OF COURT REPORTER

I, CYNTHIA L. GARZA, Official Court Reporter in and for the 357th Judicial District Court of Cameron County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-entitled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

WITNESS MY OFFICIAL HAND on this the 31st day of October, 2002.

CYNTHIA L. GARZA, Texas CSR, RMR
Official Court Reporter
357th District Court
974 East Harrison Street
Brownsville, Texas 78520
(956) 548-9522
Certificate No. 2510
Expiration Date: 12/31/03

CYNTHIA L. GARZA, CSR, RMR