IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NORMA ORTIZ and CATALINA GARCIA § | |
| § | |
| **Plaintiffs** § | |
| § | |
| vs. § | CIVIL ACTION NO. B-02-184 |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT, RANDY DUNN, § | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, § | |
| in their official and individual capacity, and § | |
| employees, agents, and all those acting in § | |
| concert or at their discretion § | |
| § | |
| **Defendants** § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

1.   State where and when the meetings of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

     The Rule 26(f) joint discovery/case management plan meeting was held on January 9, 2003, via teleconference. Mr. Michael Pruneda, counsel for Plaintiffs, and Mr. Joe A. De Los Santos, counsel for Defendant, attending the meeting.

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

     This action was commenced on January 11, 2002, in the 357th Judicial District Court of Cameron County, Texas, as Cause No. 2002-01-153-E. In Plaintiffs' Third Amended Original Petition filed and served on Defendants, Brownsville Independent School District, Randy Dunn, Marilyn del Bosque Gilbert, Noe Sauceda and Eddie Errisuriz on August 27, 2002, Plaintiffs have alleged common law and a federal cause of action under 42 U.S.C. § 1983, claiming that they have been deprived of their rights, contrary to the First and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiffs, Ortiz and Garcia, claim that they have been deprived of their rights to free speech and freedom of association and that Defendants have conspired to deprive them of their rights under the First and Fourteenth

Amendments. Plaintiff, Garcia, further claims that she has been deprived of her right to due process, speech, right to privacy and right to obtain public information in accordance with the Texas Open Records Act, in violation of the First and Fourteenth Amendments. Please be advised that on August 28, 2002, the District Court granted the parties' Joint Motion to Dismiss Marilyn del Bosque-Gilbert, in her individual and official capacities, from this suit with prejudice. On or about September 12, 2002, the District Court granted the individual Defendants (Randy Dunn, Noe Sauceda, and Eddie Errsuriz) Standard and No-Evidence Motions for Summary Judgment and denied all of Plaintiffs' claims against these individuals, leaving only the School District as a Defendant. Defendant, Brownsville Independent School District, timely and properly removed this action to this Court on September 25, 2002, as set out below.

Plaintiffs contend that on or about September 12, 2002, the District Court partially granted the individual Defendants (Randy Dunn, Noe Sauceda, and Eddie Errsuriz) Standard and No-Evidence Motions for Summary Judgment. Plaintiffs also dispute that Defendant, Brownsville Independent School District, timely and properly removed this action to this Court on September 25, 2002, as set out below.

3.  Briefly describe what this case is about.

   Plaintiff Ortiz, an employee of the District for approximately 15 years, alleges that she was demoted from her position as school board secretary to secretary of professional development on November 28, 2001. She claims that she was demoted because of her political associations with certain board members and Plaintiff Catalina Garcia. Ms. Ortiz also claims that she has been harassed by the Defendants as other employees and persons have been threatened to stay away and not to associate with her. The Defendant categorically denies any wrongdoing in this matter.

   Plaintiff, Catalina Garcia, a former employee of the District, ran against Marilyn Del Bosque-Gilbert in the May 2001, board elections. She was defeated. Ms. Garcia claims that shortly after the election, she expressed her intentions of submitting applications for employment with the School District for several posted positions. She further claims that Superintendent Sauceda on different occasions that the Defendant board members would oppose hiring her due to her political activities. Ms. Garcia also claims that, at board meetings, she was not allowed to express her opinions on public matters. Like Ortiz, Plaintiff Garcia also claims that District employees and others have been threatened to stay away or not to associate with her. In sum, Garcia believes that she has been retaliated against for her political involvement, speech, association and candidacy. The Defendant categorically denies any wrongdoing in this matter.

4. Specify the allegation of federal jurisdiction.

   This Court has jurisdiction pursuant to Plaintiffs' federal causes of action pled under Title 42 U.S.C. §1983.

5. Name the parties who disagree and the reasons.

   Plaintiffs disagree that the Court has jurisdiction over this matter for the reasons set forth in their Motion to Remand and Motion for Sanctions currently pending before the Court. However, Defendant contends that the Court does have jurisdiction over this matter and, in addition to the Notice of Removal filed herein, the Defendant, Brownsville Independent School District, has also filed its Response and Opposition to Plaintiffs' Motion to Remand and Motion for Sanctions

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None.

7. List anticipated interventions.

   None.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties represent that they have provided documentary evidence and other matters subject to disclosure through voluminous discovery responses in the state court action, including answers to interrogatories, responses to requests for production and responses to requests for disclosure, prior to the removal of this case to federal court. In order to avoid the unnecessary time and costs of duplicating the voluminous documents already produced by the parties, the parties will agree to submit limited initial disclosures, in compliance with Rule 26(a), but identifying only the potential witnesses by **February 21, 2003,** unless ordered otherwise by the Court.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all matters raised in Rule 26(f).

The parties agree to make their initial disclosures, limited to identifying potential witnesses, by **February 21, 2003.** (See response to No. 9 above.)

B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiffs anticipate that they will send Interrogatories to Defendant on **March 21, 2003.**

C. When and to whom the Defendant anticipates it may send interrogatories.

Defendant anticipates that it will send interrogatories to Plaintiffs on **March 21, 2003**.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiffs anticipate that they may take the depositions of Defendants and/or current or former employees of Brownsville ISD and/or other persons with knowledge, to be completed by **June 25, 2003.**

E. Of whom and by when the defendant anticipates taking oral depositions.

Although Defendant has deposed the Plaintiffs in the state court case, Defendant reserves the right to redepose plaintiffs since the federal claims are new and have different elements. Defendant did not have an opportunity to depose plaintiffs on those claims before. Defendant anticipates taking the depositions of Plaintiffs to be completed by **June 25, 2003.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs agree to designate their experts, if any, and provide the reports by **April 15, 2003,** and Defendant agrees to designate its experts, if any, and provide the reports by **May 15, 2003.**

G. List expert depositions the Plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiffs anticipate taking the expert depositions, if any, by **June 25, 2003.**

H. List expert depositions the opposing party anticipates taking and their anticipated

completion date. See Rule 26(a)(2)(B) (expert report).

Defendant anticipates taking the expert depositions, if any, by **June 25, 2003.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    None.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    No discovery, including initial disclosures has been undertaken to date. However, as indicated in response to Nos. 9 and 10 (B) above, substantial discovery has been undertaken in the state court case.

13. State the date the planned discovery can reasonably be completed.

    The parties can complete discovery by **August 29, 2003.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties agree to confer with their respective clients and report to the Court on this matter at the Initial Pretrial Conference set for January 23, 2003.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have informally conferred regarding the possibility of settling Plaintiff, Norma Ortiz' claim against Defendant but, to date, no agreement has been reached.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties agree to confer with their respective clients and report to the Court on this matter at the Initial Pretrial Conference set for January 23, 2003.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties agree to confer with their respective clients and report to the Court on this matter at the Initial Pretrial Conference set for January 23, 2003.

18. State whether a jury demand has been made and if it was made on time.

   Jury Demand was timely made by Plaintiffs in the state court action.

19. Specify the number of hours it will take to present the evidence in this case.

   The parties anticipate that all the evidence can be presented in ten (10) days.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   Plaintiffs' Motion to Remand, currently pending before the Court.

21. List other motions pending.

   None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   None.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   Defendant's Disclosure of Interested Parties was filed with the Court on October 9, 2002. Plaintiffs assert that a certificate of interested parties has been filed by their counsel of record.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Michael Pruneda
The Pruneda Law Firm, P.L.L.C
P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

_____
State Bar No. 24025601
Admission No. 25659
Counsel for Plaintiffs

1/9/03
Date

WALSH, ANDERSON, BROWN
  SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216
TEL NO. (210) 979-6633
FAX NO. (210) 979-7024

By: *[signature]*
    JOE A. DE LOS SANTOS,
    Attorney-in-Charge
    State Bar No. 24007100
    Admission No. 24370
    Counsel for Defendants

1/9/03
Date