IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NORMA ORTIZ, ET AL. § | |
| § | |
| vs. § | CIVIL ACTION NO. B-02-184 |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT, ET AL. § | |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

### I.  INTRODUCTION

The issue before the court is whether the Brownsville Independent School District (BISD) improperly removed this case to federal court. Norma Ortiz and Catalina Garcia ("Ortiz") sued BISD and several individuals in state court in January 2002. BISD removed the case to this court in September 2002. Ortiz claims that BISD did not timely file its notice to remove. Ortiz also claims that even if BISD timely removed, it waived its right to remove by pursuing disposition of the case in state court after the case became removable. This court concludes that BISD timely removed this case and did not waive its right to do so. Accordingly, Ortiz's motions for remand, sanctions, and costs and fees are **DENIED**.

### II.  PROCEEDINGS

The original petition filed in state court in January 2002 and the First Amended Petition filed in state court in June 2002 both contained paragraphs specifically excluding any federal cause of action, presumably to prevent the defendants from removing the case to federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 & n.7 (1987) (noting that plaintiff, as master of the complaint, may allege only state claims to defeat removal). In July 2002, the defendants (BISD and the named individuals) jointly filed both standard and no-evidence summary judgment motions in state court. On August 9, 2002, Ortiz mailed Plaintiffs' Fourth Supplemental Response to Defendants' Request for Disclosures; defendants received this document on August 12. The document contained the following pertinent statement which stands in tension with the prior exclusion of federal claims:

The facts plead support the following causes of action against the Defendant B.I.S.D.

for violations of *the laws and Constitutions of the United States* and Texas and against the individual Defendants for invasion of privacy and intentional infliction of emotional distress.

(Emphasis added). [Plaintiffs' Motion to Remand, unlabeled & unnumbered attachment] On August 27, plaintiffs filed and allegedly served on defendants their Third Amended Original Petition specifically alleging a § 1983 claim.[1]

On September 3, 2002, the parties argued the summary judgment motions (which only dealt with the state law claims) at a hearing in state court. Prior to the hearing on the merits, counsel for defendants revealed that there was a potential conflict of interest between some of the defendants and explained that they had not obtained authorization from BISD to continue representation, and would not be arguing any motions on BISD's behalf at the hearing. Accordingly, counsel stated that they would be "forced to not address the Brownsville ISD's portions of these motions for summary judgment."[2] [Defendant's Opposition to Motion to Remand, Exh. 4, at 8] The state court granted the summary judgment motions with respect to all defendants except BISD. BISD filed its notice to

---

[1] There is no Second Amended Original Petition in the file presented to this court; thus, the Third Amended Original Petition may have been misnamed. The parties continue to refer to this pleading by its title, however, and so will the court.

[2] The relevant portion of the hearing transcript provides as follows:

MR. BURNS: Okay. Your Honor, again, the motions for summary judgment for [the individual defendants]. . . . The only other party that's not accounted for is the [BISD]. Our board president has seen fit to provide an affidavit to the plaintiffs without consulting with legal counsel, and there has also been a letter provided by one of the other trustees, or may have been provided by one of the other trustees, we can't tell. The point, though, is we appear to have a conflict of interest with respect ot eh parties. We have received informed consent from the three individuals that are still in the case to go forward this morning. Unfortunately, because of the Open Meetings Act restrictions, we haven't had a chance to check with the [BISD] as to whether we can continue representation. So we are only speaking this morning as to those three individuals. And because of the conflict, we are going to be forced to not address the [BISD's] portion of these motions for summary judgment.

THE COURT: All right.

MR. BURNS: We will simply have to pass on those and reserve it for a later date, if necessary.

remove on September 24, within thirty days of the Third Amended Original Petition but more than thirty days after the August 7 disclosure vaguely mentioning the "laws and Constitution[] of the United States."

## III. DISCUSSION

### A. BISD Timely Removed the Case to Federal Court.

Ortiz argues that BISD's removal of this case to federal district court was untimely. 28 U.S.C. § 1446(b) governs the timeliness of removal. This statute provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, *or other paper from which it may first be ascertained* that the case is one which is or has become removable.

(Emphasis added.) Ortiz does not claim that the initial pleading was removable; in fact, Ortiz ensured it was not removable by expressly excluding federal claims. *See Caterpillar Inc.*, 482 U.S. at 392 & n.7. Rather, Ortiz contends that the August 7, 2002, disclosure quoted above constitutes "other paper" making this case removable,[3] and argues that BISD was therefore obliged to file notice of removal within thirty days of August 12, 2002, the date BISD received a copy of the disclosure.

BISD argues that Ortiz's vague reference to "violations of the laws and Constitution[] of the United States" in this document was not enough to overcome Ortiz's express exclusion of federal claims in both its original and first amended petitions. In effect, BISD argues that it could not "ascertain" that the case had become removable from the August 7 disclosure, but that it could

---

[3] The term "other paper" has been broadly construed to include pleadings as well as virtually all types of communications made during discovery. *See, e.g., Hines v. AC & S, Inc.*, 128 F. Supp. 2d 1003, 1006 (N.D. Tex. 2001) (collecting cases holding that "other paper" may include answers to interrogatories, responses to requests for admissions, deposition testimony, and other documents provided in discovery). Thus, there is no reason to think Ortiz's August 7 supplementary disclosure could not constitute "other paper" for purposes of triggering 28 U.S.C. § 1446(b).

from the Third Amended Original Petition filed on August 27, which expressly included a § 1983 claim. Counting from BISD's receipt of the latter document, its notice of removal would be timely.

BISD's position is supported by the Fifth Circuit's recent decision in *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (Higginbotham, J.). The court in *Bosky* noted that the two thirty-day time limits in § 1446(b) are triggered by different standards. With respect to initial pleadings, the time limit is triggered when the pleading "sets forth" the removable claim, whereas the "other paper" time limit is triggered only when it may be "ascertained" that the case has become removable. *Id.* at 210-11. The court reasoned that the latter standard requires a greater level of certainty than the former, and concluded that for an "other paper" to trigger the second thirty-day time limit, that paper must be "unequivocally clear and certain." *Id.* at 211.

Standing alone, Ortiz's August 7, 2002, disclosure might have been enough to support removal, despite its lack of specificity regarding exactly which laws or provisions of the Constitution had been violated. *See Cervantez v. Bexar County Civil Service Comm'n*, 99 F.3d 730, 733 (5th Cir. 1996) (holding that statement in first amended petition that plaintiff was entitled to relief pursuant to "Title 42 of the United States Code, Section 1983" was enough to trigger the thirty-day removal clock even though the petition did not elaborate on the 1983 claim and would probably be insufficient to state a claim under Fed. R. Civ. Pro. 12(b)(6)); *Dow Chemical Co. v. U.S. Environmental Protection Agency*, 635 F. Supp. 126, 129-130 (M.D. La. 1986) (holding that failure to specify particular constitutional provision or federal statute does not defeat jurisdiction where facts alleged in complaint demonstrate that a federal question is involved).

However, when considered in the context of the entire case, this disclosure clearly fails the *Bosky* standard because it does not unequivocally negate the express exclusion of federal claims in the original and first amended petitions. Ortiz could have alleged a § 1983 claim at the outset of the suit but clearly chose not to. Ortiz's August 7, 2002, disclosure at best indicates a vague intention to possibly pursue a federal claim, but, considered in light of the prior exclusions, this response hardly made "unequivocally clear and certain" that the case was removable. *Bosky*, 288 F.3d at 211. The *Bosky* court reasoned that this strict standard would help avoid "protective" removals because "a defendant will be less likely to act on more equivocal information" received after the initial pleading. *Id.* at 212. Holding in this case that BISD was required to act on the basis

of Ortiz' vague invocation of federal law despite Ortiz's prior express exclusions would thwart that policy. Further, at least one court in this circuit has held that a plaintiff's brief, non-specific invocations of federal law were insufficient to support removal when that plaintiff also expressly disclaimed any reliance on federal law. *Thompson v. Pyramid Constructors*, 125 F. Supp. 2d 200, 204-06 (E.D. Tex. 2000) (holding that plaintiff's statement that the United States Constitution and "decades of civil rights legislation" supported his claim was insufficient to support removal because, *inter alia*, plaintiff "[did] not specify any specific statute or identifiable cause of action founded in federal law," but instead expressly chose to pursue only state remedies).

> **B.   BISD Did Not Waive its Right To Remove by Filing a Motion to Strike After the Case Became Removable.**

Ortiz also argues that even if BISD's removal was timely, BISD waived its right to remove by continuing to litigate in state court after the case became removable. Defendants who timely file a notice of removal may nonetheless waive that right by taking substantial action in state court indicating an intent to submit the case to the jurisdiction of that court. *See Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986) (holding that defendant may waive its right to remove "by proceeding to defend the action in state court or otherwise invoking the processes of that court"); Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3721 (1988) (taking substantial action in state court prior to removal waives right). Waiver will not occur, however, unless the defendant's intent is "clear and unequivocal," *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989), which generally means that " 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.' " *Id.* (quoting 1A Moore, Federal Practice ¶ 0.157[9] at 153 (1987)). Thus, while the "mere filing" of a potentially dispositive motion is insufficient to find waiver, a defendant who argues such a motion at a hearing or otherwise urges its resolution may not thereafter remove her case. *Bolivar Sand Co. v. Allied Equipment, Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986) ("[A]ctions that may result in a disposition on the merits of the state court action, in whole or in part, have also been found to evidence the requisite intent.") (cited in *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000)). The waiver rule is meant to prevent a defendant from "experiment[ing] on his case in the state court, and upon an adverse decision then transfer[ing] it to the federal court." *Rosenthal v. Coates*, 148 U.S. 142, 147-

48 (1893) (quoted in *Hingst v. Providian Nat. Bank*, 124 F. Supp. 2d 449, 451-52 (S.D. Tex. 2000)).

Where the case is not initially removable, as here, the waiver issue turns on what actions the defendant takes once the case becomes removable. *Bolivar Sand Co.*, 631 F. Supp. at 172. Thus, contrary to Ortiz's implications, the fact that BISD filed summary judgment motions in state court in July 2002 is irrelevant to the waiver issue because these filings occurred before the case became removable on in late August. Had BISD participated in the September 3 summary judgment hearing after learning that the case had become removable, there is no question but that it would have waived its right to remove. *See Jacko*, 121 F. Supp. 2d at 575, 577 (defendant waived right to remove where defendant filed summary judgment motion, case subsequently became removable when plaintiff added federal claim, and defendant participated in hearing on summary judgment motion prior to removing the case to federal court). However, as previously noted, *supra* n.2, BISD did not participate in this hearing due to a potential conflict of interest. Further, the state court did not rule upon BISD's summary judgment motions. Accordingly, both the summary judgment hearing and subsequent rulings in September are irrelevant to the waiver issue in this case.

Based on the state court record described by the parties in their briefs or provided as attachments thereto, it appears that the only action BISD took after the case became removable was to file an extensive motion to strike much of the plaintiffs' summary judgment evidence on September 3, the day of the hearing.[4] This action is insufficient to support a finding of waiver for several reasons. First, this motion was filed on behalf of all defendants on the same day that joint counsel for the defendants revealed the potential conflict of interest involving BISD and announced that they could not continue to represent BISD until they obtained further authorization. *Supra* n.2.

---

[4] Actually, the case may not have become removable until after the motion to strike was filed on September 3, 2002. According to BISD, counsel for defendants did not receive the Third Amended Original Petition containing the § 1983 claim until September 3, despite the fact that the certificate of service indicates that counsel were served on August 27. BISD does not indicate whether counsel received the petition before or after it filed the motion to strike. If counsel filed the motion and then received the amended petition, then BISD would not have taken <u>any</u> action in state court after the case became removable. However, this court need not resolve this factual dispute because this court concludes that BISD did not waive its right to remove even if its counsel knew the case was removable before filing the motion to strike on September 3.

This motion is therefore not a good indication of BISD's intent to proceed in state court, much less a "clear and unequivocal" indication. Second, filing a motion to strike evidence is not a dispositive motion. Admittedly, prevailing upon such preliminary motions may in practice be tantamount to an award of summary judgment, and allowing a defendant to "experiment" with such preliminary motions and then remove if it does not obtain favorable rulings would defeat the policy behind the waiver rule. But in this case counsel for defendants specifically informed the court that it would have to postpone resolution of all motions with respect to BISD, *supra* n.2, including the motion to strike, and the court's ruling on the motion to strike expressly applied only to the individual defendants, not BISD.

Thus, BISD did not "experiment" with the state court and then "appeal" an adverse ruling by removing the case to federal court. Rather, the sole action BISD took after the case became removable and before it was actually removed was to file its motion to strike. There appear to be no reported cases in this circuit finding waiver based on such limited, non-dispositive activity. *Compare Demco*, 792 F.2d at 482 (holding defendants waived by filing answers, amended answers, various motion, third-party demands, cross claims, and by participating in extensive discovery, all after case became removable), *and Jacko*, 121 F. Supp. 2d at 577 (holding defendant waived right to remove by participating at summary judgment hearing after case became removable), *with Warner v. Crum & Forster Commercial Ins. Co.*, 839 F. Supp. 436, 439-40 (N.D. Tex. 1993) (holding that there was "no suggestion whatsoever . . . that defendant intended to waive the right of removal" by filing answer and motion to transfer venue after case became removable).

## IV.   CONCLUSION

Because this court concludes that BISD timely filed its notice of removal and did not waive its right to remove by taking substantial action in state court after the case became removable, Ortiz's motion to remand is denied. Accordingly, Ortiz's motion for sanctions, costs and fees is also denied. *See Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir.1993) (holding that attorney's fees and costs "should be awarded only if it was improper for the defendant to remove").

Signed this 11th day of February, 2003.

_____
Andrew S. Hanen
United States District Judge