THE **P**RUNEDA LAW FIRM, P.L.L.C.

944 W. Nolana Loop, Ste. B
P.O. Box T
Pharr, Texas 78577-1220

Office: (956) 702-9675
Fax:    (956) 702-9659

/6

February 13, 2003

United States District Court
Southern District of Texas
FILED

FEB 1 4 2003

Michael N. Milby
Clerk of Court

*Via Courier*

Hon. Andrew S. Hanen
Judge, U.S. DISTRICT COURT
U.S. District Court Courthouse
Southern District of Texas—Brownsville Division
600 E. Harrison, Suite 301
Brownsville, Texas 78520

Re:    *Norma Ortiz and Catalina Garcia v. Brownsville I.S.D. et al.;*
        Civil Case No. B-02-184;

## LETTER TO COURT

Dear Judge Hanen:

Per your request in open court, I am providing the following information that relates directly to the identity of the Defendants in this case and the respective causes of action against each separately. As a courtesy, I have chosen to respond to your inquiry in a manner that is as detailed and easy to understand as I could make it as to each of the claims brought by Plaintiffs against each of the respective Defendants throughout relevant periods in this litigation. I have also attached exhibits which are incorporated by reference into the following response.

On June 28, 2002, Plaintiffs filed Plaintiff's First Amended Original Petition in the 357th District Court, Cameron County, Texas. *(See Exhibit "A")* As a result of the Plaintiff's First Amended Original Petition, the following causes of action existed against each of the respective Defendants:

### Texas Constitution—Free Speech, Freedom of Association

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Randy Dunn* (official and individual capacity)
*Catalina Garcia v. Marilyn Del Bosque-Gilbert* (official and individual capacity)
*Catalina Garcia v. Noe Sauceda* (official and individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (official and individual capacity)

*Norma Ortiz v. Brownsville I.S.D.*
*Norma Ortiz v. Randy Dunn* (official and individual capacity)
*Norma Ortiz v. Marilyn Del Bosque-Gilbert* (official and individual capacity)
*Norma Ortiz v. Noe Sauceda* (official and individual capacity)
*Norma Ortiz v. Eddie Errisuriz* (official and individual capacity)

**Intentional Infliction of Emotional Distress (common law)**

*Catalina Garcia v. Randy Dunn* (individual capacity)
*Catalina Garcia v. Marilyn Del Bosque-Gilbert* (individual capacity)
*Catalina Garcia v. Noe Sauceda* (individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (individual capacity)

*Norma Ortiz v. Randy Dunn* (individual capacity)
*Norma Ortiz v. Marilyn Del Bosque-Gilbert* (individual capacity)
*Norma Ortiz v. Noe Sauceda* (individual capacity)
*Norma Ortiz v. Eddie Errisuriz* (individual capacity)

**Invasion of Privacy (common law)**

*Catalina Garcia v. Randy Dunn* (individual capacity)
*Catalina Garcia v. Marilyn Del Bosque-Gilbert* (individual capacity)
*Catalina Garcia v. Noe Sauceda* (individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (individual capacity)

*Norma Ortiz v. Randy Dunn* (individual capacity)
*Norma Ortiz v. Marilyn Del Bosque-Gilbert* (individual capacity)
*Norma Ortiz v. Noe Sauceda* (individual capacity)
*Norma Ortiz v. Eddie Errisuriz* (individual capacity)

On July 12, 2002, Defendants Brownsville I.S.D., Randy Dunn, Noe Sauceda, and Eddie Errusuriz filed no evidence and standard motions for summary judgment attempting to release themselves from liability as to the Plaintiffs' Texas Constitution claims, intentional infliction of emotional distress claims, and invasion of privacy claims. Defendants did not attempt to dispense by summary judgment any other claims subsequently plead by Plaintiffs. *(See Exhibit "B")*

On August 27, 2002, Plaintiffs timely filed Plaintiff's Third Amended Original Petition (should have been properly named "Plaintiff's Second Amended Original Petition") at least seven (7) days before the summary judgment hearing. *(See Exhibit "C")* As a result of the Plaintiff's Third Amended Original Petition, the following causes of action existed against each of the respective Defendants:

**42 U.S.C. §1983—Civil Rights (1ˢᵗ and 14ᵗʰ Amendments U.S. Constitution)**

**Free Speech (speech)**

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Randy Dunn* (official capacity)
*Catalina Garcia v. Noe Sauceda* (official capacity)

*Norma Ortiz v. Brownsville I.S.D.*
*Norma Ortiz v. Randy Dunn* (official capacity)
*Norma Ortiz v. Noe Sauceda* (official capacity)

**Free Speech (candidacy)**

*Catalina Garcia v. Brownsville I.S.D.*

**Privacy (civil rights)**

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Randy Dunn* (official capacity)
*Catalina Garcia v. Noe Sauceda* (official capacity)

**Free Speech (associations)**

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Randy Dunn* (official capacity)
*Catalina Garcia v. Noe Sauceda* (official capacity)

*Norma Ortiz v. Brownsville I.S.D.*
*Norma Ortiz v. Randy Dunn* (official and individual capacity)
*Norma Ortiz v. Noe Sauceda* (official and individual capacity)

**Free Speech (public speaking/ due process)**

*Catalina Garcia v. Brownsville I.S.D.*

**Conspiracy (to deprive of civil rights)**

*Catalina Garcia v. Randy Dunn* (official and individual capacity)
*Catalina Garcia v. Noe Sauceda* (official and individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (official and individual capacity)

*Norma Ortiz v. Randy Dunn* (official and individual capacity)
*Norma Ortiz v. Noe Sauceda* (official and individual capacity)
*Norma Ortiz v. Eddie Errisuriz* (official and individual capacity)

**Free Speech/ Due Process (refusal to provide public records under Texas Open Records Act)**

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Noe Sauceda* (official capacity)

**Texas Constitution—Free Speech, Freedom of Association**

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Randy Dunn* (official capacity)
*Catalina Garcia v. Noe Sauceda* (official capacity)
*Catalina Garcia v. Eddie Errisuriz* (official capacity)

*Norma Ortiz v. Brownsville I.S.D.*
*Norma Ortiz v. Randy Dunn* (official capacity)
*Norma Ortiz v. Noe Sauceda* (official capacity)
*Norma Ortiz v. Eddie Errisuriz* (official capacity)

**42 U.S.C. 1985(3)—conspiracy to violate civil rights**

*Catalina Garcia v. Randy Dunn* (official and individual capacity)
*Catalina Garcia v. Noe Sauceda* (official and individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (official and individual capacity)

*Norma Ortiz v. Randy Dunn* (official and individual capacity)
*Norma Ortiz v. Noe Sauceda* (official and individual capacity)
*Norma Ortiz v. Eddie Errisuriz* (official and individual capacity)

**Intentional Infliction of Emotional Distress (common law)**

*Catalina Garcia v. Randy Dunn* (individual capacity)
*Catalina Garcia v. Noe Sauceda* (individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (individual capacity)

**Invasion of Privacy (common law)**

*Catalina Garcia v. Randy Dunn* (individual capacity)
*Catalina Garcia v. Noe Sauceda* (individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (individual capacity)

**Civil Conspiracy (common law)**

*Catalina Garcia v. Randy Dunn* (individual capacity)
*Catalina Garcia v. Noe Sauceda* (individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (individual capacity)

*Norma Ortiz v. Randy Dunn* (individual capacity)
*Norma Ortiz v. Noe Sauceda* (individual capacity)
*Norma Ortiz v. Eddie Errisuriz* (individual capacity)

On August 28, 2002, the state court granted the parties August 22, 2002 Joint Motion to Dismiss with Prejudice and dismissed Defendant *Marilyn Del Bosque-Gilbert* from any and all of Plaintiffs' claims against her. *(See Exhibit "D").*

On September 12, 2002, the state court granted only Defendants' Randy Dunn, Noe Sauceda, and Eddie Errusuriz's no evidence and standard motions for summary judgment as to the claims alleged in those motions at that time. *(See Exhibit "E").* A trial court cannot grant a summary judgment for more relief than was requested in the motion. *See Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997). Following these orders, Defendants removed said case. The Defendants did not subsequently nor at any time obtain a dismissal of the claims plead in Plaintiff's Third Amended Original Petition. As a result of the claims dismissed pursuant to Defendants' Randy Dunn, Noe Sauceda, and Eddie Errusuriz's no evidence and standard motions for summary judgment, the following claims existed as of the time of removal and currently:

**42 U.S.C. §1983—Civil Rights (1st and 14th Amendments U.S. Constitution)**

**Free Speech (speech)**

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Randy Dunn* (official capacity)
*Catalina Garcia v. Noe Sauceda* (official capacity)

*Norma Ortiz v. Brownsville I.S.D.*
*Norma Ortiz v. Randy Dunn* (official capacity)
*Norma Ortiz v. Noe Sauceda* (official capacity)

**Free Speech (candidacy)**

*Catalina Garcia v. Brownsville I.S.D.*

**Privacy (civil rights)**

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Randy Dunn* (official capacity)
*Catalina Garcia v. Noe Sauceda* (official capacity)

**Free Speech (associations)**

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Randy Dunn* (official capacity)
*Catalina Garcia v. Noe Sauceda* (official capacity)

*Norma Ortiz v. Brownsville I.S.D.*
*Norma Ortiz v. Randy Dunn* (official capacity)
*Norma Ortiz v. Noe Sauceda* (official capacity)

**Free Speech (public speaking/ due process)**

*Catalina Garcia v. Brownsville I.S.D.*

**Free Speech/ Due Process (refusal to provide public records under Texas Open Records Act)**

*Catalina Garcia v. Brownsville I.S.D.*
*Catalina Garcia v. Noe Sauceda* (official capacity)

**Conspiracy (to deprive of civil rights)**

*Catalina Garcia v. Randy Dunn* (official and individual capacity)
*Catalina Garcia v. Noe Sauceda* (official and individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (official and individual capacity)

*Norma Ortiz v. Randy Dunn* (official and individual capacity)
*Norma Ortiz v. Noe Sauceda* (official and individual capacity)
*Norma Ortiz v. Eddie Errisuriz* (official and individual capacity)

**Texas Constitution—Free Speech, Freedom of Association**

*Catalina Garcia v. Brownsville I.S.D.*
*Norma Ortiz v. Brownsville I.S.D.*

### 42 U.S.C. 1985(3)—conspiracy to violate civil rights

*Catalina Garcia v. Randy Dunn* (official and individual capacity)
*Catalina Garcia v. Noe Sauceda* (official and individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (official and individual capacity)

*Norma Ortiz v. Randy Dunn* (official and individual capacity)
*Norma Ortiz v. Noe Sauceda* (official and individual capacity)
*Norma Ortiz v. Eddie Errisuriz* (official and individual capacity)

### Civil Conspiracy (common law)

*Catalina Garcia v. Randy Dunn* (individual capacity)
*Catalina Garcia v. Noe Sauceda* (individual capacity)
*Catalina Garcia v. Eddie Errisuriz* (individual capacity)

*Norma Ortiz v. Randy Dunn* (individual capacity)
*Norma Ortiz v. Noe Sauceda* (individual capacity)
*Norma Ortiz v. Eddie Errisuriz* (individual capacity)

As you can see, the claims brought by Plaintiffs' in Plaintiff's Third Amended Original Petition contain numerous causes of action that were not disposed that relate directly to Defendants Randy Dunn, Noe Sauceda, and Eddie Errisuriz.

Should you have any questions or wish to discuss this matter further, please do not hesitate to call. Thank you for your usual kind courtesies.

Very truly yours

THE PRUNEDA LAW FIRM, P.L.L.C.

Michael Pruneda

Enclosures

cc:    Joe A. De Los Santos
       WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
       100 NE Loop 410, Suite 1000
       San Antonio, Texas 78216

EXHIBIT "A"

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357th DISTRICT COURT |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ♦ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, and employees, agents, and all | ♦ | |
| those acting in concert or at their discretion | ♦ | CAMERON COUNTY, TEXAS |

FILED ___ 6/ ___ 10 ___ O'CLOCK ___ 0 ___ M
AURORA DE LA GARZA DIST. CLERK

**JUN 2 8 2002**

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

# PLAINTIFFS' FIRST AMENDED—
## *ORIGINAL PETITION*

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, PLAINTIFFS NORMA ORTIZ and CATALINA GARCIA (hereinafter referred to as "Plaintiffs"), complaining of BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion, (hereinafter called by name or referred to as "Defendants"), and for such causes of action shows unto the court the following:

I.
DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

II.
PARTIES

Plaintiff, NORMA ORTIZ, is a resident of Cameron County, Texas.

Plaintiff, CATALINA GARCIA, is a resident of Cameron County, Texas.

Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, has been served and appeared herein.

Defendant, RANDY DUNN, has been served and appeared herein.

Defendant, MARILYN DEL BOSQUE GILBERT, has been served and appeared herein.

Defendant, EDDIE ERRISURIZ, has been served and appeared herein.

Defendant, NOE SAUCEDA, has been served and appeared herein.

Venue is proper in Cameron County, Texas in that the acts made the basis of this cause of action occurred in Cameron County. Further, both Plaintiffs and Defendants are located within and/ or are residents of Cameron County, Texas.

### III.
### FACTUAL ALLEGATIONS

Plaintiff Norma Ortiz is a long time employee of Brownsville I.S.D. and is a loyal, dedicated, and hard working employee. Plaintiff began her career with the Defendant on or about 1972 as a P.E. Aid and worked her way up to the Position of School Board Secretary. Plaintiff held the position of School Board Secretary for approximately (15) years. Despite Plaintiff Ortiz's performance, dedication, and efforts, Defendant failed to give Plaintiff the opportunity work free of hostility during her employment and continue in that position. Ultimately, Plaintiff Ortiz suffered a job demotion on November 28, 2001 to Secretary of Professional Development. The harassment of Plaintiff Ortiz also included threats to District employees and other persons to stay away from Plaintiff Ortiz and not to speak or associate with her. Plaintiff believes that the various acts of unlawful discrimination and demotion resulted from her associations with certain board members and Plaintiff Garcia.

As a result, Plaintiff Ortiz sues the Defendants for violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

Plaintiff Garcia, a former employee of the Brownsville Independent School District, was a candidate for a seat on the Brownsville School Board for the May 6, 2001 election. Subsequent to the election, Plaintiff expressed her intentions of submitting applications for employment for several posted job openings. Plaintiff was asked by Defendant Sauceda *"how would Mrs. Del Bosque and Mr. Dunn feel if you were hired?"* Plaintiff Garcia continued to express her desire to hold a non-contractual position with the district. Defendant Sauceda responded: *"that's the price you pay for getting into politics."*

Plaintiff Garcia, also on many occasions, was not allowed to voice her opposition of matters that directly affected the school district during several meetings of the School Board and on other occasions was not allowed to continue speaking unlike others in attendance. The harassment of Plaintiff Garcia included, but is not limited to, threats to District employees and other persons to stay away from Plaintiff Garcia and not to speak or associate with her.

Plaintiff Garcia believes that the unlawful acts against her were in retaliation for her political involvement, speech, association, and candidacy in violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

As a result, Plaintiff Garcia sues Defendants for violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

### IV.
### CONSTITUTIONAL CAUSE OF ACTION—
### *FREE SPEECH, FREEDOM OF ASSOCIATION*

Plaintiff Ortiz alleges that the Defendants' actions as alleged establish arbitrary, capricious, unreasonable, unlawful and discriminatory acts which resulted in the denial of the Plaintiff Ortiz's civil rights under and in violation of, *Article I, section 8* of the Constitution of the State of Texas.

These acts that subjected Plaintiff Ortiz to the deprivations of rights guaranteed to all individuals the freedom of speech, political expression, political affiliation and association were unlawful in that they were based to an impermissible extent on Plaintiff Ortiz's political speech and association.

Plaintiff Garcia alleges that the actions of Defendants' as alleged establish arbitrary, capricious, unreasonable, unlawful and discriminatory acts which resulted in the denial of the Plaintiff Garcia's civil rights under and in violation of, *Article I, section 8* of the Constitution of the State of Texas. These acts that subjected Plaintiff Garcia to the deprivations of rights guaranteed to all individuals the freedom of speech, political expression, political affiliation and association were unlawful in that they were based to an impermissible extent on Plaintiff Garcia's political speech and association.

## V.
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

Plaintiffs assert that Defendants RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ's repeated and continuous actions, in the nature of extreme and outrageous conduct, were intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Such actions were also committed with the knowledge of Plaintiffs' special sensitivity to such conduct. Defendants' actions caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in amounts that exceed the minimum jurisdictional requirements of this Court. Plaintiff sues Defendants for such actions.

## VI.
## INVASION OF PRIVACY

Defendants RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ's conduct, of intruding into Plaintiffs' private affairs, was of such a highly offensive nature as to cause objection to any reasonable person of ordinary sensibilities. As a result of these Defendants' actions, Plaintiffs sue these Defendants for the tort of invasion of privacy.

## VII.
## EXCLUSION OF FEDERAL CLAIMS

Plaintiffs hereby give notice to all that they only allege state claims in this suit and specifically exclude, and do not intend to litigate herein, any federal cause of action. The only causes of action that they intend to litigate in this Court are those concerning rights arising under the laws of the sovereign State of Texas.

## VIII.
## JURY TRIAL REQUEST

Plaintiffs request that a jury be convened in order that issues the basis of this lawsuit be tried.

## IX.
## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered from an infringement of their civil rights. In all reasonable probability, Plaintiffs will

continue to suffer such for a long time into the future, if not for the balance of their natural lives. Such injury will likely exist for the remainder of Plaintiffs' lifetime. Plaintiffs seek to recover against RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, both jointly and severally and in their individual capacity, all damages to which they may be appropriately entitled and the court deems proper. As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered mental pain and anguish and severe emotional distress. In all reasonable probability, Plaintiffs will continue to suffer such mental trauma, pain and anguish for a long time into the future, if not for the balance of their natural lives.

## X.
## INJUNCTIVE RELIEF

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered from an infringement of their civil rights. The continuing nature of the denial of Plaintiffs' fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs and others. Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining the Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, as alleged in their separate causes of action, from continuing with such action and future action. Additionally, Plaintiffs request that this court order a permanent injunction, based on the customary nature of the unlawful acts, that Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT and employees, agents and all those acting in concert with them or at their discretion refrain from denying Plaintiffs the rights infringed upon in this action. Thereafter, Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT shall comply, follow, govern, and enforce such orders.

## XI.
## DISCOVERY REQUESTS

Attached to the Original Petition, Plaintiffs propounded to the Defendants:

1. Plaintiffs' Request for Disclosure to Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion;

2. Plaintiff's First Set of Interrogatories to Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion; and

3. Plaintiff's Request for Production to Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, in their official and individual capacity and employees, agents, and all those acting in concert or at their discretion.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:

a).  Judgment against the Defendants RANDY DUNN, MARILYN DEL BOSQUE GILBERT, NOE SAUCEDA, and EDDIE ERRISURIZ, both jointly and severally and in their individual capacity, for an amount compensating Plaintiffs for their damages and injuries, awarded in an amount in excess of the minimum jurisdictional limits of this Court not to exceed five million dollars ($5,000,000.00), such to be awarded by the jury;

b)  Entering a permanent injunction, restraining and enjoining the Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiffs or otherwise violate their rights now or in the future that may affect their future or continued employment; and

c).  such other appropriate relief as Plaintiffs may be justly entitled and the Court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

CAUSE NO. <u>2002-01-153-E</u>

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ◆ | IN THE <u>357th</u> DISTRICT COURT |
| | ◆ | |
| V. | ◆ | |
| | ◆ | |
| | ◆ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ◆ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ◆ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ◆ | |
| and EDDIE ERRISURIZ, in their official and | ◆ | |
| individual capacity, and employees, agents, and all | ◆ | |
| those acting in concert or at their discretion | ◆ | CAMERON COUNTY, TEXAS |

## <u>PLAINTIFFS' REQUEST FOR JURY TRIAL</u>

COME NOW Plaintiffs, NORMA ORTIZ and CATALINA GARCIA, requesting that a jury trial be held on said cause. Pursuant to 216 of the Texas Rule of Civil Procedure a jury fee in the sum of $30.00 has been paid to the District Clerk's office.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

EXHIBIT "B"

CAUSE NO. 2002-01-153-E

| | |
|---|---|
| NORMA ORTIZ and CATALINA GARCIA § | THE 357TH DISTRICT COURT |
| § | |
| VS. § | |
| § | |
| BROWNSVILLE INDEPENDENT § | OF |
| SCHOOL DISTRICT, RANDY DUNN, § | |
| MARILYN DEL BOSQUE GILBERT, § | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, § | |
| in their official and  individual capacity, and § | |
| employees, agents, and all those acting in § | |
| concert or at their discretion § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' RULE 166a(i) NO EVIDENCE
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Come the Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque

Gilbert, Noe Sauceda and Eddie Errisuriz (hereinafter, "the Defendants"), in all capacities in which

said Defendants have been sued, and file their Motion for Summary Judgment under Rule 166a(i).

Defendants would respectfully show the Court as follows:

### I.
### STATEMENT OF THE CASE

On or about January 11, 2002, Plaintiffs Ortiz and Garcia sued the Brownsville Independent

School District, board members, Randy Dunn and Marilyn Del Bosque-Gilbert, and administrators

Superintendent Noe Sauceda and Area Superintendent of Human Resources, Eddie Errisuriz, for

alleged violations of their civil rights under Article 1, Section 8 of the Texas Constitution.  Plaintiffs

are specifically alleging that the Defendants retaliated against Plaintiffs based on their political speech, associations and/or affiliations. On June 26, 2002, Plaintiffs filed an Amended Petition to add two causes of action, Intentional Infliction of Emotional Distress and Invasion of Privacy against the individual Defendants[1]. The Defendants timely filed an answer categorically denying Plaintiffs' allegations and will show the Court that they are entitled to summary judgment as a matter of law. Defendants filed and served this Motion on Plaintiffs at least twenty-one (21) days before the hearing on the Motion.

## II.
## NO EVIDENCE SUMMARY JUDGMENT STANDARD

A defendant may prevail on a "no-evidence" motion for summary judgment if the defendant can show that an adequate time for discovery has passed and that the plaintiff has no evidence to support one or more essential elements of his claim. TEX. R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence. *See Id.* A "no-evidence" summary judgment must be granted if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the non-movant's claim on which the non-

---

[1] The Court should note that Plaintiffs are suing Defendants, in their official capacity, under Article I, Section 8 of the Texas Constitution. (See Exhibit F, Plaintiffs' Supplemental Response to Defendants' Discovery Request, subsection (c)). Plaintiffs are also suing Dr. Sauceda, Mr. Randy Dunn, Marilyn del Bosque Gilbert and Mr. Eddie Errisuirz, in their individual capacities, for invasion of privacy and intentional infliction of emotional distress. (See Exhibit F-3 of Defendants' Standard Motion for Summary Judgment, Plaintiffs' Supplemental Response to Defendants' Discovery Request, subsection (c)). Plaintiffs do not seek any monetary damages against the School District or the individual defendants under Article I, Section 8 of the Texas Constitution. (See Exhibit F-1 and F-2 of Defendants' Standard Motion for Summary Judgment, Plaintiff Ortiz' Responses to Defendants' First Set of Discovery Requests, Request for Admission No. 8; Plaintiff Garcia's Responses to Defendants' First Set of Discovery Requests, Request for Admission No. 7.).

*Cause No. 2002-01-153-E*
*Defendants' Rule 166a(i) No Evidence Motion for Summary Judgment*
*Page 2 of 10*

movant would have the burden of proof at trial[2]. *See Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. However, if less than a scintilla of evidence exists, the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). In the instant case, an adequate time for discovery has passed. As noted above, this action was commenced on January 11, 2002.

### III.
### NO EVIDENCE SUMMARY JUDGMENT ARGUMENT

**A.     THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' ARTICLE 1, SECTION 8 CLAIMS UNDER THE TEXAS CONSTITUTION AS A MATTER OF LAW.**

The Bill of Rights of the Texas Constitution provides: "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." Tex. Const. art. I, § 8. Because the Texas Constitution provides broader protection than its federal counterpart, case law interpreting the Texas Constitution's free speech clause generally has followed federal free speech analysis. *See Davenport v. Garcia*, 834 S.W.2d 4, 10 (Tex. 1992); *Alcorn v. Vaksman*, 877 S.W.2d 390, 401-02 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (following federal free speech standard established in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).

---

[2]Under the "no- evidence" summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193, 197 n.3 (Tex. App.–Houston [1st Dist.] 1998, pet. denied).

In order to successfully assert a claim of retaliatory discharge under Article I, Section 8 of the Texas Constitution, an employee-plaintiff has the burden of showing that: (1) the employee's speech involved a matter of public concern as determined by the content, form, and context of the speech and (2) the employee's speech was a substantial or motivating factor in the employer's conduct. *Alcorn*, 877 S.W.2d at 401-02; *see also Mt. Healthy*, 429 U.S. at 287. Once the employee-plaintiff makes the initial showing, the burden shifts to the employer to show that it would have taken the same employment action even absent the employee's protected conduct. *Mt. Healthy*, 429 U.S. at 287. The employee-plaintiff can refute the employer's showing by demonstrating that the employer's explanation for the adverse action is merely pretextual. *Coughlin v. Lee*, 946 F.2d 1152, 1157 (5th Cir. 1991).

1.    ASSUMING, *ARGUENDO*, THAT PLAINTIFFS' SPEECH, ASSOCIATIONS AND/OR AFFILIATIONS WERE PROTECTED, PLAINTIFFS CANNOT ESTABLISH THAT THEIR SPEECH WAS A SUBSTANTIAL OR MOTIVATING FACTOR IN THE DISTRICT'S EMPLOYMENT DECISIONS.

As to the second element, Plaintiffs are required to show a causal connection between the "protected activity" and the adverse employment action. The Defendants maintain that they are entitled to a "no-evidence" summary judgment because Plaintiffs cannot, by pleadings, depositions, answers to interrogatories, or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact to: (1) show a casual nexus between their alleged protected activity and the alleged employment action; and/or (2) how each individual Defendant is responsible for the alleged employment action against the Plaintiffs.

2.    THERE IS NO EVIDENCE TO ESTABLISH THAT THE DEFENDANTS' LEGITIMATE, NONDISCRIMINATORY REASON FOR THEIR ACTIONS WITH RESPECT TO THE PLAINTIFFS IS

"**PRETEXTUAL.**"

Even assuming, *arguendo*, that the Court entertains Plaintiffs' "prima facie" case of retaliation, Plaintiffs cannot, by pleadings, depositions, answers to interrogatories, or other admissible evidence, demonstrate: (1) that the Defendants' proffered reason was not the true reason for the employment decision; and (2) that retaliation was in fact the real reason for the District's employment decision. *Coughlin v. Lee*, 946 F.2d 1152, 1157 (5ᵗʰ Cir. 1991). Plaintiffs have not and cannot establish the necessary elements to show they were retaliated against by the Defendants and, therefore, as a matter of law, Plaintiffs' claim for retaliation under Article I, Section 8 of the Texas Constitution should be summarily dismissed.

**B.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AS A MATTER OF LAW.**

It has been generally stated that to recover under an intentional infliction of emotional distress theory, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was *extreme and outrageous*; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by plaintiff was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 622 (Tex. 1993) (emphasis added). Extreme and outrageous conduct means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman*, 855 S.W.2d 619, 621. This has been described as an "exceptionally difficult burden" to meet for a plaintiff. *C.M. v. Tomball Regional Hosp.*, 961 S.W.2d 236, 244 (Tex. App. – Houston

[1ˢᵗ Dist.] 1997, no writ). Mere insults, indignities, threats, annoyances, petty oppression, or other trivialities are not considered extreme and outrageous conduct. *Horton v. Montgomery Ward & Co., Inc.,* 827 S.W.2d 361, 369 (Tex. App. – San Antonio 1992, writ denied). Similarly, conduct is not considered extreme or outrageous simply because it is rude or tortious. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994). Conduct may be morally unjustifiable, unscrupulous, and ignominious without rising to the level of extreme and outrageous. *Lassiter v. Wilkenfeld,* 930 S.W.2d 803, 808 (Tex. App. – Beaumont 1996, writ denied.).

The context of the alleged incident is important in determining "extreme and outrageous" character. Texas case law specifically requires that the individual facts be considered in determining "extreme and outrageous" conduct in divorce cases, common sources of intentional infliction of emotional distress claims. *Villasenor v. Villasenor,* 911 S.W.2d 411, 416 (Tex. App. – San Antonio 1995, no writ). Generally, outrageous conduct is found when the recitation of *the facts* to an average member of the community would arouse his or her resentment against the actor, and lead him or her to actually describe the actions as outrageous. *Horton,* 827 S.W.2d at 369.

It is for the court to determine whether there is a possibility that severe emotional distress could be found and for the jury to decide whether it in fact existed. Restatement (Second) of Torts, § 46, Comment h; *See also, Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex. 1993).

1.   **No Legal Basis Exists for Holding Defendants Liable Under An Intentional Infliction of Emotional Distress Claim Under State Law.**

The conduct that Plaintiffs are alleging is "extreme and outrageous" is speaking with community citizens about Plaintiffs and telling them they should stay away from them. (See Plaintiffs' Amended Original Petition). Even assuming, *arguendo,* for purposes of this summary

judgment motion, that the Defe\_ \_nts made such remarks, making such re\_ \_ks does not, as a matter

of law, rise to the requisite level of "extreme or outrageous" conduct necessary to create a genuine

material fact question on the issue and, therefore, the Court should grant Defendants' Motion for

Summary Judgment on Plaintiffs' intentional infliction of emotional distress claim. *See Diamond*

*Shamrock Refining vs. Mendez*, 844 S.W.2d 198 (Tex. 1992) (falsely depicting plaintiff as a thief was

not sufficiently extreme or outrageous to support a claim for intentional infliction of emotional

distress)

Moreover, Plaintiffs have not shown that their alleged emotional injuries rise to the requisite

level of "severe emotional distress." A party seeking recovery for mental anguish, even when

advancing a cause of action that does not require the 'severe' damages required for intentional

infliction of emotional distress, must prove more than 'mere worry, anxiety, vexation, embarrassment,

or anger.'" *Escalante v. Koerner*, 28 S.W.3d 641, 646 (Tex. App. – Corpus Christi 2000, writ denied).

Emotional distress such as difficulty concentrating, feelings of insecurity and embarrassment do not

constitute severe emotional distress and "are exactly the kinds of relatively minor emotional distress

that the term 'severe' is meant to filter out..." *Gorges Foodservice, Inc., v. Huerta*, 964 S.W.2d 656,

669 (Tex. App. – Corpus Christi 1997, no pet.). Neither do feelings of anger, depression, and

humiliation constitute "severe emotional distress." *Villasenor*, 911 S.W.2d at 416. Emotional

distress is "severe" when it becomes "so extreme that no reasonable [person] could be expected to

endure it without undergoing unreasonable suffering." *Tidelands Auto. Club v. Walters*, 699 S.W.2d

939, 941 (Tex. App. – Beaumont 1985, ref. n.r.e.). Furthermore, a plaintiff's proof of severe

emotional distress must be wholly independent of the extreme and outrageous conduct of a defendant.

*Id.* at 944. Consequently, the Court should grant Defendants' Motion for Summary Judgment on

Plaintiffs' intentional infliction of emotional distress claim.

## C.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON

**PLAINTIFFS' INVA:    N OF PRIVACY CLAIMS AS A M.    .TER OF LAW.**

Under Texas law, the elements of a cause of action for invasion of privacy[3] are the following: (1) the defendant publicized something about the plaintiff's private life; (2) the publicity would be highly offensive to a reasonable person; (3) the matter publicized is not of legitimate public concern; and (4) the plaintiff suffered an injury as a result of the defendant's disclosure. *Star -Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473-74 (Tex. 1995); *Industrial Found v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 682 (Tex. 1976); *Anonsen v. Donahue*, 857 S.W.2d 700, 703 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

**1.    NO LEGAL BASIS EXISTS FOR HOLDING DEFENDANTS LIABLE UNDER AN INVASION OF PRIVACY CLAIM UNDER STATE LAW.**

Plaintiffs allege that Defendants invaded their privacy by communicating verbal and written threats and innuendo to other persons knowing that such actions would cause harm to Plaintiffs. (Plaintiff Amended Original Petition). Even assuming, *arguendo*, for purposes of this summary judgment motion, that Defendants made such remarks, making such remarks, alone, does not support a viable claim for invasion of privacy and, therefore, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' invasion of privacy claim. First, "publicity" for purpose of an invasion of privacy claim means that a matter is communicated to the public at large or disseminated to so many people that it becomes public knowledge. *Industrial Found. v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 682 (Tex. 1976). "Publicity" involves a larger audience than a defamatory "publication," which requires a communication to only one third person. *Id.* at 683-84. Examples of "publicity" for purposes of an invasion of privacy claim include newspapers, magazine articles and pamphlets distributed to a large group, radio and T.V. broadcasts and/or public speeches. *See*

---

[3]Under Texas law, there is no "False-light" invasion of privacy. That is, publicity that unreasonably places a person in a false position in the public eye is not a recognized cause of action in Texas. *Cain v. Hearst Corp.*, 878 S.W.2d 577, 584 (Tex. 1994).

Restatement (2d) of Torts §652_ cmt. a. Plaintiffs have not pled and can...t prove that Defendants "publicized" something about the their private lives. Consequently, Plaintiffs cannot, by pleadings, depositions, answers to interrogatories, or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact to support a viable claim against the Defendants for Invasion of Privacy.

## IV.
## CONCLUSION AND PRAYER

An adequate time for discovery has passed and Plaintiffs have no evidence to support one or more essential elements of their claims. Therefore, the Defendants are clearly entitled to dismissal of all claims being made by the Plaintiffs. For these reasons, the Defendants ask the Court to grant this motion and enter a final summary judgment denying all relief requested in Plaintiffs' Amended Original Petition.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
   SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas  78216
TEL NO.  (210) 979-6633
FAX NO. (210) 979-7024


JOE DE LOS SANTOS
State Bar No. 24007100
DANIEL M. "MATT" BURNS
State Bar No. 03443900

ATTORNEYS FOR DEFENDANTS,
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT, ET. AL.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Rule 166a(i) No Evidence Motion for Summary Judgment has been sent via certified mail, returned receipt requested on this 12 day of July, 2002 to the following counsel of record:

Michael Pruneda                    **Certified Mail, No. 7001 0360 0003 2629 7853**
The Pruneda Law Firm, P.L.L.C      **Return Receipt Requested**
P.O. Box T
Pharr, Texas 78577


JOE A. DE LOS SANTOS

*Cause No. 2002-01-153-E*
*Defendants' Rule 166a(i) No Evidence Motion for Summary Judgment*
*Page 10 of 10*

### CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| **NORMA ORTIZ and CATALINA GARCIA** § | | **THE 357ᵀᴴ DISTRICT COURT** |
| § | | |
| **VS.** § | | |
| § | | |
| **BROWNSVILLE INDEPENDENT** § | | **OF** |
| **SCHOOL DISTRICT, RANDY DUNN,** § | | |
| **MARILYN DEL BOSQUE GILBERT,** § | | |
| **NOE SAUCEDA, and EDDIE ERRISURIZ,** § | | |
| **in their official and individual capacity, and** § | | |
| **employees, agents, and all those acting in** § | | |
| **concert or at their discretion** § | | **CAMERON COUNTY, TEXAS** |

## DEFENDANTS' STANDARD MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes the Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque Gilbert, Noe Sauceda and Eddie Errisuriz (hereinafter, "the Defendants"), in all capacities in which said Defendants have been sued, and file their Motion for Summary Judgment under Rule 166a. Defendants would respectfully show the Court as follows:

### I.
### STATEMENT OF THE CASE

On or about January 11, 2002, Plaintiffs Ortiz and Garcia sued the Brownsville Independent School District, board members, Randy Dunn and Marilyn Del Bosque-Gilbert, and administrators Superintendent Noe Sauceda and Area Superintendent of Human Resources, Eddie Errisuriz, for alleged violations of their civil rights under Article 1, Section 8 of the Texas Constitution. Plaintiffs are specifically alleging that the Defendants retaliated against Plaintiffs based on their political speech, associations and/or affiliations. On June 26, 2002, Plaintiffs filed an Amended Petition to add two causes of action, Intentional Infliction of Emotional Distress and Invasion of Privacy against

the individual Defendants[1]. The Defendants timely filed an answer categorically denying Plaintiffs' allegations and will show the Court that they are entitled to summary judgment as a matter of law. Defendants filed and served this Motion on Plaintiffs at least twenty-one (21) days before the hearing on the Motion.

## II.
## SUMMARY JUDGEMENT STANDARD

A defendant may prevail on a motion for summary judgment if it can disprove as a matter of law at least one element of a plaintiff's cause of action. TEX. R. CIV. P. 166a; *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993); *Lear Siegler, Inc., v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). It is only when a defendant disproves one of the essential elements of the plaintiff's causes of action that plaintiff carries the burden of producing controverting evidence raising a genuine issue of material fact as to the negated element. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). This Honorable Court may decide this case on the summary judgment evidence attached and incorporated in this Motion for Summary Judgment.

## III.
## SUMMARY JUDGMENT EVIDENCE

This case calls out for summary disposition; the material facts are undisputed and the relevant law is clear. The Defendants incorporate by reference for all purposes the following items attached to and made part of their Motion for Summary Judgment:

---

[1] The Court should note that Plaintiffs are suing Defendants, in their official capacity, under Article I, Section 8 of the Texas Constitution. (See Exhibit F, Plaintiffs' Supplemental Response to Defendants' Discovery Request, subsection (c)). Plaintiffs are also suing Dr. Sauceda, Mr. Randy Dunn, Marilyn del Bosque Gilbert and Mr. Eddie Errsuirz, in their individual capacities, for invasion of privacy and intentional infliction of emotional distress. (See Exhibit F, Plaintiffs' Supplemental Response to Defendants' Discovery Request, subsection (c)). Plaintiffs do not seek any monetary damages against the School District or the individual defendants under Article I, Section 8 of the Texas Constitution. (See Exhibit F, Plaintiff Ortiz' Responses to Defendants' First Set of Discovery Requests, Request for Admission No. 8; Plaintiff Garcia's Responses to Defendants' First Set of Discovery Requests, Request for Admission No. 7.).

1.  Exhibit "A": The Affidavit of Dr. Noe Sauceda, Superintendent of the Brownsville Independent School District, with attachments;

2.  Exhibit "B": The Affidavit of John R. Dunn, Board Member of the Brownsville Independent School District, with attachments;

3.  Exhibit "C": The Affidavit of Marilyn Del Bosque-Gilbert, Board Member of the Brownsville Independent School District, with attachments;

4.  Exhibit "D": The Affidavit of Eddie Errisuriz, Jr., Assistant Superintendent of Human Resources for the Brownsville Independent School District;

5.  Exhibit "E": The Affidavit of Judy Cuellar-Garcia, Administrator for Classified Personnel for the Brownsville Independent School District, with attachments; and

6.  Exhibit "F": The Affidavit of Joe A. De Los Santos, Attorney for the Defendants with attachments.

## IV.
## STATEMENT OF FACTS

In May 1, 2001, Dr. Sauceda was hired by the Board of Trustees for the Brownsville Independent School District to act as Superintendent of Schools. As Superintendent, Dr. Sauceda was responsible for the day-to-day operations of the School District, including the responsibility of assigning/reassigning and evaluating personnel (other than himself[2]) and organizing the District's central administration office. (Exhibit A-1). In this capacity, Dr. Sauceda reports directly to the Board of Trustees and is responsible for keeping the Board informed on issues, needs and the operation of the District. (Exhibit A-1). It is, therefore, important that the lines of communication between the Board and the Superintendent's office remain open and clear. (Exhibit A-1).

Under the previous administration's organizational structure, the Board and the Superintendent had separate secretarial support staff. (Exhibit A). In fact, the Board was assigned its own secretary to perform various tasks, including, but not limited to, providing clerical services

---

[2]The Superintendent is the only District employee who is directly hired and evaluated by the Board of Trustees. (Exhibit A).

to individual board members, handling requests for information by individual board members and, at times, making travel arrangements for individual board members. (Exhibit A). The Board's secretary was also physically located in a separate office. (Exhibit A). In the first few months as Superintendent, Dr. Sauceda noted serious problems with the organizational structure of the central administration office. (Exhibit A). Dr. Sauceda was uncomfortable with the lines of communication between his office and the Board, through its own secretary. (Exhibit A). In Dr. Sauceda's opinion, the organizational structure that existed before his tenure did not lend itself to clear and open communication between individual board members and his office. (Exhibit A). Dr. Sauceda was also uncomfortable with the organizational structure because it did not provide any review mechanism for Board requests for travel or reimbursement requests, which was one of the Superintendent's duties. (Exhibit A-1).

By way of example, before beginning his tenure as Superintendent in May of 2001, certain members of the Board had been accused of misappropriating funds for personal travel. (Exhibit A). The allegations were investigated by the Texas Education Agency ("TEA") and the local District Attorney's office. (Exhibit A). The controversy surrounding these allegations and the investigation that ensued was labeled "Travel Gate" by the local media. (Exhibit A). Although the events surrounding the investigation occurred before his tenure as Superintendent began, Dr. Sauceda was asked by TEA to evaluate the events and take measures to avoid similar occurrences. (Exhibit A-2). In addressing the matter, Dr. Sauceda reported to the TEA that he had reviewed the financial records associated with board travel and, with Board approval, implemented corrective measures to monitor board member requests for travel. (Exhibit A-2). The corrective measures included, but were not limited to, adopting: (1) office procedures prohibiting the advance of travel expenses for spouses,

family and friends; (2) office procedures requiring that the Superintendent and Chief Financial

Officer approve all Board and Superintendent travel prior to any expenses being incurred for that

travel; and (3) having one of the Superintendent's secretaries, <u>instead of the board's own secretary,</u>

make these arrangements as an additional safeguard. (Exhibit A-2).

During the Summer and early Fall of 2001, Dr. Sauceda also received complaints from

certain board members that his office was not providing them information in a timely manner.

(Exhibit A). Dr. Sauceda was concerned about the complaints because they directly related to his

performance as Superintendent of Schools. <u>As noted above, the Superintendent is responsible for</u>

<u>keeping the Board informed on issues, needs and the operation of the District</u>. (Exhibit A-1). In

an effort to address these complaints in an effective manner, Dr. Sauceda requested that the

individual board members send any future communications or requests for information directly to

his office and not to the Board's secretary so that he could ensure that the request would be

processed under his supervision. (Exhibit A). Dr. Sauceda explained to the Board that it was only

fair to channel such requests to his office if he was going to be evaluated on how well he provided

the requested information. (Exhibit A). The Board initially agreed to channel all such requests

through Dr. Sauceda's office. (Exhibit A). Dr. Sauceda also addressed the issue with Plaintiff

Norma Ortiz, who was acting then as the Board's secretary. (Exhibit A). Dr. Sauceda explained to

Plaintiff Ortiz that he wanted her to direct any communications and/or requests by board members

to his office to promote better board/superintendent communications. (Exhibit A). After several

attempts to work within the former system, Dr. Sauceda decided, in his capacity as Superintendent,

to reorganize the central administration office. (Exhibit A). None of the other named defendants

possess the authority to reorganize the central administration office nor did they direct or suggest that

Dr. Sauceda reorganize the District's central administration office or take any other adverse employment action against Plaintiff Norma Ortiz. (Exhibits A, B, C, D, and E).

In November of 2001, Dr. Sauceda informed Plaintiff Norma Ortiz that she would be reassigned from her position as Board Secretary to a position that would be commensurate in pay grade and level in accordance with Board Policy DK (Local). (Exhibits A-3 and A-4). Dr. Sauceda determined it was in the best interest of the District to reorganize the office in an effort to facilitate better board member/superintendent communication, provide a safeguard to review and approve board member requests for information or travel, and create an organizational system that he could be comfortable with and work under. (Exhibit A). Dr. Sauceda informed Plaintiff Ortiz that the position of board secretary would be eliminated and the functions associated with that position would be absorbed by his current secretarial support staff. (Exhibit A-3). Dr. Sauceda did not interview for a replacement. (Exhibit A). Dr. Sauceda had no plans of later reviving the position of board secretary and he did not do so. (Exhibit A).

Although Plaintiff Catalina Garcia did express her intentions of submitting applications for employment with the District to Dr. Sauceda, he never stated to Plaintiff that she should not submit her applications or that she would be denied employment with the District based on her political speech, affiliations, and/or associations. (Exhibit A). To the contrary, Dr. Sauceda stated to Plaintiff Garcia that she needed to go through the District's process of applying, interviewing, and, ultimately, being selected for a vacant position like any other applicant. (Exhibit A).

By way of background, classified employees typically serve the School District as support staff and are considered at-will employees under District employment policies. (Exhibit E). Individuals interested in such employment with the District submit an application along with their

resume, which is kept on file with the District. (Exhibit E). Interested individuals will also fill out

what the Department refers to as a "Letter of Intent" for specific positions that are vacant. (Exhibit

E). The administrators who seek to fill available positions will contact the Department and they are

provided a list of applicants for the position. (Exhibit E). Interviews are scheduled and these

administrators will provide the Department with Personnel Requisitions. (Exhibit E). These

requisitions are subsequently forwarded to the Area Administrator of Human Resources and the

Superintendent of Schools for final processing. (Exhibit E). Plaintiff Catalina Garcia[3] was permitted

to file an application for classified positions and her application was made available to department

managers in the same manner as other applicants. (Exhibit E). Dr. Sauceda was never asked to

review a Personnel Requisition concerning Plaintiff Garcia, he never exercised his authority to

overrule a Personnel Requisition concerning Plaintiff Garcia and he never directed, suggested, or

implied that any person should not submit such a requisition for his review or approval for Plaintiff

Garcia. (Exhibit A). None of the other named Defendants possess the authority to directly hire

applicants nor did the other named Defendants direct or suggest that Dr. Sauceda not hire Plaintiff

Catalina Garcia. (Exhibits A, B, C, D, and E).

Similarly, although the named defendants attend the District's board meetings, none of the

named Defendants have the authority to run the meetings. (Exhibits A, B, C, and D). It is not the

function of the named Defendants to preside over these meetings or enforce the time limits or

content restrictions set out in Board Policy BED (Legal and Local). (Exhibits A, B, C, and D).

Under District Policy, the Presiding Officer runs the meetings, including the public comment portion

of the meetings. (Exhibit A-5). The Defendants never interfered with Plaintiff Garcia's attempts to

---

[3] The District attempted to interview Plaintiff Garcia even before she ran for office. (Exhibit E). Although the District
scheduled reasonable times for Plaintiff Garcia to come in and interview, Plaintiff Garcia failed to keep her scheduled
appointments on two separate occasions (Exhibit E-1).

voice her opinions at board meetings or in any way limited her time to address the Board. (Exhibits A, B, C, and D). Further, the named Defendants are not aware of a time that the Presiding Officer of the Board interfered with Plaintiff Garcia's attempts to voice her opinions or limited her time to address the Board in a manner that was not in accord with our Board Policy. (Exhibits A, B, C, and D).

## VI.
## ARGUMENTS AND AUTHORITY

**A. THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' ARTICLE 1, SECTION 8 CLAIMS UNDER THE TEXAS CONSTITUTION AS A MATTER OF LAW.**

As noted above, Plaintiffs Norma Ortiz and Catalina Garcia sued the Brownsville Independent School District, board members, Randy Dunn and Marilyn Del Bosque-Gilbert, and administrators Superintendent Noe Sauceda and Area Superintendent of Human Resources, Eddie Errisuriz, in their official capacities, for alleged violations of their civil rights under Article 1, Section 8 of the Texas Constitution. (See Plaintiffs' Amended Original Petition). In essence, Plaintiff Ortiz claims that the Defendants (the School District, Dr. Noe Sauceda, Mr. Randy Dunn, Ms. Marilyn Del Bosque Gilbert and Mr. Eddie Errisuriz) reassigned her from the position of board secretary because of her political speech, affiliations and associations. (Plaintiffs' Amended Petition). Plaintiff Garcia claims that the Defendants (the School District, Dr. Noe Sauceda, Mr. Randy Dunn, Ms. Marilyn Del Bosque Gilbert and Mr. Eddie Errisuriz) denied her employment with the School District because of her political speech, affiliations and associations. (Plaintiffs' Amended Original Petition). Based upon the pleadings and summary judgment evidence summarized above and in accordance with the applicable authorities noted below the Defendants are entitled to judgment as a matter of law.

1. **NO LEGAL BASIS EXISTS FOR HOLDING THE DEFENDANTS LIABLE FOR POLITICAL RETALIATION.**

The Bill of Rights of the Texas Constitution provides: "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." Tex. Const. art. I, § 8. Because the Texas Constitution provides broader protection than its federal counterpart, case law interpreting the Texas Constitution's free speech clause generally has followed federal free speech analysis. *See Davenport v. Garcia*, 834 S.W.2d 4, 10 (Tex. 1992); *Alcorn v. Vaksman*, 877 S.W.2d 390, 401-02 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (following federal free speech standard established in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).

In order to successfully assert a claim of retaliatory discharge under Article I, Section 8 of the Texas Constitution, an employee-plaintiff has the burden of showing that: (1) the employee's speech involved a matter of public concern as determined by the content, form, and context of the speech and (2) the employee's speech was a substantial or motivating factor in the employer's conduct (must show causation). *Alcorn*, 877 S.W.2d at 401-02; *see also Mt. Healthy*, 429 U.S. at 287. Once the employee-plaintiff makes the initial showing, the burden shifts to the employer to show that it would have taken the same employment action even absent the employee's protected conduct. *Mt. Healthy*, 429 U.S. at 287. The employee-plaintiff can refute the employer's showing by demonstrating that the employer's explanation for the adverse action is merely pretextual. *Coughlin v. Lee*, 946 F.2d 1152, 1157 (5th Cir. 1991).

2. **ASSUMING, *ARGUENDO*, THAT PLAINTIFFS' SPEECH, ASSOCIATIONS AND/OR AFFILIATIONS WERE PROTECTED, PLAINTIFFS CANNOT ESTABLISH THAT THEIR SPEECH WAS A SUBSTANTIAL OR MOTIVATING FACTOR IN THE DISTRICT'S EMPLOYMENT DECISIONS.**

**a.    Plaintiff Norma Ortiz' Article I, Section 8 Claim against Dr. Noe Sauceda.**

As to the second element, Plaintiffs are required to show a causal connection between the "protected activity" and the adverse employment action. *Fowler v. Smith*, 68 F.3d 124 (5th Cir. 1995). As established by the summary judgment evidence, Dr. Sauceda acted under his authority as Superintendent of Schools to reorganize the central administration office. (Exhibit A). Dr. Sauceda determined it was in the best interest of the District to reorganize the office in an effort to facilitate better board member/superintendent communication, provide a safeguard to review and approve board member requests for information or travel, and create an organizational system that he could be comfortable with and work under. (Exhibit A). On November 1, 2001, Dr. Sauceda informed Plaintiff Ortiz that the position of board secretary would be eliminated and the functions associated with that position would be absorbed by his current secretarial support staff. (Exhibit A-3). Dr. Sauceda did not interview for a replacement. (Exhibit A). Dr. Sauceda had no plans of later reviving the position of board secretary and he did not do so. (Exhibit A). Defendant Sauceda maintains that he is entitled to summary judgment because Plaintiff Ortiz cannot by pleadings, depositions, answers to interrogatories or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact that he reassigned Plaintiff Ortiz because of her political speech, affiliations, and/or associations. Because Plaintiff Ortiz cannot raise a genuine issue of material fact on this element, the Court should grant the Defendants' Summary Judgment Motion as a matter of law.

**b.    Plaintiff Norma Ortiz' Article I, Section 8 Claim against Randy Dunn, Marilyn Del Bosque Gilbert and Eddie Errisuriz.**

As to the other named Defendants, it is clear from the summary judgment evidence summarized above and attached to this motion, that Mr. Randy Dunn and Ms. Marilyn Del Bosque

Gilbert **do not possess the authority as board members to reorganize the central administration office.** (Exhibits B and C). Further, the summary judgment evidence makes clear that Mr. Dunn and Ms. Del Bosque Gilbert never asked, suggested, directed or threatened that any District employee (including Dr. Sauceda), board member or any other person take any adverse employment action against Plaintiff Ortiz. (Exhibits B and C). Similarly, as Area Administrator for Human Resources, Mr. Eddie Errisuriz **does not possess the authority to reorganize the central administration office** nor has he ever directed or suggested that Dr. Sauceda reorganize the office or take any other adverse employment action against Plaintiff Ortiz. (Exhibit D). Defendants Dunn, Del Bosque Gilbert and Errisuriz maintain that they are also entitled to summary judgment because Plaintiff Ortiz cannot by pleadings, depositions, answers to interrogatories or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact: (1) these individuals had the capacity or authority to reorganize the central administration office; and/or (2) that these individuals directed, threatened, or suggested that Dr. Sauceda reorganize the central administration office or take any other adverse employment action against Plaintiff Ortiz. Because Plaintiff Ortiz cannot raise a genuine issue of material fact on this element, the Court should grant the Defendants' Summary Judgment Motion as a matter of law.

**c.     Plaintiff Catalina Garcia's Article I, Section 8 Claim against Dr. Noe Sauceda.**

As to the second element, Plaintiff Garcia is also required to show a causal connection between the "protected activity" and the adverse employment action. *Fowler v. Smith*, 68 F.3d 124 (5th Cir. 1995). As noted above, Plaintiff Garcia claims that she was denied the opportunity for employment based on her political speech, affiliations and associations. (*See* Plaintiff Amended Original Petition). As established by the summary judgment evidence, although Plaintiff Catalina

Garcia did express her intentions of submitting applications for employment with the District to Dr. Sauceda, he never stated to Plaintiff Garcia that she should not submit her applications or that she would be denied employment with the District based on her political speech, affiliations, and/or associations. (Exhibit A). To the contrary, Dr. Sauceda stated to Plaintiff Garcia that she needed to go through the District's process of applying, interviewing, and, ultimately, being selected for a vacant position like any other applicant. (Exhibit A). Plaintiff Catalina Garcia was permitted to file an application for classified positions and her application was made available to department managers in the same manner as other applicants. (Exhibit E). Dr. Sauceda was never asked to review a Personnel Requisition concerning Plaintiff Garcia, he never exercised his authority to overrule a Personnel Requisition concerning Plaintiff Garcia and he never directed, suggested, or implied that any person should not submit such a requisition for his review or approval for Plaintiff Garcia. (Exhibit A). Defendant Sauceda maintains that he is entitled to summary judgment because Plaintiff Ortiz cannot by pleadings, depositions, answers to interrogatories or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact that he denied her employment because of her political speech, affiliations, and/or associations. Because Plaintiff Garcia cannot raise a genuine issue of material fact on this element, the Court should grant the Defendants' Summary Judgment Motion as a matter of law.

**d.    Plaintiff Catalina Garcia's Article I, Section 8 Claim against Randy Dunn, Marilyn Del Bosque Gilbert and Eddie Errisuriz.**

Once again, as to the other named Defendants, it is clear from the summary judgment evidence summarized above and attached to this motion, that Mr. Randy Dunn and Ms. Marilyn Del Bosque Gilbert **do not possess the authority to hire applicants for the School District.** (Exhibits B and C). Further, the summary judgment evidence makes clear that Mr. Dunn and Ms. Del Bosque

Gilbert never asked, suggested, directed or threatened that any District employee (including Dr. Sauceda), board member or any other person take any adverse employment action against Plaintiff Garcia. (Exhibits B and C). Similarly, as Area Administrator for Human Resources, Mr. Eddie Errisuriz never directed that any District employee (including Dr. Sauceda) not consider, interview, or hire Plaintiff Garcia for any position for which she may have applied at BISD. (Exhibit D). Defendants Dunn, Del Bosque Gilbert and Errisuriz maintain that they are also entitled to summary judgment because Plaintiff Ortiz cannot by pleadings, depositions, answers to interrogatories or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact that they denied Plaintiff Garcia employment because of her political speech, associations and/or affiliations. Because Plaintiff Garcia cannot raise a genuine issue of material fact on this element, the Court should grant the Defendants' Summary Judgment Motion as a matter of law.

e.   **Plaintiff Catalina Garcia's Article I, Section 8 Claim against the School District and the individual Defendants.**

Finally, although the named Defendants attend the District's board meetings, **none of these individuals possess the authority to run the meetings.** (Exhibits A, B, C, and D). As the summary judgment evidence makes clear, it is not the function of the named Defendants to preside over these meetings or enforce the time limits or content restrictions set out in Board Policy BED (Legal and Local). (Exhibits A, B, C, and D). Under District Policy, the Presiding Officer runs the meetings, including the public comment portion of the meetings. (Exhibit A-5). The Defendants never interfered with Plaintiff Garcia's attempts to voice her opinions at board meetings or in any way limited her time to address the Board. (Exhibits A, B, C, and D). Further, the named Defendants are not aware of a time that the Presiding Officer of the Board interfered with Plaintiff Garcia's attempts to voice her opinions or limited her time to address the Board in a manner that was not in

accord with our Board Policy. (Exhibits A, B, C, and D). In light of the foregoing, Plaintiffs' claim

for retaliation under Article I, Section 8 of the Texas Constitution should be summarily dismissed.

**B.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AS A MATTER OF LAW.**

It has been generally stated that to recover under an intentional infliction of emotional

distress theory, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the

defendant's conduct was *extreme and outrageous*; (3) the defendant's actions caused the plaintiff

emotional distress; and (4) the emotional distress suffered by plaintiff was severe.  *Twyman v.*

*Twyman*, 855 S.W.2d 619, 622 (Tex. 1993) (emphasis added).  Extreme and outrageous conduct

means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Twyman*, 855 S.W.2d 619, 621.  This has been described as an "exceptionally difficult burden" to

meet for a plaintiff.  *C.M. v. Tomball Regional Hosp.*, 961 S.W.2d 236, 244 (Tex. App. – Houston

[1st Dist.] 1997, no writ).  Mere insults, indignities, threats, annoyances, petty oppression, or other

trivialities are not considered extreme and outrageous conduct.  *Horton v. Montgomery Ward & Co.,*

*Inc.*, 827 S.W.2d 361, 369 (Tex. App. – San Antonio 1992, writ denied).  Similarly, conduct is not

considered extreme or outrageous simply because it is rude or tortious.  *Natividad v. Alexsis, Inc.,*

875 S.W.2d 695, 699 (Tex. 1994).  Conduct may be morally unjustifiable, unscrupulous, and

ignominious without rising to the level of extreme and outrageous.  *Lassiter v. Wilkenfeld*, 930

S.W.2d 803, 808 (Tex. App. – Beaumont 1996, writ denied.).

The context of the alleged incident is important in determining "extreme and outrageous"

character.  Texas case law specifically requires that the individual facts be considered in determining

"extreme and outrageous" conduct in divorce cases, common sources of intentional infliction of

*Cause No. 2002-01-153-E*
*Defendants' Standard Motion for Summary Judgment*
*Page 14 of 19*

emotional distress claims. *Villa__nor v. Villasenor,* 911 S.W.2d 411, 41__ (Tex. App. – San Antonio 1995, no writ). Generally, outrageous conduct is found when the recitation of *the facts* to an average member of the community would arouse his or her resentment against the actor, and lead him or her to actually describe the actions as outrageous. *Horton,* 827 S.W.2d at 369.

It is for the court to determine whether there is a possibility that severe emotional distress could be found and for the jury to decide whether it in fact existed. Restatement (Second) of Torts, § 46, Comment h; *See also, Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex. 1993).

1. **NO LEGAL BASIS EXISTS FOR HOLDING DEFENDANTS LIABLE UNDER AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM UNDER STATE LAW.**

As noted above, Plaintiffs are also alleging that the individual Defendants are liable to them for Intentional Infliction of Emotional Distress. (See Exhibit F). The conduct that Plaintiffs are alleging is "extreme and outrageous" is "speaking with community citizens about Plaintiffs and they should stay away from them." (See Exhibit F). Even assuming, *arguendo,* for purposes of this summary judgment motion, that the Defendants made such remarks, making such remarks does not, as a matter of law, rise to the requisite level of "extreme or outrageous" conduct necessary to create a genuine material fact question on the issue and, therefore, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' intentional infliction of emotional distress claim. *See Diamond Shamrock Refining vs. Mendez,* 844 S.W.2d 198 (Tex. 1992) (falsely depicting plaintiff as a thief was not sufficiently extreme or outrageous to support a claim for intentional infliction of emotional distress)

Moreover, Plaintiffs have not shown that their alleged emotional injuries rise to the requisite level of "severe emotional distress." A party seeking recovery for mental anguish, even when advancing a cause of action that does not require the 'severe' damages required for intentional infliction of emotional distress, must prove more than 'mere worry, anxiety, vexation, embarrassment, or anger.'" *Escalante v. Koerner,* 28 S.W.3d 641, 646 (Tex. App. – Corpus Christi 2000, writ denied). Emotional distress such as difficulty concentrating, feelings of insecurity and

embarrassment do not constitu.. *severe* emotional distress and "are exa.. ..y the kinds of relatively minor emotional distress that the term 'severe' is meant to filter out..." *Gorges Foodservice, Inc., v. Huerta*, 964 S.W.2d 656, 669 (Tex. App. – Corpus Christi 1997, no pet.). Neither do feelings of anger, depression, and humiliation constitute "severe emotional distress." *Villaseñor*, 911 S.W.2d at 416. Emotional distress is "severe" when it becomes "so extreme that no reasonable [person] could be expected to endure it without undergoing unreasonable suffering." *Tidelands Auto. Club v. Walters*, 699 S.W.2d 939, 941 (Tex. App. – Beaumont 1985, ref. n.r.e.). Furthermore, a plaintiff's proof of severe emotional distress must be wholly independent of the extreme and outrageous conduct of a defendant. *Id.* at 944. Consequently, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' intentional infliction of emotional distress claim.

## C. THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' INVASION OF PRIVACY CLAIMS AS A MATTER OF LAW.

Under Texas law, the elements of a cause of action for invasion of privacy[4] are the following: (1) the defendant publicized something about the plaintiff's private life; (2) the publicity would be highly offensive to a reasonable person; (3) the matter publicized is not of legitimate public concern; and (4) the plaintiff suffered an injury as a result of the defendant's disclosure. *Star -Telegran, Inc. v. Doe*, 915 S.W.2d 471, 473-74 (Tex. 1995); *Industrial Found v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 682 (Tex. 1976); *Anonsen v. Donahue*, 857 S.W.2d 700, 703 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

### 1. NO LEGAL BASIS EXISTS FOR HOLDING DEFENDANTS LIABLE UNDER AN INVASION OF PRIVACY CLAIM UNDER STATE LAW.

Plaintiffs allege that Defendants invaded their privacy "in that their personal, social, and employment relationships with persons were threatened and interfered with by communicating verbal and written threats and innuendo knowing that such actions would cause harm to Plaintiffs." (Exhibit

---

[4] Under Texas law, there is no "False-light" invasion of privacy. That is, publicity that unreasonably places a person in a false position in the public eye is not a recognized cause of action in Texas. *Cain v. Hearst Corp.*, 878 S.W.2d 577, 584 (Tex. 1994).

F). Even assuming, *arguendo*, ᴵᵤᵣ purposes of this summary judgment mo.ᵤᵤn, that Defendants made such remarks, making such remarks, alone, does not support a viable claim for invasion of privacy and, therefore, the Court should grant Defendants' Motion for Summary Judgment on Plaintiffs' invasion of privacy claim. First, "publicity" for purpose of an invasion of privacy claim means that a matter is communicated to the public at large or disseminated to so many people that it becomes public knowledge. *Industrial Found. v. Texas Indus. Acc. Bd.*, 540 S.W.2d 668, 682 (Tex. 1976).

"Publicity" involves a larger audience than a defamatory "publication," which requires a communication to only single third person. *Id.* at 683-84. Examples of "publicity" for purposes of an invasion of privacy claim include newspapers, magazine articles and pamphlets distributed to a large group, radio and T.V. broadcasts and/or public speeches. *See* Restatement (2d) of Torts §652D cmt. a. Plaintiffs have not pled and cannot prove that Defendants "publicized" something about the their private lives. Consequently, Plaintiffs cannot, by pleadings, depositions, answers to interrogatories, or other admissible evidence, demonstrate that there is any evidence to raise a genuine issue of material fact to support a viable claim against the Defendants for Invasion of Privacy.

## IV.
## CONCLUSION AND PRAYER

Based upon the summary judgment evidence submitted to the Court and upon the authorities cited above, all of the claims made against Defendants should be dismissed, with prejudice. In essence, the Plaintiff has failed to state a claim against the Defendants for which relief should be provided. The Defendants believe that they are entitled to an entry of summary judgment in their favor as to all of Plaintiffs' claims, and respectfully requests that this Court enter such a judgment.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
   SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas  78216
TEL NO.  (210) 979-6633
FAX NO. (210) 979-7024


JOE DE LOS SANTOS
State Bar No. 24007100
DANIEL M. "MATT" BURNS
State Bar No. 03443900

ATTORNEYS FOR DEFENDANTS,
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT, ET. AL.

EXHIBIT "C"

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357ᵗʰ DISTRICT COURT |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, *and employees, agents, and all* | ♦ | |
| *those acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

FILED 3 5?0'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
AUG 27 2002
DISTRICT COURT IF CAMERON COUNTY, TEX
DEPUTY

## PLAINTIFFS' THIRD AMENDED— *ORIGINAL PETITION*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, PLAINTIFFS NORMA ORTIZ and CATALINA GARCIA, (hereinafter referred to as "Plaintiffs"), complaining of BROWNSVILLE INDEPENDENT SCHOOL, DISTRICT (Brownsville I.S.D.), RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, in their official and individual capacity, and employees, agents and all those acting in concert with them or at their discretion, (hereinafter called by name or referred to as "Defendants"), and for such causes of action shows unto the court the following:

### I. DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiff, NORMA ORTIZ, is a resident of Cameron County, Texas.

Plaintiff, CATALINA GARCIA, is a resident of Cameron County, Texas.

Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, is a governmental entity operating under color of state law that has been served and thereafter appeared and answered.

Defendant, RANDY DUNN, is a resident of Cameron County, Texas acting at times under color of state law and has been served and appeared herein.

Defendant, EDDIE ERRISURIZ, is a resident of Cameron County, Texas acting at times under color of state law has been served and appeared herein.

Defendant, NOE SAUCEDA, is a resident of Cameron County, Texas acting at times under color of state law has been served and appeared herein.

Venue is proper in Cameron County, Texas in that the acts made the basis of the causes of action occurred in Cameron County and further both Plaintiff and Defendants are located in Cameron County, Texas.

## III.
## FACTUAL ALLEGATIONS

Plaintiff Norma Ortiz is a long time employee of Brownsville I.S.D. and is a loyal, dedicated, and hard working employee. Plaintiff began her career with the Defendant on or about 1972 as a P.E. Aid and worked her way up to the Position of School Board Secretary. Plaintiff held the position of School Board Secretary for approximately (15) years. Despite Plaintiff Ortiz's performance, dedication, and efforts, Defendant failed to give Plaintiff the opportunity work free of hostility during her employment and continue in that position. Ultimately, Plaintiff Ortiz suffered a job demotion on November 28, 2001 to Secretary of Professional Development. The harassment of Plaintiff Ortiz also included threats to District employees and other persons to stay away from Plaintiff Ortiz and not to speak or associate with her. Plaintiff believes that the various acts of unlawful discrimination and demotion resulted from her associations with certain board members and Plaintiff Garcia.

As a result, Plaintiff Ortiz' civil rights have been violated and therefore sues the Defendants for violations of the laws and Constitutions of the United States and Texas

Plaintiff Garcia, a former employee of the Brownsville Independent School District, was a candidate for a seat on the Brownsville School Board for the May 6, 2001 election. Subsequent to the election, Plaintiff expressed her intentions of submitting applications for employment for several posted job openings. Plaintiff was asked by Defendant Sauceda *how would Mrs. Del Bosque and Mr. Dunn feel if you were hired?* Plaintiff Garcia continued to express her desire to hold a non-contractual position with the district. Defendant Sauceda responded: *that's the price you pay for getting into politics.*

Plaintiff Garcia, also on many occasions, was not allowed to voice her opposition of matters that directly affected the school district during several meetings of the School Board and on other occasions was not allowed to continue speaking unlike others in attendance. The harassment of Plaintiff Garcia included, but is not limited to, threats to District employees and other persons to stay away from Plaintiff Garcia and not to speak or associate with her.

Plaintiff Garcia believes that the unlawful acts against her were in retaliation for her political involvement, speech, association, and candidacy in violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas.

As a result, Plaintiff Garcia's civil rights have been violated and therefore sues Defendants for violations of the laws and Constitutions of the United States and Texas.

## IV.
## 42 U.S.C. § 1983

The Defendants and employees, agents and all those acting in concert with them or at their discretion acting under color of law of Texas acted with a deliberate indifference and subjected Plaintiffs to the deprivations of the following rights, privileges and immunities secured by the laws and Constitutions and of the United States and Texas when they decided to discriminate, retaliate,

harass, demote, reassign, refuse to hire, and take other adverse actions against Plaintiffs and deny them further access to a meaningful job free from hostility and politics for which they were qualified and experienced:

(a)     The Defendants Brownsville I.S.D., Noe Sauceda, and Randy Dunn, in their official capacities, and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions in refusing to hire Plaintiff to an impermissible extent on Plaintiff's exercise of free speech due to her speech on matters of public concern. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(b)     The Defendants Brownsville I.S.D., Noe Sauceda, and Randy Dunn and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Norma Ortiz of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to reassign, transfer, and take adverse employment actions against Plaintiff to an impermissible extent on Plaintiff's exercise of free speech due to her support of political candidates. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(c)     The Defendant Brownsville I.S.D. and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions in refusing to hire Plaintiff to an impermissible extent on Plaintiff's exercise of her right to run for political office and candidacy in general. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(d)     The Defendants Brownsville I.S.D., Noe Sauceda, and Randy Dunn and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right to privacy under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to an impermissible extent on Plaintiff's private affairs such as personal and social relationships with others. Such retaliatory actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(e)     The Defendants Brownsville I.S.D., Noe Sauceda, and Randy Dunn and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs Norma Ortiz and Catalina Garcia of their right of freedom of association under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to an impermissible extent on Plaintiffs' exercise of their right to freely associate and/or disassociate with groups, public figures, political candidates, and others. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(f)     The Defendant Brownsville I.S.D. and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right of free speech and due process speech under the First and Fourteenth Amendments to the U.S. Constitution by refusing to provide Plaintiff Catalina Garcia an opportunity to speak freely and completely on matters of public concern in accordance with applicable policies and procedures. Such actions evidence Defendants' failure to abide by its own substantive and procedural requirements as stated in its policies and rules. Such actions by Defendants were performed in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(g)     The Defendants Noe Sauceda, Randy Dunn, and Eddie Errisuriz, in their official and individual capacities, and employees, agents and all those acting in concert with them or at their discretion conspired to deprive Plaintiffs Norma Ortiz and Catalina Garcia of their rights under the First and Fourteenth Amendments to the U.S. Constitution by committing such acts that caused injury to the Plaintiffs. Said actions were an attempt by Defendants to accomplish an unlawful purpose by unlawful means. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(h)     The Defendants Brownsville I.S.D. and Noe Sauceda, in his official capacity, and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia several times of her right to obtain Brownsville I.S.D. public information in accordance with the Texas Open Records Act in violation of her rights under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to an impermissible extent on Plaintiff's political speech on matters of public concern, political candidacy, and political associations. Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

As a result of these unlawful deprivations, Plaintiffs according to the factual allegations, have effectively been subjected to discrimination, retaliation, harassment, demotion, reassignment, denial of employment, and other adverse actions, and as a result have suffered anxiety, mental anguish, humiliation, embarrassment, and other emotional harm and distress since being subjected to these unlawful actions and will continue to suffer lost wages in the past and future and other compensatory damages to which they are appropriately entitled and the court deems proper to be proved at trial.

## V.
## TX CONSTITUTIONAL CAUSES OF ACTION

(a)     The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs Norma Ortiz and Catalina Garcia of their right of free speech under *Article I, Section 8* of the Constitution of the State of Texas by basing their employment decisions to an impermissible extent on Plaintiffs' exercise of free speech on matters of public concern, political candidacy, political supports of candidates, and political associations. Such actions by Defendants were a customary

practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(b)     The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiffs Norma Ortiz and Catalina Garcia of their right of freedom of association under *Article I, Section 8* of the Constitution of the State of Texas by basing their employment decisions to an impermissible extent on Plaintiffs' exercise of their right to freely associate and/or disassociate with groups, public figures, political candidates, and others.     Such actions by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

(c)     The Defendants and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff Catalina Garcia of her right of free and due process speech under *Article I, Section 19* of the Constitution of the State of Texas by refusing to provide Plaintiff Catalina Garcia an opportunity to speak freely and completely on matters of public concern in accordance with applicable policies and procedures. Such actions evidence Defendants' failure to abide by its own substantive and procedural requirements as stated in its policies and rules. Such actions by Defendants were performed in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

As a result of these unlawful deprivations, Plaintiffs according to the factual allegations, have effectively been subjected to discrimination, retaliation, harassment, demotion, reassignment, denial of employment, and other adverse actions, and as a result have suffered anxiety, mental anguish, humiliation, embarrassment, and other emotional harm and distress since being subjected to these unlawful actions and will continue to suffer lost wages in the past and future and other compensatory damages to which they are appropriately entitled and the court deems proper to be proved at trial.

## VI.
## 42 U.S.C. §1985(3)

Plaintiffs assert a cause of action against Defendants RANDY DUNN, NOE SAUCEDA, and EDDIE ERRISURIZ, in their individual and official capacities, for conspiracy to violate their respective civil rights. Defendants conspired to illegally commit such acts that caused injury to the Plaintiffs. Said actions were an attempt by Defendants to accomplish the deprivation of Plaintiffs' civil rights and privileges under the equal protection of the laws by taking actions in furtherance of their attempts to deprive and infringe upon Plaintiffs' individual and respective rights to free speech, freedom of association, and right to privacy. Defendants were aware of the wrongful nature of their acts and benefited or intended to benefit by such actions.

## VII.
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

Plaintiff Catalina Garcia asserts that Defendants RANDY DUNN, NOE SAUCEDA, and EDDIE ERRISURIZ, in their individual capacities, engaged in repeated and continuous actions, in the nature of extreme and outrageous conduct, which were intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Such actions

were also committed with the knowledge of Plaintiffs' special sensitivity to such conduct based on the actual or perceived threat of losing personal and social friendships wholly or in part. Such actions caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in amounts that exceed the minimum jurisdictional requirements of this Court. Plaintiff sues Defendants for such actions.

## VIII.
## INVASION OF PRIVACY

Plaintiff Catalina Garcia asserts that Defendants RANDY DUNN, NOE SAUCEDA, and EDDIE ERRISURIZ, in their individual capacities, intruded into Plaintiff's private affairs in the nature of personal and social friendships, was of such a highly offensive nature as to cause objection to any reasonable person of ordinary sensibilities. As a result of these Defendants' actions, Plaintiff sues these Defendants for the tort of invasion of privacy.

## IX.
## CIVIL CONSPIRACY

Plaintiffs assert a cause of action against Defendants RANDY DUNN, NOE SAUCEDA, and EDDIE ERRISURIZ, in their individual capacities, for civil conspiracy. Defendants conspired to illegally commit such acts that caused injury to the Plaintiffs. Said actions were an attempt by Defendants to accomplish an unlawful purpose by unlawful means. Defendants were aware of the wrongful nature of their acts and benefited or intended to benefit by such actions.

## X.
## JURY TRIAL REQUEST

Plaintiff requests that a jury be convened in order that issues the basis of this lawsuit be tried.

## XI.
## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiffs have suffered mental pain and anguish. In all reasonable probability, Plaintiffs will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of their natural lives. Plaintiffs have further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earnings will continue long into the future. As a result, Plaintiffs sue to regain all compensatory damages and any other relief to which they may be appropriately entitled and the court deems proper.

## XII.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiffs' fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs. Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining all the Defendants herein from continuing with such action and future action. Additionally, Plaintiffs request that this court order a permanent injunction, based on the customary nature of the unlawful act, that Defendants and employees, agents and all those acting in concert with them or at their discretion refrain from

denying Plaintiffs the rights infringed upon in this action and from taking any further action that would jeopardize their rights under the laws and Constitutions of the United States and Texas.

## XIII.
## ATTORNEY'S FEES

By reason of the allegations of this Petition in accordance with 42 U.S.C. 1983 and 42 U.S.C. 1988, Plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary. In this connection, Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. Reasonable attorneys' fees are further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Plaintiff fully expects that the Defendants will appeal this case. Plaintiff seeks attorneys' fees to compensate the Plaintiff for the attorneys' fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. As permitted, Plaintiff also seeks to recoup all litigation expenses expended in the prosecution of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant the following:

a). Judgment against Defendants for an amount compensating Plaintiffs for their damages and injuries in an amount in excess of the minimum jurisdictional limits of this Court with a maximum of thirty million dollars ($30,000,000.00), such to be awarded by the jury;

b). Entering a permanent injunction, restraining and enjoining the Defendants, their officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiffs or otherwise violating their rights in a manner that is, may be, or can be construed as being negative or adverse;

c). Prejudgment interest as allowed by law;

d). Attorney, expert and litigation fees and expenses for trial and appeal;

e). Interest on said judgment at the legal rate from date of judgment;

f). Costs of suit herein;

g). Nominal damages and such other appropriate relief as Plaintiffs are justly entitled and the Court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to all counsel of record as noted below:

Signed on this the 27 day of August, 2002.

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

Michael Pruneda

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357th DISTRICT COURT |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, *and employees, agents, and all* | ♦ | |
| *those acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

FILED 3.5 O'CLOCK P M
AURORA DE LA G... ...CT. CLERK
AUG 2 7 2002
DISTRICT COURT OF CAM... ...NTY, TEXAS
DEPUTY

## PLAINTIFFS' REQUEST FOR JURY TRIAL

NOW COME Plaintiffs, NORMA ORTIZ and CATALINA GARCIA, requesting that a jury trial be held on said cause. Pursuant to 216 of the Texas Rule of Civil Procedure a jury fee in the sum of $30.00 has been paid to the District Clerk's office.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By:

*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

# EXHIBIT "D"

NO. 2002-01-153-E

| | |
|---|---|
| **NORMA ORTIZ**, *et al*, **Plaintiffs** | IN THE DISTRICT COURT |
| **vs.** | CAMERON COUNTY, TEXAS |
| **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**, *et al*, **Defendants** | 357TH JUDICIAL DISTRICT |

## ORDER ON JOINT MOTION TO DISMISS WITH PREJUDICE

On this day came on to be considered the Joint Motion to Dismiss With Prejudice filed herein by Plaintiffs Norma Ortiz and Catalina Garcia. Said parties having represented to the Court that they no longer wish to pursue this litigation with all matters which were raised or which could have been raised in the above-numbered and entitled cause against Defendant Marilyn Del Bosque-Gilbert, and that they request entry judgment herein, it is therefore:

ORDERED that Plaintiffs take nothing by their claims against Defendant Marilyn Del Bosque-Gilbert, in her individual and official capacities; that all such claims be and hereby are dismissed with prejudice to refile same; and that each party bear their respective costs of court. All other and further relief not expressly granted herein is denied.

SIGNED on this 28 day of August, 2002.

_____
JUDGE PRESIDING

FILED 4:50 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK

AUG 28 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS

FILED 4:25 O'CLOCK _____M
AURORA DE LA GARZA DIST. CLERK

AUG 22 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## NO. 2002-01-153-E

| | |
|---|---|
| **NORMA ORTIZ, et al,**<br>**Plaintiffs** | **IN THE DISTRICT COURT** |
| **vs.** | **CAMERON COUNTY, TEXAS** |
| **BROWNSVILLE INDEPENDENT**<br>**SCHOOL DISTRICT, et al,**<br>**Defendants** | **357TH JUDICIAL DISTRICT** |

### PLAINTIFFS' MOTION TO DISMISS WITH PREJUDICE

1.      Plaintiffs Norma Ortiz and Catalina Garcia each move for dismissal of all claims against Defendant Marilyn Del Bosque-Gilbert, in her individual and official capacities, and in support of such motion would show as follows:

2.      The parties hereby represent to the Court that they no longer wish to pursue this litigation with all matters which were raised or which could have been raised in the above-numbered and entitled cause against Defendant Marilyn Del Bosque-Gilbert.

3.      The parties ask that judgment be entered.

4.      Wherefore, premises considered, Plaintiffs Norma Ortiz and Catalina Garcia request that the Court enter its order that all claims raised or which could have been raised in this cause against Defendant Marilyn Del Bosque-Gilbert, in her individual and official capacities, be dismissed with prejudice, each party take nothing by such claims, and that each party bear their respective costs of court.

Respectfully submitted:

Jim A. De Leon
Texas Bar No. 24007180
Donald J. "Matt" Downs
State Bar No. 05443900
Walsh, Anderson, Brown, Schulze &
Aldridge
100 N.E. Loop 410, Suite 1000
San Antonio, Texas 78216
(210) 979-6400
(210) 979-7024 [fax]

Michael A. Pruneda
State Bar No. 00791001
The Pruneda Law Firm, P.L.L.C.
P.O. Box T
Pharr, Texas 78577
(956) 702-9600
(956) 702-9699

ATTORNEYS FOR PLAINTIFFS NORMA
ORTIZ AND CATALINA GARCIA

Richard B. Zayas
State Bar No. 00792604
3100 East 14th Street
Brownsville, Texas 78521
(956) 546-3660

ATTORNEYS FOR DEFENDANT
MARILYN DEL BOSQUE-GILBERT

# THE PRUNEDA LAW FIRM, P.L.C.

August 12, 2002

Via Fax: (956) 341-6157

Richard Zayas
3100 E. 14ᵗʰ St.
Brownsville, Texas 78521

Re:     *Oscar Garcia v. Brownsville ISD, et al*
        Cause No. 2002-01-132-B

Dear Mr. Zayas:

### RULE 11 AGREEMENT

Dear Mr.  Please allow this letter to serve as confirmation of the following agreement.  If Plaintiff
against Defendant Marilyn Del Bosque-Gilbert in her individual capacity, then
Defendants, including Marilyn Del Bosque-Gilbert, will not pursue claims for relief, costs,
attorneys fees, or any other relief available, whether such relief is available by law or equity, against
Plaintiffs or their representatives.  Such agreement will be considered a waiver of right to pursue any
such remedies or claims.

        If the information above does not reflect your understanding of our agreement, please
contact me immediately, otherwise, please sign below where indicated.  I will earnestly await your
response and remarks.

Very truly yours,

THE PRUNEDA LAW FIRM, P.L.L.C.

Michael Pruneda

Agreed by

Richard Zayas
for Marilyn Del Bosque-Gilbert, individual capacity

Agreed by:



Joe A. De Los Santos
for Marilyn Del Bosque-Gilbert, official capacity

# EXHIBIT "E"

CAUSE NO. 2002-01-153-E

| | |
|---|---|
| NORMA ORTIZ and CATALINA GARCIA § | THE 357TH DISTRICT COURT |

NORMA ORTIZ and CATALINA GARCIA §
　　　　　　　　　　　　　　　　　§　　　　THE 357TH DISTRICT COURT
VS.　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
BROWNSVILLE INDEPENDENT　　　　§　　　　OF
SCHOOL DISTRICT, RANDY DUNN,　　§
MARILYN DEL BOSQUE GILBERT,　 . §
NOE SAUCEDA,and EDDIE ERRISURIZ, §
in their official and  individual capacity, and §
employees, agents, and all those acting in　§
concert or at their discretion　　　　　§　　　　CAMERON COUNTY, TEXAS

## <u>ORDER GRANTING DEFENDANTS' "NO EVIDENCE" MOTION<br>FOR SUMMARY JUDGMENT UNDER RULE 166a(i)</u>

On this day came on to be heard the No Evidence Motion for Summary Judgment under Rule

166a(i) filed by Defendants RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, and

Plaintiffs' Response thereto.  The Court, having reviewed and considered the said Motion, the

summary judgment evidence and the arguments of counsel, and having reviewed the items on file

herein, is of the opinion that said Motion should be GRANTED.  Therefore, it is hereby

ORDERED that Defendants' No Evidence Motion for Summary Judgment be and the same

is hereby GRANTED.  It is further

ORDERED, ADJUDGED and DECREED that Plaintiffs take nothing against Defendants,

RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, that all of Plaintiffs' claims be and the

same are hereby DENIED, and that all relief requested by Plaintiffs be and the same is hereby

DENIED.

SIGNED this 12 day of _Sept_, 2002.

_____

ROLANDO OLVERA, DISTRICT JUDGE
357th JUDICIAL DISTRICT COURT

9/13/02
COPIES TO:
HON JOE DE LOS SANTOS
HON MICHAEL PRUNEDA

FILED ___4:30___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 1 2 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

-2-

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | § | THE 357ᵀᴴ DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | OF |
| SCHOOL DISTRICT, RANDY DUNN, | § | |
| MARILYN DEL BOSQUE GILBERT, | § | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, | § | |
| in their official and individual capacity, and | § | |
| employees, agents, and all those acting in | § | |
| concert or at their discretion | § | CAMERON COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' STANDARD
## MOTION FOR SUMMARY JUDGMENT UNDER RULE 166a

On this day came on to be heard the Standard Motion for Summary Judgment under Rule 166a filed herein by Defendants, RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, and Plaintiffs' Response thereto. The Court, having reviewed and considered the said Motion, the summary judgment evidence and the arguments of counsel, and having reviewed the items on file herein, is of the opinion that said Motion should be GRANTED. Therefore, it is hereby

ORDERED that Defendants' Standard Motion for Summary Judgment be and the same is hereby GRANTED. It is further

ORDERED, ADJUDGED and DECREED that Plaintiffs take nothing against Defendants, RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, that all of Plaintiffs' claims be and the same are hereby DENIED, and that all relief requested by Plaintiffs be and the same is hereby DENIED.

SIGNED this 12 day of _____Sept_____, 2002.


_____
ROLANDO OLVERA, DISTRICT JUDGE
357th JUDICIAL DISTRICT COURT

9/13/02
COPIES TO:
HON JOE DE LOS SANTOS
HON MICHAEL PRUNEDA

FILED 4:30 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

SEP 1 2 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

-2-