/7

# WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE, P.C.

### ATTORNEYS AT LAW

AUSTIN • SAN ANTONIO • IRVING

United States District Court
Southern District of Texas
FILED

MAR 0 6 2003

Michael N. Milby
Clerk of Court

March 5, 2003

Hon. Andrew S. Hanen
Judge, U. S. District Court
U.S. District Courthouse
Southern District of Texas-Brownsville Division
1158 Federal Building
600 E. Harrison, lst Floor
Brownsville, Texas 78520

*Via Lone Star Overnight Delivery*
*Airbill No 27850915*

> Re:    Civil Action No. B-02-184, *Norma Ortiz, et al vs. Brownsville Indep. Sch. Dist., et al*, in the United States District Court for the Southern District of Texas, Brownsville Division.
>
> Response to Plaintiff's assertion of federal claims against Noe Sauceda, Randy Dunn and Eddie Errisuriz.

Dear Judge Hanen:

This letter brief is filed in response to the document filed by Plaintiffs on February 13, 2003, in response to the Court's request for information regarding the status of claims against the above-named individuals. To summarize, it is our position that all claims against Messr's Sauceda, Dunn and Errisuriz have been disposed of by the 357th District Court. This contention is based on the following:

Plaintiffs' assertions are essentially that since they have alleged more claims in their Third Amended Petition than in their prior pleadings, some claims must necessarily have survived the State District Court's granting of summary judgment. This explanation is not sufficient in that it ignores both the clear language of the Orders granting summary judgment and omits a significant portion of the procedural history before the 357th District Court.

This action was commenced on January 11, 2002, in the 357th Judicial District Court of Cameron County, as Cause No. 2002-01-153-E. "Standard" and "No Evidence" Motions for Summary Judgment were filed on July 12, 2002 on behalf of the School District and the individual defendants seeking to dismiss all of Plaintiffs' claims. The Motions were scheduled for hearing before the 357th District Court on September 3, 2002. On August 27, 2002, the last possible day to file an amended pleading before the summary judgment hearing without leave of court, Plaintiffs filed their Third Amended Petition. This pleading asserted federal claims for the first time in the state case.

Hon. Andrew S. Hanen
Civil Action No. B-02-184
Page 2

Defendants were served with a copy of this document by mail and did not receive the document until the day of the hearing. As the Court is aware from reviewing the remand issue, the individual Defendants went forward with their Motions on September 3, asserting both a lack of evidence to support Plaintiffs' claims and asserting that the pleadings failed to state a viable cause of action.

Also on September 3, 2003, Defendants filed their Motion to Strike Plaintiffs' Third Amended Petition on grounds that said Petition constitutes unfair and unwarranted surprise in this matter. In support of these assertions, the pleading also outlined other questionable procedural practices by Plaintiffs. A copy of the Motion to Strike is attached as Exhibit A.

Importantly, on September 12, 2002, the 357th District Court entered its Order dismissing all claims against Defendants Sauceda, Dunn and Errisuriz on the basis of both the "Standard" Motion for Summary Judgment and the "No Evidence" Motion for Summary Judgment. Copies of the Orders are attached as Exhibits B and C. Plaintiffs did not file a response to Defendants' Motion to Strike until September 16, 2002, four days after entry of judgment. *See*, Attachment D.

The Orders signed by Judge Olvera are unambiguous on their face in that they dispose of *all claims* against the three individual defendants. To avoid this result, Plaintiffs rely on the general rule that a trial court is without authority to grant more relief than is requested in a summary judgment pleading. This position assumes, however, that the Court was considering Plaintiffs' Third Amended Petition as the relevant pleading when considering Defendants' Motions for Summary Judgment.

The 357th District Court could have left the litigants with a clearer record, in that the Court did not by specific order grant or deny Defendants' Motion to Strike. However, it appears that the Court did grant the Motion to Strike *sub silentio* based on the facts and procedural history of the case:

•   Based on the hearing transcript, provided to this Court, Judge Olvera was aware at the time of hearing that a Third Amended Petition had been filed, and that the pleading contained new claims;

•   It can be assumed that the Court is aware of the standards for granting summary judgment;

•   Prior to ruling on the Motions for Summary Judgment the Court was in possession of a Motion to Strike complaining of entirely new causes of action filed just prior to hearing; and,

•   The Motion to Strike was unopposed until *after* Plaintiffs' claims were dismissed.

Hon. Andrew S. Hanen
Civil Action No. B-02-184
Page 3

In light of these factors, it is more logical to presume that the Court reviewed the Motions for Summary Judgment in light of the pleadings to which they were specifically addressed than to presume the Court went beyond the four corners of Defendants' Motions for Summary Judgment and granted additional relief. That is, the former is the relief expressly requested in the unopposed Motion to Strike and is a matter committed to the sound discretion of the trial judge.

In the instant case, this Court, under the principles of "law of the case," should decline to disturb the Orders disposing of *all claims* against the three individual defendants. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988); *McIntyre v. K-Mart Corp.*, 794 F.2d 1023 (5th Cir. 1986). As the United States Supreme Court has explained, by providing that the state court proceedings are effective in federal court, judicial economy is promoted and the rights of the parties are protected. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974). Plaintiffs have had sufficient opportunity to assert their claims against Noe Sauceda, Randy Dunn and Eddie Errisuriz. Plaintiffs' state law claims against these individuals have been found lacking in any basis in fact or law and have been dismissed accordingly. Plaintiffs' federal claims as to the individuals are now barred. To the extent Plaintiffs now wish to argue procedural deficiencies, it is urged that their appropriate remedy lies with the appellate courts.

Alternatively, Messr's Sauceda, Dunn and Errisuriz request that this Court take up the individuals Motion to Strike Plaintiffs' Third Amended Petition. As this Court is aware, the general rule is that once a state court action is removed, it is governed by federal, not state procedural rules. *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025. Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course; after that amendment, a party must request leave of court to file an amended pleading. *See Crim*, 147 F.3d at 547-48. The rule states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court, however, has stated that leave to amend need not be given if there is an apparent reason not to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility[1] of amendment." *Forman v. Davis*, 371 U.S. 178, 182, (1962).

---

[1] The Texas Supreme Court has determined on several occasions that the Texas Bill of Rights affords protection greater than provided by the United States Constitution. *See, e.g., LeCroy v. Hanlon*, 713 S.W. 2d 335, 338 (Tex. 1986). It is clear that the 357th District Court reviewed and analyzed Plaintiffs' Texas Constitutional claims and dismissed these claims with prejudice as to each individual. In light of the foregoing, the individuals maintain that Plaintiffs' Third Amended Original Petition is futile. Moreover, the individual have attached copies of Plaintiffs' Motion for Continuance and the Defendants' Response thereto to illustrate the discovery conducted in the state action and the level of evidence provided by the respective Plaintiffs. Exhibits E and F.

Hon. Andrew S. Hanen
Civil Action No. B-02-184
Page 4

The above-referenced individuals pray that Plaintiffs' **Third** Amended Original Petition be stricken in its entirety as to said individuals. It is clear from the individuals Motion to Strike that Plaintiffs' Third Amended Petition constitutes unfair and unwarranted surprise and demonstrates lack of diligence on the part of the Plaintiffs as the Petition had been filed at the "eleventh hour" clearly as a means of avoiding the merits of Defendants' Motions for Summary Judgment. *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311 (5th Cir. 1996). As noted, Plaintiffs had, until one week before the hearing on Defendants' Dispositive Motions, scrupulously avoided any inference that Plaintiffs intended to pursue any federal claims and expressly denied any intent to do so. In light of the foregoing, this Court should strike Plaintiffs' Third Amended Original Petition as to the individuals.

Thank you for your consideration of these matters. If additional information or briefing would be of assistance, please do not hesitate to contact me.

Sincerely,

Joe A. De Los Santos
Attorney-in-Charge
State Bar No. 24007100
Admission No. 24370

ATTORNEYS FOR DEFENDANT
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT

Enclosures:   Exhibit A – Defendants' Motion to Strike Plaintiffs' Third Amended Petition
Exhibit B – Order Granting "Standard" Motion for Summary Judgment
Exhibit C – Order Granting "No Evidence" Motion for Summary Judgement
Exhibit D – Plaintiffs' Response to Motion to Strike
Exhibit E _ Plaintiffs' Motion for Continuance
Exhibit F _ Defendants' Response to Plaintiffs' Motion for Continuance

JAD/stv
cc:          Michael Pruneda       **CERTIFIED MAIL # 7002 2410 0005 3140 0953 RRR**
The Pruneda Law Firm, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

## CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| **NORMA ORTIZ, *ET AL*** | § | **IN THE 357TH DISTRICT** |
| | § | |
| *vs.* | § | **COURT OF** |
| | § | |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT, *ET AL*** | § | **CAMERON COUNTY, TEXAS** |

### MOTION TO STRIKE PLAINTIFFS' THIRD AMENDED PETITION

1.      Defendants Randy Dunn, Noe Sauceda and Eddie Errisuriz move the Court for an order striking Plaintiffs' Third Amended Petition as to said defendants, and in support thereof would show as follows:

2.      This case was commenced by Plaintiffs' Original Petition, filed on or about January 11, 2002. Paragraph VI of said Petition included the statement that "Plaintiffs hereby give notice to all that they only allege state claims in this suit and specifically exclude *and do not intend to litigate herein,* any federal cause of action. *The only causes of action that they intend to litigate in this Court are those concerning rights arising under the laws of the sovereign State of Texas.*" [emphasis supplied]

3.      Plaintiffs' First Amended Original Petition was thereafter filed on or about June 26, 2002. Paragraph VI of said pleading again included the statement that "Plaintiffs hereby give notice to all that they only allege state claims in this suit and specifically exclude and do not intend to litigate herein, any federal cause of action. The only causes of action that they intend to litigate in this Court are those concerning rights arising under the laws of the sovereign State of Texas."

# EXHIBIT A

4.    On or about July 12, 2002, Defendants filed their Motion for Summary Judgment and "No Evidence" Motion for Summary Judgment" seeking dismissal of all of Plaintiffs' claims. Hearing on said Motions were scheduled for hearing before the Court on September 3, 2002.

5.    On or about August 27, 2002, seven days before the hearing on Defendants' Motions for Summary Judgment, Plaintiffs filed their Third Amended Original Petition in this matter. [No Second Amended Original Petition appears in the record.] Such pleadings include claims arising under federal law, including claims premised on Title 42 U.S.C. § 1983, and other new theories of liability arising under Texas law.

6.    While the Certificate of Service in Plaintiffs' latest petition indicates that the pleading was served on counsel on August 27, 2002, prior to the three day Labor Day holiday, such pleading was not received in the offices of counsel for Defendants until Tuesday, September 3, 2002.   This is not the first time counsel for Plaintiffs has attempted to use delay in mail transmission to his advantage.   The Court is asked to take notice of Defendants' Response to Plaintiffs' Motion for Continuance wherein Defendants demonstrated that Plaintiffs' Certificate of Service indicated a service date of July 19, 2002, but that the postmark on the envelope containing the Motion was July 30, 2002, an unexplained delay of nearly two weeks.

7.    Defendants would show that Plaintiffs' Third Amended Original Petition constitutes unfair and unwarranted surprise in this matter, and has been filed at the "eleventh hour" as a means of avoiding the merits of Defendants' Motions for Summary Judgment.   Plaintiff has, until one week before the hearing on Defendants' Motions, scrupulously avoided any inference that Plaintiffs intended to pursue any federal claim, and has expressly denied any intent to do so. Plaintiffs' depositions have been taken in this matter on July 22, 2002 without the benefit of any pleadings asserting federal claims, and therefore with no reason for Defendants to seek

deposition testimony with which to challenge such claims. It defies credibility that the timing of Plaintiffs' "change of heart" regarding federal causes of action and other new theories of liability is coincidental.

8.    While a party does not need to seek leave to file an amended pleading seven days before trial, the right to do so is by no means unlimited where the amendment constitutes surprise and/or prejudice. *See,* Tex. R. Civ. P. 70 [permitting courts to assess costs associated surprise pleadings and to "make such other order with respect thereto as may be just."]; TEX. R. CIV. P. 63; TEX. CIV. P. 66. *See also, Stevenson v. Koutzarov,* 795 S.W.2d 313, 321 (Tex. App.— Houston [14th Dist.] 1990, writ denied) (pretrial amendment adding causes of action should have been struck because it was not based on newly discovered matters).

9.    For the foregoing reasons, the Defendants request that the Court strike the Plaintiffs' Third Amended Petition as it constitutes surprise and the amendment asserts new causes of action and, therefore, is prejudicial on its face. *Hardin v. Hardin,* 597 S.W.2d 347 ( Tex. 1980) (if the amended pleading was a substantive change, on appeal, the burden is on the party who received the adverse ruling to show that the court abused its discretion); *State Bar v. Kilpatrick,* 874 S.W.2d 656, 658 (Tex. 1994) .

Wherefore, premises considered, Defendants pray that Plaintiffs' Third Amended Original Petition be stricken in its entirety and that such pleadings not be considered in conjunction with Defendants Motions for Summary Judgment. Defendants further request such other and further relief to which they may be justly entitled.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
SCHULZE & ALDRIDGE, P.C.
70 NE Loop 410, Suite 800
San Antonio, Texas 78216
TEL NO. (210) 979-6633
FAX NO. (210) 979-7024

By:
JOE A. DE LOS SANTOS
State Bar No. 24007100

DANIEL M. "MATT" BURNS
State Bar No. 03443900

ATTORNEYS FOR DEFENDANTS
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT, ET. AL.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' ~~Objections and~~ Motion to Strike Plaintiffs' ~~Summary Judgment Evidence~~ has been served via ~~hand delivery~~ on this 3rd day of September, 2002:

Michael Pruneda
The Pruenda Law Firm, P.L.L.C
P.O. Box T
Pharr, Texas 78577

*Third Amended Petition*

*↳ certified mail*

JOE A. DE LOS SANTOS

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ, *ET AL* | § | IN THE 357TH DISTRICT |
| | § | |
| *vs.* | § | COURT OF |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, *ET AL* | § | CAMERON COUNTY, TEXAS |

## ORDER ON DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION

On this day came on to be considered the Motion to Strike Plaintiffs' Third Amended Original Petition filed herein by Defendants Randy Dunn, Noe Sauceda and Eddie Errisuriz.  The Court, having reviewed the Motion, the time of filing of the amended pleading at issue, and the remaining pleadings in this matter, is of the opinion that the Motion is meritorious and should be GRANTED.  It is therefore:

ORDERED, that Plaintiffs' Third Amended Original Petition be and hereby is

STRICKEN.

_____                           _____
Date Signed                              Judge Presiding



Copy

CAUSE NO. 2002-01-153-E

| | |
|---|---|
| NORMA ORTIZ and CATALINA GARCIA § | THE 357TH DISTRICT COURT |

NORMA ORTIZ and CATALINA GARCIA §
                                 §            THE 357TH DISTRICT COURT
                                 §

VS.                                 §
                                 §

BROWNSVILLE INDEPENDENT       §             OF
SCHOOL DISTRICT, RANDY DUNN,    §
MARILYN DEL BOSQUE GILBERT,   §
NOE SAUCEDA,and EDDIE ERRISURIZ, §
in their official and  individual capacity, and §
employees, agents, and all those acting in  §
concert or at their discretion            §            CAMERON COUNTY, TEXAS

## ORDER GRANTING DEFENDANTS' STANDARD
## MOTION FOR SUMMARY JUDGMENT UNDER RULE 166a

On this day came on to be heard the Standard Motion for Summary Judgment under Rule 166a filed herein by Defendants, RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, and Plaintiffs' Response thereto.  The Court, having reviewed and considered the said Motion, the summary judgment evidence and the arguments of counsel, and having reviewed the items on file herein, is of the opinion that said Motion should be GRANTED.  Therefore, it is hereby

ORDERED that Defendants' Standard Motion for Summary Judgment be and the same is hereby GRANTED.  It is further

ORDERED, ADJUDGED and DECREED that Plaintiffs take nothing against Defendants, RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, that all of Plaintiffs' claims be and the same are hereby DENIED, and that all relief requested by Plaintiffs be and the same is hereby DENIED.

# EXHIBIT B

SIGNED this _12_ day of _____Sept_____, 2002.


ROLANDO OLVERA, DISTRICT JUDGE
357th JUDICIAL DISTRICT COURT

9/13/02
COPIES TO:
HON JOE DE LOS SANTOS
HON MICHAEL PRUNEDA

FILED _4:30_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

SEP 1 2 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

-2-



CAUSE NO. 2002-01-153-E

| | |
|---|---|
| NORMA ORTIZ and CATALINA GARCIA § | THE 357TH DISTRICT COURT |
| § | |
| VS. § | |
| § | |
| BROWNSVILLE INDEPENDENT § | OF |
| SCHOOL DISTRICT, RANDY DUNN, § | |
| MARILYN DEL BOSQUE GILBERT, § | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, § | |
| in their official and individual capacity, and § | |
| employees, agents, and all those acting in § | |
| concert or at their discretion § | CAMERON COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' "NO EVIDENCE" MOTION
## FOR SUMMARY JUDGMENT UNDER RULE 166a(i)

On this day came on to be heard the No Evidence Motion for Summary Judgment under Rule 166a(i) filed by Defendants RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, and Plaintiffs' Response thereto. The Court, having reviewed and considered the said Motion, the summary judgment evidence and the arguments of counsel, and having reviewed the items on file herein, is of the opinion that said Motion should be GRANTED. Therefore, it is hereby

ORDERED that Defendants' No Evidence Motion for Summary Judgment be and the same is hereby GRANTED. It is further

ORDERED, ADJUDGED and DECREED that Plaintiffs take nothing against Defendants, RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, that all of Plaintiffs' claims be and the same are hereby DENIED, and that all relief requested by Plaintiffs be and the same is hereby DENIED.

# EXHIBIT C

SIGNED this 12 day of _Sept_ , 2002.

ROLANDO OLVERA, DISTRICT JUDGE
357th JUDICIAL DISTRICT COURT

9/13/02
COPIES TO:
HON JOE DE LOS SANTOS
HON MICHAEL PRUNEDA

FILED ___4:30___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 12 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

-2-

CAUSE NO. 2002-01-153-E

| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357ᵗʰ DISTRICT COURT |
|---|---|---|
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, *and employees, agents, and all* | ♦ | |
| *those acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

---

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE AMENDED PETITION

---

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COME, the Plaintiffs NORMA ORTIZ and CATALINA GARCIA, and file the following arguments, objections, points of law and further point to evidence in response to Defendants' Motion to Strike and Plaintiffs' Motion For Sanctions in accordance with the inherent judicial powers of this court and under Texas Govt. Codes §21.002 and §82.061 and would further show unto the court the following:

I.

Defendants attempt to strike Plaintiffs' latest live pleading is not based on any justifiable reason nor Surprise as such pleading was filed at least 7 days before the summary judgment hearing.

TRCP 63 states as follows:

> Parties may amend their pleadings . . . by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; *provided, that any pleadings. . .offered for filing within seven days of the date of trial or thereafter . . . shall be filed only after leave of the judge is obtained.*

Plaintiff's latest pleading, Plaintiffs' Second Amended Original Petition (mistakenly named "Plaintiffs' Third Amended OriginalPetition") was filed at least severn (7) days before the summary judgment hearing. Such pleading was filed on August 27, 2002. *(See Exhibit A)* The summary



EXHIBIT D

judgment hearing was set for argument on September 3, 2002. Such pleading was timely filed. *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995).

II.

Defendants' attempt to strike said pleading for what they allege to be "unfair and unwarranted surprise in this matter, and has been filed at the 'eleventh hour' as a means of avoiding the merits of Defendants' Motion for Summary judgment. " Such argument is not supported by the facts nor the pleadings and contentions in the possession of Defendants. Defendants' further allege that such acts by Plaintiffs' "scrupulously avoided any inference that Plaintiffs' intended to pursue any federal claim"

The actual and undisputed evidence indicates that Defendants were put on notice of Plaintiffs' federal claims when they were served with <u>Plaintiffs' Fourth Supplemental Response to Defendants' Request for Disclosures</u> on August 12, 2002. *(See Exhibit B)* Under 194.2(c), Plaintiffs' alleged that they were seeking claims for *"violations of the laws and Constitutions of the United States and Texas"*

As a result, Defendants have attempted to mislead this court so that they could avoid liability, based on the claims set out by Plaintiffs'. Such arguments by Defendants are a last desperate attempt to prevail in a case without having to go to trial.


WHEREFORE PREMISES CONSIDERED, Plaintiffs pray upon final hearing, the Court deny Defendants' Motion To Strike, and and such other and further relief to which Plaintiffs may be justly entitled to, both in law and in equity.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above has this day been delivered to the following attorney of record:

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

SIGNED this _16_ day of _Sept_, 2002.

_____
MICHAEL PRUNEDA

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ◆ | IN THE 357th DISTRICT COURT |
| | ◆ | |
| V. | ◆ | |
| | ◆ | |
| | ◆ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ◆ | OF |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ◆ | |
| and EDDIE ERRISURIZ, in their official and | ◆ | |
| individual capacity, *and employees, agents, and all* | ◆ | |
| *those acting in concert or at their discretion* | ◆ | CAMERON COUNTY, TEXAS |

ORDER DENYING DEFENDANTS'
MOTION TO STRIKE

On this day came to be considered the Defendants' Motion to Strike, the Court after reviewing

the motion, response and arguments of counsel, if any, is of the opinion that the motion should be

DENIED.

It is THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion to

Strike is hereby DENIED.

SIGNED this ____ day of _____, 2002.


_____
JUDGE PRESIDING


Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

"A"

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357ᵗʰ DISTRICT COURT |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, NOE SAUCEDA | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, *and employees, agents, and all* | ♦ | |
| *those acting in concert or at their discretion* | ♦ | CAMERON COUNTY, TEXAS |

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
AUG 27 2002
DISTRICT COURT IF CAM___ COUNTY, TEX.
___ DEPUT.

## PLAINTIFFS' THIRD AMENDED—
### *ORIGINAL PETITION*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, PLAINTIFFS NORMA ORTIZ and CATALINA GARCIA, (hereinafter referred to as "Plaintiffs"), complaining of BROWNSVILLE INDEPENDENT SCHOOL, DISTRICT (Brownsville I.S.D.), RANDY DUNN, NOE SAUCEDA and EDDIE ERRISURIZ, in their official and individual capacity, and employees, agents and all those acting in concert with them or at their discretion, (hereinafter called by name or referred to as "Defendants"), and for such causes of action shows unto the court the following:

I.
DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

II.
PARTIES

Plaintiff, NORMA ORTIZ, is a resident of Cameron County, Texas.

Plaintiff, CATALINA GARCIA, is a resident of Cameron County, Texas.

Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, is a governmental entity operating under color of state law that has been served and thereafter appeared and answered.

Defendant, RANDY DUNN, is a resident of Cameron County, Texas acting at times under color of state law and has been served and appeared herein.

Defendant, EDDIE ERRISURIZ, is a resident of Cameron County, Texas acting at times under color of state law has been served and appeared herein.

Defendant, NOE SAUCEDA, is a resident of Cameron County, Texas acting at times under color of state law has been served and appeared herein.

"B"

THE PRUNEDA LAW FIRM, P.L.L.C.

Case 1:02-cv-00184    Document 17    Filed in TXSD on 03/06/2003    Page 22 of 84

344 E. Nolana Loop 803
P.O. Box 2
Pharr, Texas 78577-1220

Office (956) 702-9675
Fax (956) 702-9659

August 9, 2002

*Via CM, RRR*
*7001 0320 0002 7226 7407*

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

Re:    *Norma Ortiz and Catalina Garcia v. Brownsville Independent School District;*
       Cause No. 2002-01-153-E

Dear Mr. De Los Santos:

    Enclosed, please find the following supplemental discovery responses along with attachments.

    (1)    Plaintiffs' Third Supplemental Response to Defendants' Discovery Requests; and

    (2)    Plaintiffs' Fourth Supplemental Response to Defendants' Request for Disclosures.

    Should you have any questions, please do not hesitate to call.

              Sincerely,

              THE PRUNEDA LAW FIRM, P.L.L.C.

              Michael Pruneda

Enclosures/ Attachments

CAUSE NO. <u>2002-01-153-E</u>

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ✦ | IN THE <u>357th</u> DISTRICT COURT |
| | ✦ | |
| V. | ✦ | |
| | ✦ | |
| | ✦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ✦ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ✦ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ✦ | |
| and EDDIE ERRISURIZ, in their official and | ✦ | |
| individual capacity, and employees, agents, and all | ✦ | |
| those acting in concert or at their discretion | ✦ | CAMERON COUNTY, TEXAS |

**PLAINTIFFS' FOURTH SUPPLEMENTAL RESPONSE TO DEFENDANTS'**
**REQUEST FOR DISCLOSURES**

TO:    Defendants by and through their attorneys of record:

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

COMES NOW, Plaintiff Norma Ortiz and Catalina Garcia, supplementing their responses

to Defendants' requests pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

By: _____
*MICHAEL PRUNEDA*
State Bar No.  24025601

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel of record as noted below:

Signed on this the ___ day of _August_, 2002:

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

Michael Pruneda

<u>SUPPLEMENTAL DISCOVERY RESPONSES</u>

# <u>RULE 194.2</u>

(c)    Contentions

<u>RESPONSE:</u>

The facts plead support the following causes of action against the Defendant B.I.S.D. for violations of the laws and Constitutions of the United States and Texas and against the individual Defendants for invasion of privacy and intentional infliction of emotional distress.

The Plaintiffs generally allege that Defendant Brownsville I.S.D. and Defendants Randy Dunn, Noe Sauceda, Marilyn Del Bosque-Gilbert, Eddie Errrisuriz, in their official capacity, unlawfully subjected them to political discrimination based on their political speech, political associations, and candidacy resulting in adverse employment actions to Plaintiffs in that they were demoted, threatened, intimidated, excluded, refused employment, and prevented from speaking on matters of public concern.

The Plaintiffs generally allege that Defendants Randy Dunn, Noe Sauceda, Marilyn Del Bosque-Gilbert, Eddie Errrisuriz, jointly and severally, unlawfully subjected them to severe emotional distress resulting from their extreme and outrageous conduct in speaking with community citizens about Plaintiffs and that they should stay away from them. These Defendants additionally unlawfully invaded Plaintiffs' privacy in that their personal, social, and employment relationships with persons were threatened and interfered with by communicating verbal and written threats and innuendo knowing that such actions would cause harm to Plaintiffs.

Plaintiff is not required to marshal all evidence that may be offered at trial or to brief legal issues. T.R.C.P. 194.2(c)

(e)    Fact Witnesses

<u>RESPONSE:</u>

Catalina Garcia
3144 E. 19th
Brownsville, Texas
541-7200

Plaintiff will testify as to facts made the basis of this cause of action, including but not limited to: employment background, electoral candidacy, investigations and complaints, and meetings, hiring practices, employment/ personnel vacancies, complaints, admissions/statements of Defendants/ third parties, and her physical/ mental state, and economic injury.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joe De los Santos
Walsh, Anderson, Brown,
Schulze et Aldridge
100 NE Loop 410, Suite 1000
San Antonio, Tx 78216

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
8/12/02

C. Signature
X ☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail     ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)

7001 0320 0002 7226 7407

PS Form 3811, March 2001     Domestic Return Receipt     102595-01-M-1424

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357th DISTRICT COURT |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ♦ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, and employees, agents, and all | ♦ | |
| those acting in concert or at their discretion | ♦ | CAMERON COUNTY, TEXAS |

## **PLAINTIFFS' MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiffs NORMA ORTIZ and CATALINA GARCIA, and file the following Motion for Continuance in accordance with T.R.C.P. 251, in addition to all evidence that is attached and incorporated by reference, arguments, opinions, and legal authority, and show unto the court the following:

I.

On or about July 12, 2002, Defendants filed their Rule 166a(i) No Evidence Motion for Summary Judgment and Defendants' Standard Motion for Summary Judgment. Plaintiffs ask that this court continue any and all deadlines and hearings relating to said motions as Plaintiffs have not had an adequate and reasonable time to conduct discovery. (See Exhibit A)

II.

The Plaintiffs have actively and diligently participated in this litigation through the discovery process. Plaintiffs' initially propounded to Defendant its requests for interrogatories, production, and disclosures at the time of the filing of this civil action. Most recently, Plaintiffs have propounded Plaintiffs' Second Set of Requests for Production and Plaintiffs' Third Set of Requests for Production. No depositions have been taken at this time; however, depositions of both Plaintiffs and Defendant Sauceda have been scheduled for July 22 and 23, 2002. (See Exhibit A)



EXHIBIT E

III.

Plaintiffs have requested that Defendants provide them with dates in which each remaining Defendant will be available for deposition as well as other dates in which Plaintiffs may take the depositions of several non-party witnesses. To date, Plaintiffs have not been provided with these dates. (See Exhibit A)

IV.

Plaintiffs are not making this request solely for delay, but only so that justice will be done. Plaintiffs believe that they have not been given an adequate opportunity for discovery before the filing of Defendants' Motions for Summary Judgment. Because of this, Plaintiffs are entitled to a continuance of said deadlines and hearings on these motions. *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) As such, Plaintiffs ask that this court continue any and all deadlines and hearings related to Defendants' motions until their discovery is complete.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs pray that upon final hearing or consideration, the court grant the Continuance, and thereby continue any and all deadlines and hearing on Defendants' Motion for Summary Judgment so that justice will be done.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

forwarded to the following as noted below:

Signed on this the 19 day of July, 2002:

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

Michael Pruneda

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357th DISTRICT COURT |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ♦ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, and employees, agents, and all | ♦ | |
| those acting in concert or at their discretion | ♦ | CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING

IT IS ORDERED that Plaintiffs' Motion for Continuance is hereby set for hearing on the

_____ day of _____, 2002 at _____ o'clock ____.m. in the courtroom of the 357th

Judicial District Court of Cameron County, Texas.

IT IS FURTHER ORDERED that the clerk of this court notify all parties of this hearing.


Signed on this _____ day of _____, 2002.



_____
JUDGE PRESIDING


Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ◆ | IN THE 357ᵗʰ DISTRICT COURT |
| | ◆ | |
| V. | ◆ | |
| | ◆ | |
| | ◆ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ◆ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ◆ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ◆ | |
| and EDDIE ERRISURIZ, in their official and | ◆ | |
| individual capacity, and employees, agents, and all | ◆ | |
| those acting in concert or at their discretion | ◆ | CAMERON COUNTY, TEXAS |

## ORDER

On the _____ day of _____, 2002 came to be considered Plaintiffs' Motion for

Continuance, and the court having considered the Motion, is of the opinion that the same should be

granted.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Plaintiffs'

Motion for Continuance be granted.

Signed on this _____ day of _____, 2002.


_____
**JUDGE PRESIDING**


Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

# EXHIBIT A

AFFIDAVIT

THE STATE OF TEXAS                    ◆
                                      ◆
COUNTY OF HIDALGO                     ◆

     Before me, the undersigned Notary Public, on this day personally appeared, MICHAEL PRUNEDA, known by me to be the person whose name is subscribed to the foregoing instrument and, after being by me duly sworn, stated as follows:

     "My name is Michael Pruneda.  I am at least 18 years of age and competent to make this affidavit.  I have personal knowledge of the facts set forth herein and they are true and correct.

     "I represent Plaintiffs Norma Ortiz and Catalina Garcia in C-2002-01-153-E; *Norma Ortiz and Catalina Garcia v. Brownsville Independent School District, et al.*  As attorney for the Plaintiffs, various documents and things have been requested through discovery.  Interrogatories, Production, and Disclosures were sent with service of process with the initial filing of this litigation.  Plaintiffs have also propounded Plaintiffs' Second Set of Requests for Production and Plaintiffs' Third Set of Requests for Production.

     "The parties are scheduled to participate in the depositions of both Plaintiffs on July 22, 2002 and of Defendant Noe Sauceda on July 23, 2002.  These depositions were set after many attempts by my office to secure dates and times for the setting of these depositions.  Correspondence was sent to Defendants' legal counsel WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE on June 3, June 19, June 25, June 26, June 28, and July 2 before my office was able to confirm the availability of Defendant Sauceda.  I asked if Defendant Randy Dunn would be available for deposition during this two-day period.  I was told by opposing legal counsel that he was not.

     "I requested that Defendants provide dates in which the remaining Defendants, Randy Dunn, Marilyn Del Bosque-Gilbert, and Eddie Errisuriz will be available for deposition.  I also requested dates in which Plaintiffs could depose several non-party witnesses.  I was informed that they would get back to me.

     "Prior to receiving responsive requests to the second and third production requests and before having the opportunity to take further depositions, I received a copy of two separate motions for summary judgment.  Defendants filed their Rule 166a(i) No Evidence Motion for Summary Judgment and Defendants' Standard Motion for Summary Judgment on or about July 12, 2002.

     "Plaintiffs have not had adequate time and opportunity to fully discover the evidence in this case.  Plaintiffs are continuing to wait for responsive documents and things pursuant to written discovery.

Plaintiffs also have not been given adequate time and opportunity to depose the Defendants and witnesses.

      "Plaintiffs should be given more time to discover evidence prior to the setting of any hearings on Defendants' motions for summary and any and all deadlines relating to said motions should also be continued.  Plaintiffs are not asking this court to continue these matters solely to delay, but only so that justice will be done."

                                 MICHAEL PRUNEDA

Subscribed and sworn to before me on the ___19th___ day of ___July___, 2002, to certify which witness my hand and official seal.

                    NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

                    Armando A. Garza
(Printed Name of Notary Public)

Armando A. Garza
Notary Public, State of Texas
My Commission Expires
OCTOBER 21, 2002

My Commission Expires on:

Oct. 21, 2002

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA § | | THE 357TH DISTRICT COURT |
| § | | |
| VS. § | | |
| § | | |
| BROWNSVILLE INDEPENDENT § | OF | |
| SCHOOL DISTRICT, RANDY DUNN, § | | |
| MARILYN DEL BOSQUE GILBERT, § | | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, § | | |
| in their official and individual capacity, and § | | |
| employees, agents, and all those acting in § | | |
| concert or at their discretion § | | CAMERON COUNTY, TEXAS |

FILED _9:00_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK
AUG 2 7 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes the Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque Gilbert, Noe Sauceda and Eddie Errisuriz (hereinafter, "the Defendants"), in all capacities in which said Defendants have been sued, and file their Response to Plaintiffs' Motion for Continuance and in support thereof, respectfully shows the Court as follows:

## I.
## INTRODUCTION

This action was commenced on January 11, 2002, in the 357th Judicial District Court of Cameron County, as Cause No. 2002-01-153-E. Plaintiff Ortiz and Garcia filed this action against the Defendants alleging unlawful employment retaliation in violation of Article I, Section 8 of the Texas Constitution. Defendants timely filed an answer with the Court on February 5, 2002, categorically denying any wrongdoing in this matter. On June 26, 2002, Plaintiffs filed an Amended Petition to add two causes of action, Intentional Infliction of Emotional Distress and Invasion of Privacy against the individual Defendants. On July 8, 2002, the Defendants timely filed an answer, once again, categorically denying these allegations.

## EXHIBIT F


On or about July 16, 2002, Defendants filed a No-Evidence Motion for Summary Judgment and a Standard Motion for Summary Judgment. This Court set Defendants' Motion(s) for Summary Judgment for hearing on August 22, 2002. On July 23, 2002, Plaintiffs filed their Motion for Continuance requesting that the hearing on Defendants' Motion for Summary Judgment be continued. Plaintiffs' claims that they have not had adequate or reasonable time to conduct discovery. (See Plaintiffs' Motion for Continuance). The Defendants would respectfully ask this Court to deny Plaintiffs' Motion for Continuance and would show that Plaintiffs' have not shown the requisite cause for such a continuance.

## II.
## ARGUMENT & AUTHORITIES

A Court can grant a continuance for additional testimony **_only_** if the motion for continuance includes the following: (1) a description of the testimony needed; (2) the identification and residence of the person from which the testimony is sought; (3) the materiality of the testimony; (4) a description of the diligence used to secure the evidence; and (5) the cause, if known, of the failure to secure the testimony earlier. Tex. R. Civ. P. 252; _State v. Wood Oil Distrib., Inc._, 751 S.W.2d 863, 865 (Tex. 1988); _Grace v. Duke_, 54 S.W.3d 338, 343 (Tex. App.—Austin 2001, pet. denied); Aguilar v. Alvarado, 39 S.W.3d 244, 249 (Tex. App.—Waco 1999, pet. denied). When requesting a continuance on a motion for summary judgment hearing on grounds other than lack of the required 21 days' notice, the party requesting the continuance must present **_specific grounds_** to support the continuance. Tex. R. Civ. P. 166(a)(g) and 252. In general, allegations that the attorney has personal matters, other cases, and insufficient time to prepare for the summary judgment hearing are not enough. _Cronen v. Nix_, 611 S.W.2d 651, 653 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd

n.r.e.). Furthermore, mere conclusory statements about diligence do not satisfy the requirements of Rule 252 of the Texas Rules of Civil Procedure. *Gregg v. Cecil*, 844 S.W.2d 851, 853 (Tex. App.—Beaumont 1992, no writ) (emphasis added).

## A.    PLAINTIFFS' MOTION FOR CONTINUANCE.

In support for their Motion for Continuance, Plantiffs' counsel attaches an affidavit that is riddled with conclusory, self-serving statements of diligence. Plaintiffs' counsel notes that he has served on Defendants Requests for Disclosures, Request for Interrogatories and Three Sets of Production. (See Attorney Michael Pruneda's Affidavit attached to Plaintiffs' Motion for Continuance). Plaintiffs' counsel acknowledges that the parties have taken the depositions of both Plaintiff Ortiz and Garcia on July 22, 2002 and the deposition of Dr. Noe Sauceda on July 23, 2002. (See Attorney Michael Pruneda's Affidavit attached to Plaintiffs' Motion for Continuance). However, before having the opportunity to take further depositions, Plaintiffs' counsel notes he received copies of Defendants Motion(s) for Summary Judgment. (See Attorney Michael Pruneda's Affidavit attached to Plaintiffs' Motion for Continuance). In sum, Plaintiffs' counsel claims that he has not had an adequate time and opportunity to fully discover "the evidence" in this case. (See Attorney Michael Pruneda's Affidavit attached to Plaintiffs' Motion for Continuance).

## B.    PLAINTIFFS HAVE NOT PROVIDED ANY GROUNDS TO SUPPORT THEIR MOTION FOR CONTINUANCE.

Defendants maintain that Plaintiffs have had adequate time and opportunity to fully discover any "evidence" in this case and Plaintiffs' Motion for Continuance is merely another attempt to engage in a "fishing expedition." Before addressing the substance of the Plaintiffs' Motion for Continuance, the undersigned would like to call the Court's attention the fact that Plaintiffs did not

properly serve their Motion for Continuance on the Defendants. Although the certificate of service contained in Plaintiffs' Motion for Continuance indicates that counsel for the Plaintiffs' forwarded a true and correct copy of the above and foregoing document to the undersigned on **July 19, 2002**, it is clear from the postmark attached to Plaintiffs' Motion for Continuance that Plaintiffs' counsel did not forward the same until **July 30, 2002**. (See Defendants' Exhibit A-3). The undersigned did not receive Plaintiffs' Motion for Continuance until August 2, 2002, almost two weeks after Plaintiffs' counsel indicated to the Court that he served the same. (Exhibit A-3).

Notwithstanding that fact, Plaintiffs Motion for Continuance must fail because Plaintiffs' do not describe the testimony they expect to secure through any additional discovery, they do not explain why the testimony is material nor do they show due diligence in this matter. As noted above, this case was filed on January 11, 2002 and almost seven months have passed. Although Plaintiffs' counsel did request the depositions of Dr. Sauceda and some of the other individual defendants in June of 2002, Plaintiffs' counsel conveniently omits the fact that Plaintiffs' refused to provide the Defendants with even the general factual bases for the claims brought against each individual Defendant. As made clear in the correspondence to Plaintiffs' counsel which is attached as Exhibit A-1, the undersigned made clear that it was both unfair and unreasonable to schedule depositions without Plaintiffs providing the general information requested or confirming that the same does not exist. The undersigned made clear to Plaintiffs' counsel that it would agree to depositions as soon as Plaintiffs' provided the information requested. (Exhibit A-1). In particular, Defendants sought the audiotape Plaintiff Catalina Garcia claimed supported the inflammatory allegations launched against Dr. Sauceda in her Original and Amended Petition. Defendants were unable to obtain

Plaintiffs' cooperation and, ultimately, had to request relief from the Court.

On June 27, 2002, the parties went before the Court to resolve these pending discovery disputes. On that day, the Court ordered, among other things, that Plaintiffs supplement or amend their responses to Defendants' Request for Disclosures so as to include a statement of the factual basis of their claims against *each* Defendant and following such disclosure Defendants would make Defendant Dr. Noe Sauceda available for depositions. (Defendants' Exhibit A-2). Although the Defendants have complied with the Court's June 27, 2002 verbal order, to date, Plaintiffs have failed to provide any credible evidence to support the allegations launched against each individual Defendant. As for the "smoking gun" provided by Plaintiff Garcia in discovery, her deposition testimony reveals that the audiotape recording she claims supports the serious allegations against Dr. Sauceda contain no such evidence. On July 22, 2002, Plaintiff Garcia testified:

"MS. GARCIA:      Okay. I'll go ahead and look it up.

Well, anyway, there is an issue that I would like to discuss with you, Mr. President, and some of you board members. **I have this tape. And I was told previously that being a politician, I'll have to pay the price and that's the reason why I might not get hired in the district. Being a citizen from Brownsville, I know that there's been previous board members that are now employed by BISD. I have two conversations here, and I would like for one of you to have the courtesy to call me so you can *listen* to the tape.**

Thank you.

UNIDENTIFIED SPEAKER:      Thank you.

(This is the end of the videotape being played during the deposition.)"

"Q.    (BY MR. BURNS)    Okay.    You made some allegations regarding that audiotape, in particular I believe you said you were told that having been a politician you could not be hired in the district; is that correct?

A.    That is correct.

Q.    Okay.  Had you listened to that - - listened to that tape - -

A.    No, sir.

Q.    - - Before that meeting?

A.    It's been awhile.  And I haven't heard it in a long time.

Q.    But my question is: Did you listen to the tape before that meeting?

A.    Did I listen to the tape before this meeting?

Q.    Yes, ma'am.

A.    No, sir.

Q.    So you didn't really know what was on that tape, did you?

A.    I got to hear some part of it.

Q.    Did you hear the part where you allege Doctor Sauceda told you that being a politician you had to pay the price?

A.    Did I hear the part?  I haven't heard the tape in awhile, sir.  I cannot answer that question.

Q.    Prior to the board meeting, did you hear that specific part where you claim Doctor Sauceda said that having been a politician you had to pay the price or words to that effect?

A.    Prior to the September 15 board meeting?

Q.    Prior to the meeting that we just watched on videotape.

___

*Defendants' Response to Plaintiffs' Motion for Continuance*
*Cause No. 2002-01-153-E*
*Page 6 of 14*

A.    I cannot answer that question.

Q.    Okay.  You don't know whether you had listened to the tape or not?

A.    I cannot recall, sir.

Q.    Okay.  Have you had a chance to listen to the tape since?

A.    No, sir.

Q.    Okay.  Is this the tape that you were discussing in the meeting, this Exhibit number 2?

A.    Yes. sir.

Q.    Okay.  Can you describe when that conversation that was recorded took place?

A.    May the 8th, 2001.

Q.    May the 8th, 2001?

A.    May the 8th, 2001.

Q.    Okay.  Can you tell me when and - - excuse me - - where that conversation took place?

A.    At the BISD building, superintendent's office.

Q.    Okay.  Were there any other persons present in that conversation other than yourself and Doctor Sauceda?

A.    No, sir.

Q.    Okay.  Excuse me.

Do you have any other tapes whether they're in existence now or previously that record conversations with Doctor Sauceda and yourself?

A.    No, sir.

Q.    Okay.  Have you tampered with this tape in any way?

---

*Defendants' Response to Plaintiffs' Motion for Continuance*
*Cause No. 2002-01-153-E*
*Page 7 of 14*

A.    No, sir.

Q.    Has this tape been damaged in any way that you're aware of?

A.    Not that I know.

Q.    Okay.  Do you still contend that that tape contains statements by Doctor Sauceda that you are not going to be hired by the Brownsville ISD because of you political affiliations?

A.    I could not answer that right now, sir." (See Defendants' Exhibit A-4, Portions of Plaintiff Garcia's Depositions Excerpts).

Plaintiff Norma Ortiz also did not provide any support for the serious allegations she has launched against the Defendants.  On July 23, 2002, Plaintiff Ortiz testified:

Q.    Okay.  So is it fair to say that as to Dr. Dunn, Mr. Emmerson, Ms. Gilbert, that they have not contributed to any political retaliation against you?

      MR. PRUNEDA:       Objection, form.

Q.    (BY MR. BURNS)    You - - you can answer if you can.

A.    I don't know.

Q.    You don't know of any actions by any of those three people that constitute political retaliation against you?

            Excuse me.

A.    I don't know.

Q.    Okay.  How about Mr. - -

            (Mr. De Los Santos and Mr. Burns confer.)

Q.    (BY MR. BURNS)    - - Eddie Errisuriz?  Do you know who that is?

A.     Yes.

Q.     Okay.  Is there anything that - - And excuse me.  I'm - - I'm not real good with his last name, so I'm just going to call him "Eddie."

        Is there anything that Eddie has done that you consider to be political retaliation against you?"

A.     No.  "(See Defendants' Exhibit A-5, Portions of Plaintiff Ortiz' Depositions Excerpts)."

[Plaintiff Ortiz' Invasion of Privacy and Intentional Infliction of Emotional District Claim]

"Q.     Tell me, if you can, how - - each incident you claim that Marilyn Del Bosque Gilbert invaded your privacy.

A.     What - -

        MR. PRUNEDA:        Objection, form.

Q.     (BY MR. BURNS)    How do you claim that Ms. Del Bosque Gilbert invaded your privacy?  Or - - or let me rephrase that.

        If you are claiming that she invaded your privacy, how did that  - - how did that come about?

A.     I can't answer that.

Q.     Okay.  How about Randy Dunn?  Can you tell us how Mr. Dunn invaded your privacy?

        MR. PRUNEDA:        Objection, form.

A.     I can't answer that.

Q.     (BY MR. BURNS)    Okay.  How about Mr. Errisuriz?

A.     I can't answer that.

Q.     Okay.  How about Doctor Sauceda?  Can you tell us how Doctor Sauceda invaded your

privacy?

A.     I can't answer that.

Q.     Can you tell me what acts or omissions by Marilyn Del Bosque Gilbert, what - - which of those acts or omissions you contend was intentional infliction of emotional distress?

       MR. PRUNEDA:     Objection, form.

A.     I can't answer that.

Q.     (BY MR. BURNS)     Okay.  Can you tell me how Randy Dunn has intentionally inflicted emotional distress on you?

A.     He made a statement in a Mexican newspaper that - - his - - I'm trying to see how I can rephrase it in English.

Q.     And I'm sorry. I interrupted you there. What - - You were going to tell us what the statement was, if you could recall how to state it in English.

A.     That - - if I recall - - recall it, was that he was going to reassign Mr. Gonzalez and myself and - - and the other secretary there with Mr. Gonzalez.

Q.     Now, you said "he."  Are you saying Mr. Dunn said that he himself was going to reassign you?

A.     Yes.

Q.     Okay.  Is it your understanding that trustees, or even the board of trustees acting together, can reassign an employee?  Are they - - Do they have that power?

A.     No.

Q.     Okay.  So did - - And did you know that they did not have that power at the time you read

the article?

A.    Yes.

Q.    Okay. Why would that be - - if you knew he could not come through on this - - on this threat, why do you consider that to be emotionally distressing?

A.    The mere fact all he had to do was tell the superintendent and the superintendent would see to it that I would be reassigned.

Q.    Okay. What - - On what do you base that statement, that - - that Mr. Dunn had sufficient control over the superintendent that he would reassign persons upon Mr. Dunn's request?

A.    I can't - -

Q.    You - - you don't know if there is a connection between the two - -

A.    No.

Q.    - - That would - - that would allow Mr. Dunn to make that request and have it acted on?

A.    No.

Q.    Can you tell me what, if any, acts Eddie Erri- - - Errisuriz has done that would constitute emo- - - intentional infliction of emotional distress to you?

A.    He would just - - He would act upon what - - whatever the superintendent would ask of him.

Q.    What - - what actions did - - did Eddie take that you - - you think were at the superintendent's request that - - that caused emotional distress for you?

A.    I can't answer that.

Q.    Okay. And Doctor Sauceda, what acts or omissions do you attribute to Doctor Sauceda that constituted intentional infliction of emotional distress?

A.    By the mere fact that he reassigned me.

Q.    Okay.  Do you believe that he reassigned you specifically to cause you emotional distress?

A.    Yes.

Q.    Okay.  Is this just a belief on your part, or do you have any - - any documentation or any evidence that that is the case?

A.    That is my belief.

Q.    Okay.  Anything that we could look to to substantiate that belief?

A.    No.  It's just hearsay." (See Defendants' Exhibit A-5).

## C.    CONCLUSION

Although Defendants have attached only excerpts of Plaintiffs' deposition testimony, the remainder of Plaintiff Garcia and Plaintiff Ortiz' deposition testimony, discovery responses and pleadings include references to specific non-party witnesses.  Plaintiffs' counsel has failed to show they have been unable to secure the affidavit testimony of any of these individuals, or, if Plaintiffs' testimony is accurate, why such affidavits would not raise a material issue of fact relevant to Defendants' Motions.  Plaintiffs will have had more than seven months to put their case together, yet, as shown above, their depositions yield nothing but conjecture and hearsay.

Plaintiffs' Petition includes allegations that, if not appearing in a court pleading, would almost certainly be libelous.  To date, Plaintiffs still cannot tell the Defendants in plain language what evidence they have to support these allegations.  Instead, Plaintiffs seek $5,000,000.00 dollars in damages based on: "I can't answer right now."  In closing, Plaintiffs cannot reasonably argue and have failed to show that they are entitled to a continuance.  Plaintiffs have used the discovery process

to fish for a cause of action. They now seek to extend their expedition through a Motion for Continuance. The time is ripe for Plaintiffs' to either provide a factual basis for their claims or cease what appears to be politically motivated and vexatious litigation.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
  SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216
TEL NO. (210) 979-6633
FAX NO. (210) 979-7024

JOE DE LOS SANTOS
State Bar No. 24007100

DANIEL M. "MATT" BURNS
State Bar No. 03443900

ATTORNEYS FOR DEFENDANTS,
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT, ET. AL.

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2002, a true and correct copy of the above and foregoing pleading was served upon counsel of record and addressed as follows:

Michael Pruneda
The Pruneda Law Firm, P.L.L.C
P.O. Box T
Pharr, Texas 78577

**LONE STAR OVERNIGHT
AIRBILL NO. 24623428**

JOE A. DE LOS SANTOS

CAUSE NO. 2002-01-153-E

NORMA ORTIZ and CATALINA GARCIA §  THE 357TH DISTRICT COURT
             §
VS.            §
             §
BROWNSVILLE INDEPENDENT  §  OF
SCHOOL DISTRICT, RANDY DUNN, §
MARILYN DEL BOSQUE GILBERT, §
NOE SAUCEDA, and EDDIE ERRISURIZ, §
in their official and  individual capacity, and §
employees, agents, and all those acting in §
concert or at their discretion   §  CAMERON COUNTY, TEXAS

## <u>AFFIDAVIT</u>

STATE OF TEXAS     §
           §
COUNTY OF CAMERON    §

   BEFORE ME, the undersigned authority, on this day personally appeared JOE A. DE LOS SANTOS known to me to be the person whose signature appears below, and having been by me duly sworn, the said JOE A. DE LOS SANTOS stated on oath as follows:

   "My name is JOE A. DE LOS SANTOS.  I am over 18 years of age.  I have never been convicted of a crime and I am personally competent to make this affidavit.  I have personal knowledge of all facts stated in this affidavit, and they are true and correct.

   I am one of the attorneys of record for Brownsville Independent School District in the lawsuit styled, *Norma Ortiz and Catalina Garcia v. Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque Gilbert, Noe Sauceda, and Eddie Errisuriz, in their official and individual capacity, and employees, agents, and all those acting in concert or at their discretion*, which is currently pending in the 357th District Court of Cameron County, Texas as Cause No. 2002-01-153-E.  I have served in this capacity at all times relevant in this lawsuit.  Attached hereto and labeled as Exhibits 1, 2, 3, 4, 5, respectively, are true and correct copies of the following:  correspondence that I sent to Plaintiffs' counsel requesting supplementation on June 25 and 26, 2002; a Proposed Discovery Order submitted to the Court evidencing the Discovery Order verbally entered on June 27, 2002; Plaintiffs' Motion for Continuance with a U.S. postmark dated July 30, 2002, the depositions excerpts of Plaintiff Catalina Garcia and the deposition excerpts of



Plaintiff Norma Ortiz.  All of the foregoing are referred to in Defendants' Response to Plaintiffs' Motion for Continuance.

FURTHER AFFIANT SAYETH NOT."



JOE A. DE LOS SANTOS

SUBSCRIBED AND SWORN TO BEFORE ME by the said JOE A. DE LOS SANTOS on this the _6_ day of August 2002 to certify which witness my hand and official seal.

ANDREE GUTIERREZ
MY COMMISSION EXPIRES
January 5, 2005

Notary Public, State of Texas

- 2 -



# WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE, P.C.

## ATTORNEYS AT LAW

### AUSTIN • SAN ANTONIO • IRVING

June 25, 2002

**BY TELECOPY**

Mr. Michael Pruneda
The Pruneda Law Firm, P.L.L.C.
P.O. Box T
944 West Nolana Loop, Ste. B
Pharr, Texas 78577

> Re:    No. 2002-01-153-E, *Norma Ortiz and Catalina Garcia v. Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque Gilbert, Noe Sauceda and Eddie Errisuriz*, in the 357th Judicial District Court, Cameron County, Texas.

Dear Mr. Pruneda:

In response to your recent inquiry regarding the meeting minutes and videotapes from the BISD Board meetings, these materials are available for inspection and copying at the School District's administrative offices during normal business hours. The District will not permit the originals to be removed from District premises; however, the District will accommodate any copy service you request. Please be aware that the District's office will be closed during the week of July 1 through July 5 in observance of the Independence Day holiday. Please be advised that my office will be closed on the 4th and 5th of July.

As we discussed on June 24, 2002, you will provide me in writing when I can expect the information I have requested through discovery and outlined in my June 11, 2002 correspondence. Although you have identified possible claims against the Defendants, you have not provided my office with the general factual bases for your claims against each individual Defendant. Please provide me a response in writing by no later than June 28, 2002. As we also discussed, I have no problem with depositions, I do have a problem with depositions without your clients providing information to my office that I have properly requested through discovery. The information I have requested is central to this case and I need it to properly defend the same. Finally, please provide me the dates your clients will be available for depositions.

## EXHIBIT A-1

Mr. Michael Pruneda
June 25, 2002
Page 2

If you should have any questions, please feel free to contact my office.

Sincerely,

JOE A. DE LOS SANTOS

JAD/ag

cc:    Mr. Johnny Pineda
       Dr. Noe Sauceda
       Mr. Randy Dunn
       Ms. Marilyn Del Bosque Gilbert
       Mr. Eddie Errisuriz
       Ms. Elizabeth Neally



WALSH, ANDERSON,
BROWN, SCHULZE
& ALDRIDGE, P.C.
ATTORNEYS AT LAW
AUSTIN • SAN ANTONIO • IRVING

June 26, 2002

**BY TELECOPY**

Mr. Michael Pruneda
The Pruneda Law Firm, P.L.L.C.
P.O. Box T
944 West Nolana Loop, Ste. B
Pharr, Texas 78577

Re:    No. 2002-01-153-E, *Norma Ortiz and Catalina Garcia v. Brownsville Independent School District, Randy Dunn, Marilyn Del Bosque Gilbert, Noe Sauceda and Eddie Errisuriz*, in the 357th Judicial District Court, Cameron County, Texas.

Dear Mr. Pruneda:

The purpose of this letter is to respond to your correspondence dated June 25, 2002 and June 26, 2002. As I have always represented to you, the District has supplemented your requests for interrogatories and production in accordance with the Texas Rules of Civil Procedure. Once again, the District has made the meeting minutes and videotapes from BISD Board meetings available for inspection and copying at the District's administrative offices during normal business hours. The District will provide a room for you to review the information and, if necessary, provide copies at your expense. Your assertion that the items have not been produced is simply incorrect. Please be aware that if you care to postpone scheduling of any depositions until you have had an opportunity to inspect the minutes and videotapes requested, I will not object. I will wait to hear from you in this regard.

Further, I have reviewed your clients' responses to our discovery requests and reviewed your correspondence outlining the same. I remain of the opinion that you have not provided an acceptable response to our requests. Once again, your client claims that she has a tape of Dr. Noe Sauceda which supports the serious and inflammatory allegations against him in Plaintiffs' Original and Amended Petitions. We have properly requested this information through discovery and are entitled to the same. It is both unfair and unreasonable to schedule a deposition without providing the information requested or confirming that the same does not exist. Under these circumstances, we will not agree to provide Dr. Sauceda for deposition. We will agree to depositions as soon as your clients are ready to supplement their discovery requests. As you know, I need this information to

Mr. Michael Pruneda
June 26, 2002
Page 2

adequately prepare this case.  Moreover, you still have not provided the information I have requested to support the allegations your clients have raised against the individual Defendants in this lawsuit in both their Original and Amended Petitions.  I am not asking that you marshal your evidence.  I am only asking that you provide the general bases supporting each claim against each Defendant.

With respect to your motion to compel, it is obvious that my reasonable attempts to acquire and, at the very least, ascertain when I can expect this information has been unsuccessful.  Because of the nature of your clients' allegations, I believe it is important to expedite a hearing and I will make myself available for hearing tomorrow June 27, 2002.  I will contact your office so we can arrange a time and place for the same.

If you should have any questions, please feel free to contact my office.

Sincerely,

*Joe De Los Santos*

JOE A. DE LOS SANTOS

JAD/ag

cc:   Mr. Johnny Pineda
      Dr. Noe Sauceda
      Mr. Randy Dunn
      Ms. Marilyn Del Bosque Gilbert
      Mr. Eddie Errisuriz
      Ms. Elizabeth Neally

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | § | THE 357TH DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | OF |
| SCHOOL DISTRICT, RANDY DUNN, | § | |
| MARILYN DEL BOSQUE GILBERT, | § | |
| NOE SAUCEDA, and EDDIE ERRISURIZ, | § | |
| in their official and individual capacity, and | § | |
| employees, agents, and all those acting in | § | |
| concert or at their discretion | § | CAMERON COUNTY, TEXAS |

## ORDER ON MOTIONS TO COMPEL

On the 27th day of June, 2002, came on to be considered the Motions to Compel urged herein by Plaintiffs and Defendants. The parties each appeared through counsel and proceeded to present their arguments. The Court, having considered the Motions and other materials presented, finds that the parties shall proceed as follows:

1.   Plaintiffs shall supplement or amend their responses to Defendants' Request for Disclosures so as to include a statement of the factual basis of their claims against each Defendant. Plaintiffs shall serve the supplemental or amended response on Defendants within 10 days following the date of hearing.

2.   Following service of Plaintiffs' supplemental or amended responses to Defendant's Request for Disclosure, Defendant Noe Sauceda shall appear for deposition at a mutually convenient location and time not more than 30 days following the date of hearing.

3.   Plaintiffs shall promptly provide to Defendants a copy of any audiotapes of conversations between Plaintiff Catalina Garcia and Defendant Noe Sauceda.

4.   Defendants shall promptly provide copies of the meeting minutes and videotapes of public

**EXHIBIT A-2**

meetings of the Brownsville Independent School District Board of Trustees between the dates of May, 2001 to the present, for which Plaintiff Catalina Garcia requested in writing an opportunity to address the Board of Trustees.

5.      Plaintiffs shall review all remaining meeting minutes and videotapes of public meetings of the Brownsville Independent School District Board of Trustees between the dates of May, 2001 to the present, for which Plaintiff Catalina Garcia did not request in writing an opportunity to address the Board of Trustees and shall request from Defendants copies of any specific meeting minutes and videotapes. Such review shall take place at the Administrative Offices of the Brownsville Independent School District during normal business hours at a time mutually convenient for counsel.

6.      Plaintiffs' request for production of the certified agenda for any closed meeting of the Brownsville Independent School District Board of Trustees is denied.

It is so ORDERED on this ___ day of _____, 2002. All relief not expressly granted herein is denied.


_____
Judge Presiding


AGREED AS TO FORM:

Michael Pruneda
The Pruneda Law Firm, P.L.L.C
P.O. Box T
944 W. Nolana Loop, Ste B
Pharr, Texas 78577

BY: _____
        Michael Pruneda
        State Bar No. 24025601

        ATTORNEY FOR PLAINTIFF

WALSH, ANDERSON, BROWN,
  SCHULZE & ALDRIDGE, P.C.
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216
TEL NO. (210) 979-6633
FAX NO. (210) 979-7024

BY: _____

      JOE A. DE LOS SANTOS
      State Bar No. 24007100

      DANIEL M. "MATT" BURNS
      State Bar No. 03443900

      ATTORNEYS FOR DEFENDANTS,
      BROWNSVILLE INDEPENDENT SCHOOL
      DISTRICT, ET. AL.

**THE PRUNEDA LAW FIRM, P.L.L.C.**

944 W. Nolana Loop, Ste. r
P.O. Box T
Pharr, Texas 78577-1220

Office: (956) 702-9675
Fax:    (956) 702-9659

July 19, 2002

*Via Regular Mail*

Aurora De la Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, Texas 78520

Re:   *Norma Ortiz and Catalina Garcia v. Brownsville Independent School District, et al;*
       Cause No. 2002-01-153-E

Dear Clerk:

Enclosed for filing, please find:

(1)   Plaintiffs' Motion for Continuance w/ exhibits;
(2)   Order setting hearing; and
(3)   Order.

Please forward the filed copy of said motion to me in the enclosed pre-addressed envelope. If you have any questions or wish to discuss this matter further, please do not hesitate to call. Thank you for your usual kind courtesies.

Sincerely,

THE PRUNEDA LAW FIRM, P.L.L.C.

Michael Pruneda

**EXHIBIT** A-3



THE PRUNEDA LAW FIRM, P.L.L.C.
944 W. Nolana Loop, Ste. B
P.O. Box T
Pharr, Texas 78577-1220
(956) 702-9675 Office
(956) 702-9659 Fax

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE &
ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ♦ | IN THE 357ᵗʰ DISTRICT COURT |
| | ♦ | |
| V. | ♦ | |
| | ♦ | |
| | ♦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ♦ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ♦ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ♦ | |
| and EDDIE ERRISURIZ, in their official and | ♦ | |
| individual capacity, and employees, agents, and all | ♦ | |
| those acting in concert or at their discretion | ♦ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiffs NORMA ORTIZ and CATALINA GARCIA, and file the following Motion for Continuance in accordance with T.R.C.P. 251, in addition to all evidence that is attached and incorporated by reference, arguments, opinions, and legal authority, and show unto the court the following:

I.

On or about July 12, 2002, Defendants filed their Rule 166a(i) No Evidence Motion for Summary Judgment and Defendants' Standard Motion for Summary Judgment. Plaintiffs ask that this court continue any and all deadlines and hearings relating to said motions as Plaintiffs have not had an adequate and reasonable time to conduct discovery. (See Exhibit A)

II.

The Plaintiffs have actively and diligently participated in this litigation through the discovery process. Plaintiffs' initially propounded to Defendant its requests for interrogatories, production, and disclosures at the time of the filing of this civil action. Most recently, Plaintiffs have propounded Plaintiffs' Second Set of Requests for Production and Plaintiffs' Third Set of Requests for Production. No depositions have been taken at this time; however, depositions of both Plaintiffs and Defendant Sauceda have been scheduled for July 22 and 23, 2002. (See Exhibit A)

III.

Plaintiffs have requested that Defendants provide them with dates in which each remaining Defendant will be available for deposition as well as other dates in which Plaintiffs may take the depositions of several non-party witnesses. To date, Plaintiffs have not been provided with these dates. (See Exhibit A)

IV.

Plaintiffs are not making this request solely for delay, but only so that justice will be done. Plaintiffs believe that they have not been given an adequate opportunity for discovery before the filing of Defendants' Motions for Summary Judgment. Because of this, Plaintiffs are entitled to a continuance of said deadlines and hearings on these motions. *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) As such, Plaintiffs ask that this court continue any and all deadlines and hearings related to Defendants' motions until their discovery is complete.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs pray that upon final hearing or consideration, the court grant the Continuance, and thereby continue any and all deadlines and hearing on Defendants' Motion for Summary Judgment so that justice will be done.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

By: _____
*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

forwarded to the following as noted below:

Signed on this the 19 day of July, 2002:

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

Michael Pruneda

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ◆ | IN THE 357ᵗʰ DISTRICT COURT |
| | ◆ | |
| V. | ◆ | |
| | ◆ | |
| | ◆ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ◆ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ◆ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ◆ | |
| and EDDIE ERRISURIZ, in their official and | ◆ | |
| individual capacity, and employees, agents, and all | ◆ | |
| those acting in concert or at their discretion | ◆ | CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING

IT IS ORDERED that Plaintiffs' Motion for Continuance is hereby set for hearing on the

_____ day of _____, 2002 at _____ o'clock ___.m. in the courtroom of the 357ᵗʰ

Judicial District Court of Cameron County, Texas.

IT IS FURTHER ORDERED that the clerk of this court notify all parties of this hearing.


Signed on this _____ day of _____, 2002.



                                           _____

                                           JUDGE PRESIDING


Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

CAUSE NO. 2002-01-153-E

| | | |
|---|---|---|
| NORMA ORTIZ and CATALINA GARCIA | ✦ | IN THE 357th DISTRICT COURT |
| | ✦ | |
| V. | ✦ | |
| | ✦ | |
| | ✦ | |
| BROWNSVILLE INDEPENDENT SCHOOL | ✦ | OF |
| DISTRICT, RANDY DUNN, MARILYN | ✦ | |
| DEL BOSQUE GILBERT, NOE SAUCEDA, | ✦ | |
| and EDDIE ERRISURIZ, in their official and | ✦ | |
| individual capacity, and employees, agents, and all | ✦ | |
| those acting in concert or at their discretion | ✦ | CAMERON COUNTY, TEXAS |

<u>ORDER</u>

On the ____ day of _____, 2002 came to be considered Plaintiffs' Motion for Continuance, and the court having considered the Motion, is of the opinion that the same should be granted.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Plaintiffs' Motion for Continuance be granted.

Signed on this _____ day of _____, 2002.

_____
JUDGE PRESIDING

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Joe A. De Los Santos
WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE
100 NE Loop 410, Suite 1000
San Antonio, Texas 78216

1                      NO. 2002-01-153-E

2   NORMA ORTIZ,          ) IN THE 357TH DISTRICT COURT
         Plaintiff(s),    )
3                         )
    VS.                   ) OF
4                         )
    BROWNSVILLE           )
5   INDEPENDENT SCHOOL    )
    DISTRICT, ET AL,      )
6        Defendant(s).    ) CAMERON   COUNTY,   TEXAS

7   ------------------------------------------------

8          ORAL AND VIDEOTAPED DEPOSITION OF
                    CATALINA GARCIA
9                    JULY 22, 2002

10  ------------------------------------------------

11  ORAL AND VIDEOTAPED DEPOSITION of CATALINA GARCIA,

12  produced as a witness at the instance of the

13  Defendant, and duly sworn, was taken in the

14  above-styled and numbered cause on the 22nd of July,

15  2002, from 2:17 p.m. To 5:48 p.m., before PATRICIA

16  PHELPS, CSR in and for the State of Texas, reported

17  by method of machine shorthand, in the Veracruz

18  Boardroom of the Four Points by Sheraton,

19  3777 N. Expressway, Brownsville, Texas, pursuant to

20  the Texas Rules of Civil Procedure and the provisions

21  stated on the record or attached hereto.

22

23

24        **EXHIBIT** A-4

25                                      COPY

BRYANT & STINGLEY, INC.
McAllen          Harlingen          Brownsville
(956)618-2366    (956)428-0755    (956)542-1020

1                    A P P E A R A N C E S

2

3    FOR THE PLAINTIFF(S):
          By:  Mr. Michael Pruneda
4         THE PRUNEDA LAW FIRM, P.L.L.C.
          944 Nolana, Suite B
5         Pharr, Texas  78577

6

7

8    FOR THE DEFENDANT(S) MARILYN DEL BOSQUE GILBERT:
          By:  Mr. Richard Zayas
          ZAYAS & ZAMORA, P.C.
9         3100 E. 14th Street
          Brownsville, Texas  78521
10

11

12   FOR THE DEFENDANT(S) BROWNSVILLE INDEPENDENT SCHOOL
     DISTRICT:
13        By:  Mr. Daniel Burns
          and Mr. Joe De Los Santos
14        WALSH, ANDERSON, BROWN,
          SCHULZE & ALDRIDGE, P.C.
15        6300 La Calma, Suite 200
          Austin, Texas  78752
16

17

18   THE VIDEOGRAPHER:
          Rene Ortiz
19

20

21   ALSO PRESENT:
          Ms. Norma Ortiz
22

23

24

25

```
1                     I    N    D    E    X

2                                                      PAGE

3   Appearances   ...............................      2
    Stipulations   ..............................      4

4
    CATALINA GARCIA
5       Examination  by  Mr.  Burns   ............      4
        Examination  by  Mr.  Zayas   ............    118
6       Examination  by  Mr.  Burns   ............    169

7


8   Signature and Changes   ....................    175
    Reporter's Certificate   ...................    176

9
                         EXHIBITS
10  NO.  DESCRIPTION                                 PAGE
    1    Videotape of Meeting   .................      4
11  2    Audiocassette Recording   ..............    N/A
    3    6-30-97 BISD Memorandum   ..............      4
12  4    Handwritten Notes   ....................      4

13

14

15

            REQUESTED DOCUMENTS/INFORMATION
16
    NO. DESCRIPTION                                  PAGE
17
        (None)
18

19

20

21

22

23

24

25
```

**STIPULATIONS FOR TAKING THE DEPOSITION(S) OF**

WITNESS(ES): Norma Ortiz; Catalina Garcia___ ON 7-22-02

REPORTER: PATRICIA PHELPS   FIRM: _____

VIDEOGRAPHER: Rene Ortiz   INTERPRETER: _____

**1. ✓ This deposition is being taken pursuant to:**
___✓___Notice            _____Notice & Agreement
_____Agreement         _____Notice & Subpoena Duces Tecum
_____Agreement, Notice & Subpoena Duces Tecum

**2. ✓ SIGNATURE & DELIVERY:**
___✓___The Original will be submitted to the **Witness'**
**Attorney** for the purpose of obtaining the Witness'
signature. If not signed within ____ days & timely
filed with the Custodial Attorney, a certified copy
may be used at the time of any hearing or trial in
this matter.
_____The Original will be submitted to the **Witness** for
the purpose of obtaining his/her signature. If not
signed within ____ days & timely filed with the
Custodial Attorney, a certified copy may be used at
the time of any hearing or trial in this matter.
_____Signature is **WAIVED** by the Witness and agreed to by
all Counsel present.

**3. ✓ OBJECTIONS:**
_____According to the _✓_ Texas ___ Federal Rules.
Objections as to form and responsiveness are to be
made at the time of the taking of the deposition.
All others will be made at the time of trial or any
hearing.
_____All objections will be made at the time of the
taking of the deposition.
_____All objections are reserved.

DANIEL M. BURNS_____   X _____
**PRINTED NAME**                      **SIGNATURE**
(✓)Original & 1 Copy   (✓)Exhibits   ( ✓)Condensed Copy
(✓)Rush Requested      ( )ASCII

Michael Pruneda_____   X _____
**PRINTED NAME**                      **SIGNATURE**
( )Copy (X)No Copy    ( )Exhibits   ( )Condensed Copy
( )Rush Requested                  ( )ASCII

_____   X _____
**PRINTED NAME**                      **SIGNATURE**
( )Copy ( )No Copy    ( )Exhibits   ( )Condensed Copy
( )Rush Requested                  ( )ASCII

1    UNIDENTIFIED SPEAKER:  No, ma'am.  The

2    rules say that you can't discuss it.  I mean -- I'm

3    telling you what the rules are.

4    MS. GARCIA:  Okay.  I'll go ahead and

5    look it up.

6    Well, anyway, there is an issue that I

7    would like to discuss with you, Mr. President, and

8    some of you board members.  I have this tape.  And I

9    was told previously that being a politician, I'll

10   have to pay the price and that's the reason why I

11   might not get hired in the district.  Being a citizen

12   from Brownsville, I know that there's been previous

13   board members that are now employed by BISD.  I have

14   two conversations here, and I would like for one of

15   you to have the courtesy to call me so you can listen

16   to the tape.

17   Thank you.

18   UNIDENTIFIED SPEAKER:  Thank you.

19   (This is the end of the videotape being

20   played during the deposition.)

21   Q.   (BY MR. BURNS)  Okay.  Ms. Garcia, is there

22   any reason you have that -- to believe that that is

23   not an accurate recording of the board meeting in

24   question?

25   A.   That that's not accurate?

1    Q.   Has that tape been doctored in any way, if

2    you will?

3    A.   No.

4    Q.   Okay.  Do you have any reason to believe

5    that Mr. Roarke or the board president would not have

6    made the same ruling regarding personnel issues if

7    another person had been speaking?

8    A.   I cannot answer that.

9    Q.   Okay.  You made some allegations regarding

10   that audiotape, in particular I believe you said you

11   were told that having been a politician you could not

12   be hired in the district; is that correct?

13   A.   That is correct.

14   Q.   Okay.  Had you listened to that -- listened

15   to that tape --

16   A.   No, sir.

17   Q.   -- Before that meeting?

18   A.   It's been awhile.  And I haven't heard it in

19   a long time.

20   Q.   But my question is:  Did you listen to the

21   tape before that meeting?

22   A.   Did I listen to the tape before this

23   meeting?

24   Q.   Yes, ma'am.

25   A.   No, sir.

1    Q.    So you didn't really know what was on that

2 tape, did you?

3    A.    I got to hear some part of it.

4    Q.    Did you hear the part where you allege

5 Doctor Sauceda told you that being a politician you

6 had to pay the price?

7    A.    Did I hear the part?  I haven't heard the

8 tape in awhile, sir.  I cannot answer that question.

9    Q.    Prior to the board meeting, did you hear

10 that specific part where you claim Doctor Sauceda

11 said that having been a politician you had to pay the

12 price or words to that effect?

13    A.    Prior to the September 15 board meeting?

14    Q.    Prior to the meeting that we just watched on

15 videotape.

16    A.    I cannot answer that question.

17    Q.    Okay.  You don't know whether you had

18 listened to the tape or not?

19    A.    I cannot recall, sir.

20    Q.    Okay.  Have you had a chance to listen to

21 the tape since?

22    A.    No, sir.

23    Q.    Okay.  Is this the tape that you were

24 discussing in the meeting, this Exhibit Number 2?

25    A.    Yes, sir.

1    Q.   Okay.  Can you describe when that

2    conversation that was recorded took place?

3    A.   May the 8th, 2001.

4    Q.   May the 8th, 2001?

5    A.   May the 8th, 2001.

6    Q.   Okay.  Can you tell me when and -- excuse

7    me -- where that conversation took place?

8    A.   At the BISD building, superintendent's

9    office.

10    Q.   Okay.  Were there any other persons present

11    in that conversation other than yourself and Doctor

12    Sauceda?

13    A.   No, sir.

14    Q.   Okay.  Excuse me.

15         Do you have any other tapes whether

16    they're in existence now or previously that record

17    conversations with Doctor Sauceda and yourself?

18    A.   No, sir.

19    Q.   Okay.  Have you tampered with this tape in

20    any way?

21    A.   No, sir.

22    Q.   Has this tape been damaged in any way that

23    you're aware of?

24    A.   Not that I know.

25    Q.   Okay.  Do you still contend that that tape

1   contains statements by Doctor Sauceda that you are

2   not going to be hired by the Brownsville ISD because

3   of your political affiliations?

4       A.   I could not answer that right now, sir.

5       Q.   Okay.  If I represent to you that it, in

6   fact, does not contain those allegations, do you have

7   any reason to doubt my representation?

8       A.   I was told by Doctor Sauceda -- and I recall

9   very clearly -- he told me these words, "That's the

10  price you pay for being in the political arena."

11      Q.   Okay.  I'll object to responsiveness.

12              Do you still contend that those

13  allegations are on that tape?

14      A.   I cannot recall.  I haven't heard the tape.

15      Q.   Would you like to take time to listen to the

16  tape?

17      A.   No, sir.

18      Q.   You're not interested?

19      A.   I will hear that with my attorney.

20      Q.   Have you ever given this tape to a news

21  media outlet?

22      A.   No, sir.

23      Q.   Have you ever told anyone you gave it to a

24  news media outlet?

25      A.   No, sir.

1                          NO. 2002-01-153-E

2    NORMA ORTIZ,              ) IN THE 357TH DISTRICT COURT
         Plaintiff(s),        )
3                             )
     VS.                      ) OF
4                             )
     BROWNSVILLE              )
5    INDEPENDENT SCHOOL       )
     DISTRICT, ET AL,         )
6        Defendant(s).        ) CAMERON    COUNTY, TEXAS

7    ------------------------------------------------

8              ORAL AND VIDEOTAPED DEPOSITION OF
                        NORMA ORTIZ
9                      JULY 22, 2002

10   ------------------------------------------------

11

12

13   ORAL AND VIDEOTAPED DEPOSITION of NORMA ORTIZ,

14   produced as a witness at the instance of the

15   Defendant, and duly sworn, was taken in the

16   above-styled and numbered cause on the 22nd of July,

17   2002, from 12:06 p.m. To 1:59 p.m., before PATRICIA

18   PHELPS, CSR in and for the State of Texas, reported

19   by method of machine shorthand, in the Veracruz

20   Boardroom of the Four Points by Sheraton,

21   3777 N. Expressway, Brownsville, Texas, pursuant to

22   the Texas Rules of Civil Procedure and the provisions

23   stated on the record or attached hereto.

24   **EXHIBIT** A-5

25                                           COPY

```
 1                    A P P E A R A N C E S

 2

 3    FOR THE PLAINTIFF(S):
           By:  Mr. Michael Pruneda
 4         THE PRUNEDA LAW FIRM, P.L.L.C.
           944 Nolana, Suite B
 5         Pharr, Texas  78577

 6

 7

 8    FOR THE DEFENDANT(S) MARILYN DEL BOSQUE GILBERT:
           By:  Mr. Richard Zayas
           ZAYAS & ZAMORA, P.C.
 9         3100 E. 14th Street
           Brownsville, Texas  78521
10

11

12    FOR THE DEFENDANT(S) BROWNSVILLE INDEPENDENT SCHOOL
      DISTRICT:
13         By:  Mr. Daniel Burns
           and Mr. Joe De Los Santos
14         WALSH, ANDERSON, BROWN,
           SCHULZE & ALDRIDGE, P.C.
15         6300 La Calma, Suite 200
           Austin, Texas  78752
16

17

18    THE VIDEOGRAPHER:
           Rene Ortiz
19

20

21    ALSO PRESENT:
           Ms. Catalina Garcia
22

23

24

25
```

I   N   D   E   X

|  | | PAGE |
|---|---|---|
| Appearances | ............................... | 2 |
| Stipulations | ............................ | N/A |

NORMA ORTIZ
    Examination by Mr. Burns ............ 4
    Examination by Mr. Zayas ............ 90

Signature and Changes ................... 93
Reporter's Certificate .................. 94

EXHIBITS

NO.  DESCRIPTION                           PAGE

1    6-25-02 BISD Memorandum  ............. 4
2    6-25-02 BISD Letter to Board Members .. 4

REQUESTED DOCUMENTS/INFORMATION

NO.  DESCRIPTION                           PAGE

1    Name of Doctor  ...................... 76

**STIPULATIONS FOR TAKING THE DEPOSITION(S) OF**

WITNESS(ES): Norma Ortiz & Catalina Garcia on 7-22-02
REPORTER: PATRICIA PHELPS   FIRM: _____
VIDEOGRAPHER: Rene Ortiz   INTERPRETER: _____

1. **This deposition is being taken pursuant to:**
   __✓__ Notice              _____ Notice & Agreement
   _____ Agreement          _____ Notice & Subpoena Duces Tecum
   _____ Agreement, Notice & Subpoena Duces Tecum

2. **SIGNATURE & DELIVERY:**
   __✓__ The Original will be submitted to the **Witness'**
        **Attorney** for the purpose of obtaining the Witness'
        signature. If not signed within ____ days & timely
        filed with the Custodial Attorney, a certified copy
        may be used at the time of any hearing or trial in
        this matter.
   _____ The Original will be submitted to the **Witness** for
        the purpose of obtaining his/her signature. If not
        signed within ____ days & timely filed with the
        Custodial Attorney, a certified copy may be used at
        the time of any hearing or trial in this matter.
   _____ Signature is **WAIVED** by the Witness and agreed to by
        all Counsel present.

3. **OBJECTIONS:**
   __✓__ According to the __✓__ Texas ___ Federal Rules.
        Objections as to form and responsiveness are to be
        made at the time of the taking of the deposition.
        All others will be made at the time of trial or any
        hearing.
   _____ All objections will be made at the time of the
        taking of the deposition.
   _____ All objections are reserved.

DANIEL M. BURNS                    X _____
**PRINTED NAME**                       **SIGNATURE**
(✓)Original & 1 Copy    (✓)Exhibits    (✓)Condensed Copy
(✓)Rush Requested            (✓)ASCII

Michael Pruneda                    X _____
**PRINTED NAME**                       **SIGNATURE**
( )Copy (X)No Copy    ( )Exhibits    ( )Condensed Copy
( )Rush Requested                   ( )ASCII

_____                  X _____
**PRINTED NAME**                       **SIGNATURE**
( )Copy ( )No Copy    ( )Exhibits    ( )Condensed Copy
( )Rush Requested                   ( )ASCII

1  gentlemen?

2              MR. PRUNEDA:  Objection, form.

3      Q.   (BY MR. BURNS)  I'll rephrase that.

4              How do you perceive that their ideas

5  for running the school district, for governing the

6  school district differ from the four gentlemen you

7  mentioned?

8      A.   I can't answer that question.

9      Q.   Will you agree with me that if -- if -- if

10 you have one political faction that you're

11 supporting, that there must be another political

12 faction that you're -- that you're not supporting?

13     A.   What do you mean by that?

14     Q.   If you're -- if you are a supporter of

15 Mr. Colunga, Mr. Powers, Mr. Layman, -- I'm sorry

16 can't read my writing on the other gentleman's

17 name -- if you're supporting them, I'm assuming

18 you're not supporting Mr. Dunn, Mr. Emmerson, or

19 Ms. Gilbert; is that correct?

20     A.   No.  That is not correct.

21     Q.   Okay.  So they're not political opponents of

22 yours?

23     A.   No.

24     Q.   Okay.  So is it fair to say that as to

25 Mr. Dunn, Mr. Emmerson, Ms. Gilbert, that they have

1    not contributed to any political retaliation against

2    you?

3              MR. PRUNEDA:  Objection, form.

4       Q.   (BY MR. BURNS)  You -- you can answer if you

5    can.

6       A.   I don't know.

7       Q.   You don't know of any actions by any of

8    those three people that constitute political

9    retaliation against you?

10              Excuse me.

11      A.   I don't know.

12      Q.   Okay.  How about Mr. --

13              (Mr. De Los Santos and Mr. Burns

14              confer.)

15      Q.   (BY MR. BURNS)  -- Eddie Errisuriz?  Do you

16    know who that is?

17      A.   Yes.

18      Q.   Okay.  Is there anything that -- And excuse

19    me.  I'm -- I'm not real good with his last name, so

20    I'm just going to call him "Eddie."

21              Is there anything that Eddie has done

22    that you consider to be political retaliation against

23    you?

24      A.   No.

25      Q.   Okay.  Is it fair to say then that any

1    any physical pain as a result of this incident?

2        A.    Physical pain?

3        Q.    Yes, ma'am.

4        A.    What do you mean by physical pain?

5        Q.    Any -- any hurt in any part of your body.

6        A.    No.

7        Q.    Real quickly, if I could, on invasion of

8    privacy, are you claiming someone has -- I'm going

9    from your pleadings that your lawyer filed in this

10   case that say that -- that people have invaded your

11   privacy.  Are you claiming that someone has intruded

12   upon your seclusion, come into your house or onto

13   your property?

14           I'm trying to understand the basis for

15   your claim of invasion of privacy.

16       A.    No.

17       Q.    Tell me, if you can, how -- each incident

18   you claim that Marilyn Del Bosque Gilbert invaded

19   your privacy.

20       A.    What --

21           MR. PRUNEDA:  Objection, form.

22       Q.    (BY MR. BURNS)  How do you claim that

23   Ms. Del Bosque Gilbert invaded your privacy?

24           Or -- or let me rephrase that.

25           If you are claiming that she invaded

BRYANT & STINGLEY, INC.
McAllen        Harlingen        Brownsville
(956)618-2366    (956)428-0755    (956)542-1020

1    your privacy, how did that -- how did that come

2    about?

3        A.   I can't answer that.

4        Q.   Okay.  How about Randy Dunn?  Can you tell

5    us how Mr. Dunn invaded your privacy?

6               MR. PRUNEDA:  Objection, form.

7        A.   I can't answer that.

8        Q.   (BY MR. BURNS)  Okay.  How about

9    Mr. Errisuriz?

10       A.   I can't answer that.

11       Q.   Okay.  How about Doctor Sauceda?  Can you

12   tell us how Doctor Sauceda invaded your privacy?

13       A.   I can't answer that.

14       Q.   Okay.  I'm going to ask you basically the

15   same questions on intentional infliction of emotional

16   distress.

17               Can you tell me what acts or omissions

18   by Marilyn Del Bosque Gilbert, what -- which of those

19   acts or omissions you contend was intentional

20   infliction of emotional distress?

21               MR. PRUNEDA:  Objection, form.

22       A.   I can't answer that.

23       Q.   (BY MR. BURNS)  Okay.  Can you tell me how

24   Randy Dunn has intentionally inflicted emotional

25   distress on you?

1      A.     He made a statement in a Mexican newspaper

2   that -- his -- I'm trying to see how I can rephrase

3   it in English.

4      Q.     If I could interrupt just a second.  Could

5   you tell us the name of the paper?

6      A.     El Bravo.

7      Q.     Bravo?  B-R-A-V-O?

8      A.     B-R-A-V-O.

9      Q.     El Bravo.  Okay.

10      A.     Uh-huh.

11      Q.     And I'm sorry.  I interrupted you there.

12   What -- You were going to tell us what the statement

13   was, if you could recall how to state it in English.

14      A.     That -- if I recall -- recall it, was that

15   he was going to reassign Mr. Gonzalez and myself

16   and -- and the other secretary there with

17   Mr. Gonzalez.

18      Q.     Now, you said "he."  Are you saying Mr. Dunn

19   said that he himself was going to reassign you?

20      A.     Yes.

21      Q.     Okay.  Is it your understanding that

22   trustees, or even the board of trustees acting

23   together, can reassign an employee?  Are they -- Do

24   they have that power?

25      A.     No.

1    Q.    Okay.  So did -- And did you know that they

2    did not have that power at the time you read the

3    article?

4    A.    Yes.

5    Q.    Okay.  Why would that be -- if you knew he

6    could not come through on this -- on this threat, why

7    do you consider that to be emotionally distressing?

8    A.    The mere fact all he had to do was tell the

9    superintendent and the superintendent would see to it

10   that I would be reassigned.

11   Q.    Okay.  What -- On what do you base that

12   statement, that -- that Mr. Dunn had sufficient

13   control over the superintendent that he would

14   reassign persons upon Mr. Dunn's request?

15   A.    I can't --

16   Q.    You -- you don't know if there is a

17   connection between the two --

18   A.    No.

19   Q.    -- That would -- that would allow Mr. Dunn

20   to make that request and have it acted on?

21   A.    No.

22   Q.    Okay.

23        (Mr. De Los Santos and Mr. Burns

24        confer.)

25   Q.    (BY MR. BURNS)  Can you tell me what, if

1    any, acts Eddie Erri- -- Errisuriz has done that

2    would constitute emo- -- intentional infliction of

3    emotional distress to you?

4        A.    He would just -- He would act upon what --

5    whatever the superintendent would ask of him.

6        Q.    What -- what actions did -- did Eddie take

7    that you -- you think were at the superintendent's

8    request that -- that caused emotional distress for

9    you?

10       A.    I can't answer that.

11       Q.    Okay.  And Doctor Sauceda, what acts or

12   omissions do you attribute to Doctor Sauceda that

13   constituted intentional infliction of emotional

14   distress?

15       A.    By the mere fact that he reassigned me.

16       Q.    Okay.  Do you believe that he reassigned you

17   specifically to cause you emotional distress?

18       A.    Yes.

19       Q.    Okay.  Is this just a belief on your part,

20   or do you have any -- any documentation or any

21   evidence that that is the case?

22       A.    That is my belief.

23       Q.    Okay.  Anything that we could look to to

24   substantiate that belief?

25       A.    No.  It's just hearsay.