

# WALSH, ANDERSON, BROWN, SCHULZE & ALDRIDGE, P.C.
## ATTORNEYS AT LAW
AUSTIN • SAN ANTONIO • IRVING

April 17, 2003

United States District Court
Southern District of Texas
FILED

APR 21 2003

Michael N. Milby
Clerk of Court

Hon. Andrew S. Hanen
Judge, U. S. District Court
U.S. District Courthouse
Southern District of Texas-Brownsville Division
1158 Federal Building
600 E. Harrison, 1st Floor
Brownsville, Texas 78520

*Via Federal Express*
*Tracking No. 7922 3151 7541*

Re: Civil Action No. B-02-184, *Norma Ortiz, et al vs. Brownsville Indep. Sch. Dist., et al*, in the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Judge Hanen:

This letter brief is filed in response to your request to inform this Court of the parties opinions regarding the following options as they relate to the individuals that the Plaintiffs are attempting to bring into the above-referenced action:

a. Proceed in federal court with all parties, perhaps arguing the state motion for summary judgment anew, including newly raised claims.
b. Consider the state judgment final.
c. Sever the cases and remand the individuals to state court for further proceedings.
d. Consider defendant's motion to strike filed in the state court.

The Court has also asked us to bring forward any other options for consideration.

With this in mind, to assure that judicial economy is promoted and the rights of the parties are protected, the School District maintains that this Court should consider the individuals' Motion to Strike anew. The remaining options listed above will, in essence, reward the Plaintiffs' "eleventh hour" tactics in the underlying state court proceedings and will be a terrible waste of judicial resources. As noted in the Letter Brief previously filed by the School District, Plaintiffs had, until one week before the hearing on Defendants' Dispositive Motions, scrupulously avoided any inference that Plaintiffs intended to pursue any federal claims and expressly denied any intent to do so.

Honorable Andrew S. Hanen
April 17, 2003
Page 2

The Court certainly has the authority to review the Motion to Strike filed by the individuals and the Plaintiffs respective Motion anew. As this Court is aware, interlocutory state court orders are kept in force upon removal of a case to federal court by 28 U.S.C. § 1450, which in pertinent part states:

> Whenever any action is removed from a state court to a district court of the United States ...[a]ll injunctions, orders, and other proceedings had in such action shall remain in full force and effect until dissolved or modified by the district court.

In *Granny Goose Foods*, the Supreme Court interpreted section 1450 to give interlocutory state court orders no greater "force and effect" than they would have obtained had the case remained in state court. 415 U.S. at 436-37, 94 S.Ct. at 1122-23. By ensuring these orders do not lapse upon removal, the statute facilitates the federal court's taking the case up **"where the state court left it off."** *Id.* at 437, 94 S.Ct. at 1123 (quoting *Duncan v. Gegan*, 101 U.S. (11 Otto) 810, 812, 25 L.Ed. 875 (1882)) (emphasis added). In short, the federal court accepts the case in its current posture "as though everything done in state court had in fact been done in the federal court." *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937) (construing *Duncan v. Gegan*).

In that vein, it is clear that on September 12, 2002, the 357th District Court entered its Order dismissing all claims against Defendants Sauceda, Dunn and Errisuriz on the basis of both the "Standard" Motion for Summary Judgment and the "No Evidence" Motion for Summary Judgment. Any uncertainty in the record from the state district court can be resolved at this time by addressing this limited issue, the Individuals' Motion to Strike and Plaintiffs Response thereto. Consequently, the School District prays that Plaintiffs' **Third** Amended Original Petition be stricken in its entirety as to said individuals. It is clear from the Individuals' Motion to Strike that Plaintiffs' Third Amended Petition constitutes unfair and unwarranted surprise and demonstrates lack of diligence on the part of the Plaintiffs as the Petition had been filed at the "eleventh hour" clearly as a means of avoiding the merits of Defendants' Motions for Summary Judgment. *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311 (5th Cir. 1996)[1]. Plaintiffs simply cannot rebut these assertions and the evidence provided by the individuals in support of their Motion to Strike.

Alternatively, the School District and the Plaintiffs have had adequate time to conduct discovery (more than one year). To the extent the Court would like to entertain other viable options, we note that mediation is generally required in civil cases prior to trial. We believe that this case

---

[1] It is important to note that regardless of whether the federal court uses state or federal civil procedure to address the Individuals' Motion to Strike and Plaintiffs' Response thereto, the respective standards both apply an abuse of discretion standard. *Foman v Davis*, 371 U.S. 178, 182 (1962); *Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.*, 844 S.W.2d 664, 655 (Tex. 1992).

Honorable Andrew S. Hanen
April 17, 2003
Page 3

is ripe for mediation and that successful mediation would obviate any need for action by this Court, other than a referral. Furthermore, to avoid additional costs being incurred, the School District asks that all proceedings be stayed and require that mediation occur within thirty to forty-five days of the Court's referral. To expedite the process, we are requesting that the Court select the mediator for the parties.

    Thank you for your consideration of these matters. If additional information or briefing would be of assistance, please do not hesitate to contact me.

Sincerely,

Joe A. De Los Santos
Attorney-in-Charge
State Bar No. 24007100
Admission No. 24370

ATTORNEYS FOR DEFENDANT
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT

cc:    Mr. Michael Pruneda                               *Via Facsimile Only*
       The Pruneda Law Firm, P.L.L.C                      *956/702-9659*
       P.O. Box T
       944 West Nolana Loop, Ste. B
       Pharr, Texas 78577