IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NORMA ORTIZ and CATALINA GARCIA § § Plaintiffs § § vs. § BROWNSVILLE INDEPENDENT § SCHOOL DISTRICT, RANDY DUNN, § NOE SAUCEDA, and EDDIE ERRISURIZ, § in their official and individual capacity, and § employees, agents, and all those acting in § concert or at their discretion § § Defendants § | CIVIL ACTION NO. B-02-184 |

## MOTION TO STRIKE

COMES NOW, the BROWNSVILLE INDEPENDENT SCHOOL DISTRICT (hereinafter, "the School District" or "the BISD") in the above-styled and numbered cause, and files its Motion to Strike and would show the Court the following:

### I.
### STATUS OF THE CASE

1. On or about June 30, 2003, the parties requested that the Court abate the current deadlines set in the Court's January 24, 2003 Scheduling Order pending the outcome of mediation. The parties would report to the Court the outcome of the mediation and, if necessary, request that the Court enter a new Scheduling Order concerning discovery deadlines, dispositive and non-dispositive deadlines, and pretrial and trial deadlines. On or about July 10, 2003, this Court entered an Order granting the

parties Agreed Motion for Mediation and Abatement of Scheduling Order pending the results of mediation. On July 22, 2003, the parties met to mediate the above-referenced matter and were unsuccessful in resolving the same.

2. On August 11, 2003, the Plaintiffs filed with the Court a letter requesting that the Court reissue a scheduling order so that the case may proceed with discovery and any other litigation matters. The School District now files this its Motion to Strike Plaintiffs' Third Amended Petition to clarify the status of the claims against Messr's Sauceda, Dunn, and Errisuriz in the above-referenced matter. This Motion is not being filed for the purpose of delay or harassment; instead, this Motion is being filed in the interest of judicial economy, and in order to avoid confusion and unfair prejudice to the Defendant Brownsville Independent School District and the individuals. Consequently, the School District requests that a new Scheduling Order not be entered *until* after the Court has determined the status of the claims against the individuals via the School District's Motion to Strike.

## II.
## PROCEDURAL BACKGROUND

1. By way of background, this action was commenced on January 11, 2002, in the 357th Judicial District Court of Cameron County, Texas, as Cause No.2002-01-153-E. (*See* Plaintiffs' Original Petition). Plaintiffs Ortiz and Garcia sued the Brownsville Independent School District, board members, Randy Dunn and Marilyn Del Bosque-Gilbert, and administrators Superintendent Noe Sauceda and Area Superintendent of Human Resources, Eddie Errisuriz, for alleged violations of their civil rights under Article 1, Section 8 of the Texas Constitution. Plaintiffs specifically alleged

that the Defendants retaliated against Plaintiffs based on their political speech, associations and/or affiliations. On June 26, 2002, Plaintiffs filed an Amended Petition to add two causes of action: Intentional Infliction of Emotional Distress and Invasion of Privacy against the individual Defendants. (*See* Plaintiff First Amended Original Petition). The Defendants timely filed an answer categorically denying all of Plaintiffs' allegations.

2.      On or about July 16, 2002, Defendants filed both Standard and No-evidence Motions for Summary Judgment which were scheduled to be heard on August 22, 2002 at 9:00 a.m. (Defendants' Motions for Summary Judgment). Plaintiff subsequently filed a Motion to Continue on July 19, 2002, requesting <u>more time to conduct discovery</u> and the Court granted said Motion and rescheduled said Summary Judgment hearing for September 3, 2002.

3.      On August 27, 2002, the last possible day to file an amended pleading before the summary judgment hearing without leave of court, Plaintiffs filed their Third Amended Petition. <u>This pleading asserted federal claims for the first time in the state case</u>. Defendants were served with a copy of this document by mail and did not receive the document until the day of the hearing. As the Court is aware from reviewing the remand issue, the individual Defendants went forward with their Motions on September 3, asserting both a lack of evidence to support Plaintiffs' claims and asserting that the pleadings failed to state a viable cause of action.

4.      On September 3, 2003, the individuals filed their Motion to Strike Plaintiffs' Third Amended Petition on grounds that said Petition constitutes unfair and unwarranted surprise in this matter. (*See* BISD's Letter Brief filed with the Court on March 6, 2003).

5. On September 12, 2002, the 357th District Court entered its Order dismissing all claims against Sauceda, Dunn and Errisuriz on the basis of both the "Standard" Motion for Summary Judgment and the "No Evidence" Motion for Summary Judgment (as to both state constitutional and state tort claims). (*See* BISD's Letter Brief filed with the Court on March 6, 2003). <u>Plaintiffs did not file a response to Defendants' Motion to Strike until September 16, 2002, four days after entry of judgment.</u> (*See* BISD's Letter Brief filed with the Court on March 6, 2003).

6. On February 14, 2003, Plaintiffs filed a letter brief in response to the Court's request for information regarding the status of claims against the above-named individuals in this federal lawsuit. (*See* Plaintiffs' Letter Brief). The Brownsville Independent School District timely filed its response thereto. (*See* BISD's Letter Brief filed with the Court on March 6, 2003, with attachments).

## III.
## ARGUMENTS AND APPLICATION

**A.   Authority to Consider Motion To Strike Plaintiffs' Third Amended Complaint**

1. This Court, under the principles of "law of the case," should decline to disturb the Orders disposing of *all claims* against the three individual defendants. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988); *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986). As the United States Supreme Court has explained, by providing that the state court proceedings are effective in federal court, judicial economy is promoted and the rights of the parties are protected. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 435-436 (1974). Plaintiffs have had sufficient opportunity to assert their claims against Noe Sauceda, Randy Dunn and Eddie Errisuriz. Plaintiffs' state law

claims against these individuals have been found lacking in any basis in fact or law and have been dismissed accordingly.

2.   In that vein, however, it is also clear that on September 3, 2003, Defendants filed their Motion to Strike Plaintiffs' Third Amended Petition on grounds that said Petition constitutes unfair and unwarranted surprise in this matter. The 357th District Court could have left the litigants with a clearer record, in that the state court did not by specific order grant or deny Defendants' Motion to Strike. However, any uncertainty in the record from the state district court can be resolved by this Court at this time by addressing this limited issue, the Individuals' Motion to Strike and Plaintiffs Response thereto.

3.   This Court has the authority to review the Motion to Strike filed by the individuals and any response by the Plaintiffs in the state court proceeding as if the individuals Motion to Strike was filed in the current federal proceeding. As this Court is aware, interlocutory state court orders are kept in force upon removal of a case to federal court by 28 U.S.C. § 1450, which in pertinent part states:

> Whenever any action is removed from a state court to a district court of the United States ...[a]ll injunctions, orders, and other proceedings had in such action shall remain in full force and effect until dissolved or modified by the district court.

In *Granny Goose Foods*, the Supreme Court interpreted section 1450 to give interlocutory state court orders no greater "force and effect" than they would have obtained had the case remained in state court. 415 U.S. at 436-37, 94 S.Ct. at 1122-23. By ensuring these orders do not lapse upon removal, the statute facilitates the federal court's taking the case up *"where the state court left it off."* *Id.* at

437, 94 S.Ct. at 1123 (quoting *Duncan v. Gegan*, 101 U.S. (11 Otto) 810, 812, 25 L.Ed. 875 (1879)) (emphasis added). However, it is equally clear that whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. §1450 into orders of the federal district court to which the action is removed and remain subject to reconsideration just as it had been prior to removal. *General Investment Co. v. Lake Shore & Michigan Southern Ry.*, 260 U.S. 261 (1922), *See also, Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937) (construing *Duncan v. Gegan*).

**B.     Plaintiffs' Last-Minute Amendment**

1.     With this in mind, the general rule is that once a state court action is removed, it is governed by federal, not state procedural rules[1].   *McIntyre*, 794 F.2d at 1025.  In light of the foregoing, Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course; after that amendment, a party must request leave of court to file an amended pleading. *See Crim v. State Bd. of Educ. Of Cairo Sch. Dist. No. 1*, 147 F.3d 535, 547-48 (7th Cir. 1998).  The rule states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court, however, has stated that leave to amend need not be given if there is an apparent reason not to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

---

[1] The District's Motion to Strike is supported under both state and/or federal standards.  Under Texas procedure, while a party does not need to seek leave to file an amended pleading seven days before trial, the right to do so is by no means unlimited where the amendment constitutes surprise and/or prejudice. *See,* Tex. R. Civ. P. 70 [permitting courts to assess costs associated surprise pleadings and to "make such other order with respect thereto as may be just."]; TEX. R. CIV. P. 63; TEX. R. CIV. P. 66. *See also, Stevenson v. Koutzarov*, 795 S.W.2d 313, 321 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (pretrial amendment adding causes of action should have been struck because it was not based on newly discovered matters).

to the opposing party by virtue of allowance of the amendment, [or] futility[2] of amendment." *Forman v. Davis*, 371 U.S. 178, 182, (1962).

2. In the instant case, the School District would show that Plaintiffs' Third Amended Original Petition constitutes unfair and unwarranted surprise in this matter, and has been filed at the "eleventh hour" as a means of avoiding the merits of Defendants' Motions for Summary Judgment. As noted above, Plaintiffs had, until one week before the hearing on Defendants' Motions, scrupulously avoided any inference that Plaintiffs intended to pursue any federal claim, and has expressly denied any intent to do so in his Original and Amended Petition. It is important to make clear that the District and the individuals conducted plaintiffs' depositions and voluminous discovery without the benefit of any pleadings asserting federal claims, and, therefore, with no reason for Defendants in the state proceeding to seek deposition testimony or other discovery with which to challenge such claims in the state summary judgment proceedings. Plaintiffs do not assert and cannot show that these new claims are based on newly discovered information and, consequently, it defies credibility that the timing of Plaintiffs' "change of heart" regarding federal causes of action and other new theories of liability is coincidental. (*See* BISD's Letter Brief filed with the Court on March 6, 2003, with attachments).

3. Consequently, the School District prays that Plaintiffs' Third Amended Original Petition

---

[2]The Texas Supreme Court has determined on several occasions that the Texas Bill of Rights affords protection that is equal or greater than provided by the United States Constitution. *See, e.g., LeCroy v. Hanlon*, 713 S.W. 2d 335, 338 (Tex. 1986). It is clear that the 357th District Court reviewed and analyzed Plaintiffs' Texas Constitutional claims and dismissed these claims with prejudice as to each individual. In light of the foregoing, the individuals maintain that Plaintiffs' Third Amended Original Petition is futile and, certainly, at least to Plaintiff's free speech and associated claims under both state and federal constitutional law. Moreover, the District has provided copies of the Plaintiffs' Motion for Continuance and the Defendants' Response thereto in the state proceeding to illustrate the amount of discovery conducted in the state action and the level of evidence provided by the respective Plaintiffs to support their "claims."

*Motion to Strike*
*Civil Action No. B-02-184*
*Page 7 of 9*

be stricken in its entirety as to said individuals. It is clear from the Motion to Strike that Plaintiffs' Third Amended Petition constitutes unfair and unwarranted surprise and demonstrates lack of diligence on the part of the Plaintiffs as the Petition had been filed at the "eleventh hour" clearly as a means of avoiding the merits of Defendants' Motions for Summary Judgment. *See, e.g., Matter of Southmark Corp.*, 88 F.3d 311 (5th Cir. 1996)[3]. Plaintiffs simply cannot rebut these assertions and the evidence provided by the individuals in support of their Motion to Strike in the state proceeding. Consequently, the School District requests that a new Scheduling Order not be entered *until* after the Court has determined the status of the claims against the individuals via the School District's Motion to Strike.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
SCHULZE & ALDRIDGE, P.C.
70 NE Loop 410, Suite 800
San Antonio, Texas 78216
TEL NO. (210) 979-6633
FAX NO. (210) 979-7024

By: _____
JOE A. DE LOS SANTOS
State Bar No. 24007100

ATTORNEY FOR DEFENDANTS
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT, ET. AL.

---

[3] It is important to note that regardless of whether the federal court uses state or federal civil procedure to address the Individuals' Motion to Strike and Plaintiffs' Response thereto, the respective standards both apply an abuse of discretion standard in reviewing such Motion. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.*, 844 S.W.2d 664, 655 (Tex. 1992).

*Motion to Strike*
*Civil Action No. B-02-184*
*Page 8 of 9*

## CERTIFICATE OF CONFERENCE

On August 14, 2003, the Attorney of Record for the Brownsville Independent School District attempted to confer with Plaintiffs' counsel regarding said Motion and was unable to reach counsel. However, the undersigned anticipates that Plaintiffs' counsel will oppose said Motion.

JOE A. DE LOS SANTOS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Strike has been served via certified mail on this 15th day of August, 2003:

Michael Pruneda        **Certified Mail Return Receipt: 7002 3150 0005 7464 6156**
The Pruenda Law Firm, P.L.L.C
P.O. Box T
Pharr, Texas 78577

JOE A. DE LOS SANTOS

*Motion to Strike*
*Civil Action No. B-02-184*
*Page 9 of 9*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NORMA ORTIZ and CATALINA GARCIA § § Plaintiffs § § vs. § § BROWNSVILLE INDEPENDENT § SCHOOL DISTRICT, RANDY DUNN, § NOE SAUCEDA, and EDDIE ERRISURIZ, § in their official and individual capacity, and § employees, agents, and all those acting in § concert or at their discretion § § - Defendants § | CIVIL ACTION NO. B-02-184 |

## ORDER

On this day came on to be considered Defendants BISD's Motion to Strike Plaintiff's Third Amended Original Petition as to Randy Dunn, Noe Sauceda, and Eddie Errisuriz. The Court, having reviewed and considered the said Motion, and responses thereto, if any, is of the opinion that the motion is meritorious and should be GRANTED.

IT THEREFORE ORDERED, that Plaintiffs' Third Amendecd Original Petition be and hereby is stricken as to any claims raised by Plaintiffs in said Petition against Randy Dunn, Noe Sauceda, and Eddie Errisuriz.

SIGNED this ___ day of _____, 2003.

_____
JUDGE PRESIDING